KATE WELLS, SB# 107051
2600 Fresno Street
Santa Cruz, California 95062
Telephone: (831) 479-4475
Facsimile: (831) 479-4476
Email Address: lioness@got.net

DAVID K. MEYBERG, SB# 236636
223 Walnut Avenue, Suite D
Santa Cruz, California 95060
Telephone: (831) 469-4509
Facsimile: (831) 469-4509
Email Address: david_meyberg@hotmail.com

Attorney for Plaintiffs, DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL, ALIJAH K. CROWELL, DAVID M. AVARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E-FILING CASE

| | |
|---|---|
| DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL; ALIJAH K. CROWELL; DAVID M. AVARY;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER JOHN ALEXIOU; DANETTEE SHOEMAKER; CAROL SCURICH; JOHN BARISONE; ED GUZMAN, individually and dba CLUB ED; and DOES ONE THROUGH TEN,<br><br>Defendants. | CASE NO. C07 02523 RS<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; ASSAULT; INTENTIONAL AND NEGLIGENT INTERFERENCE WITH CONTRACT/ PROSPECTIVE ECONOMIC ADVANTAGE; MALICIOUS PROSECUTION; ABUSE OF PROCESS; DEFAMATION/TRADE LIBEL; UNFAIR BUSINESS PRACTICES; CONSPIRACY<br>DEMAND FOR JURY TRIAL |

Plaintiffs, DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL, ALIJAH K. CROWELL, DAVID M. AVARY, hereby allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988) and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Article X of the California State Constitution. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3)

COMPLAINT FOR DAMAGES                                                                                        1

1343(4), 2201, and 2202. This court has pendent jurisdiction over the claims made under state law.

2. Venue is proper in the Northern District of California, San Jose Division pursuant to 28 U.S.C. § 1391, in that the subject matter of this action arose in this district, all defendants are subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

## PARTIES

3. Plaintiffs DYLAN GREINER (hereinafter "GREINER"), individually and dba SANTA CRUZ SURF SCHOOL (hereinafter "SCSS"), ALIJAH K. CROWELL (hereinafter "CROWELL"), and DAVID M. AVARY (hereinafter "AVARY") are, and at all relevant times herein were, residents of the County of Santa Cruz, State of California.

4. Defendant CITY OF SANTA CRUZ (hereinafter "CITY") is a political subdivision of the State of California.

5. Defendants Lifeguard JOHN ALEXIOU (hereinafter "ALEXIOU"), Director of Parks and Recreation DANETTEE SHOEMAKER (hereinafter "SHOEMAKER"), Recreation Superintendent CAROL SCURICH (hereinafter "SCURICH"), city attorney JOHN BARISONE (hereinafter "BARISONE") and DOES ONE through TEN were, in performing the acts alleged herein, agents of the CITY employed by the CITY and/or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, defendants acted under color of state law and the statutes, ordinances, regulations, customs and usages of the CITY, and pursuant to the official policy, custom and practice of CITY. The defendants are charged with carrying out and enforcing state and local laws and additionally charged with knowledge and protection of citizens' constitutional rights while carrying out and enforcing such laws.

6. Defendant ED GUZMAN (hereafter "GUZMAN") owns and runs a surf school at Cowell's beach in Santa Cruz called CLUB ED. He and/or his business have a

COMPLAINT FOR DAMAGES                                                           2

special relationship with the CITY and although the precise terms of the relationship are unknown to plaintiffs, he and/or his business enjoy special privileges not available to the plaintiffs herein. Plaintiffs allege that GUZMAN conspired with, urged and encouraged the CITY to carry out the unlawful actions taken against the plaintiffs whose business was and is in direct competition with CLUB ED.

7. The names and capacities of Defendants DOES 1 through 10 are unknown to the Plaintiffs. Each of these fictitiously named parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by Plaintiffs. Plaintiffs will amend this complaint to add the names and capacities of such defendants when ascertained.

## FACTS COMMON TO ALL CLAIMS

8. Beginning in or about June, 2005, defendant ALEXIOU repeatedly and publically harassed plaintiffs who were engaged in providing surf lessons to individuals in the ocean off of a public beach commonly referred to as Cowell's beach in the CITY. Plaintiffs at all times were properly licensed by the CITY and insured to carry out the aforementioned business. Such harassment consisted of, but was not limited to, demanding payment for access across the beach to the ocean, denial of access to the beach, threats of citation, citation, and by the creation of arbitrary and undefined areas of the beach and the water that could not be used by plaintiffs' students. Plaintiffs counted 45 incidents of such harassment beginning in June 2005.

9. The CITY has an agreement with, and licenses, a surf school, "CLUB ED," to provide surf lessons to the public at Cowell's Beach - said school directly competes with the plaintiffs' business. Plaintiffs are informed and believe and allege thereon that GUZMAN and CLUB ED solicited, encouraged and conspired with the CITY and its agents to unlawfully harass the plaintiffs and thereby eliminate his business competition.

10. Due to the ongoing harassment, Plaintiffs were forced to hire legal counsel to represent them in this matter. On September 7, 2005, plaintiffs' counsel submitted a formal written complaint to DANATTEE demanding that the harassing and

discriminatory conduct cease. Plaintiffs' counsel additionally requested legal authority for the CITY's fee demand and SCURICH wrote back alleging that the fees were required by Santa Cruz Municipal Code (SCMC) Section 13.10.010.[1]

11. Plaintiffs did not conduct any sale on the beach at any time - they engaged in no transaction, entered into no contract, nor did they bargain with or market any services or exchange currency or anything of value with any customer or client on the beach.

12. Shortly after the formal complaint was lodged by plaintiffs, on September 22, 2005, ALEXIOU issued a citation against CROWELL for an infraction violation of SCMC §13.10.010 for performing surfing lessons in the water. Thereafter, ALEXIOU issued a citation to GREINER on April 11, 2006. Said citations were issued to plaintiffs in public and in plain view of plaintiffs' students.

13. The CITY unreasonably delayed in submitting the citations to the court for prosecution. Plaintiffs, anxious to prove their innocense and to stop the harassment, made repeated demands to BARISONE through their counsel and the CITY finally brought the cases to court where, after a trial in the CROWELL case, the traffic commissioner found him guilty of violating the previously cited municipal code section. CROWELL appealed the ruling and on August 17, 2006, the appellate panel reversed the decision and cautioned the city attorney present at the hearing that if the CITY continued to issue citations under these circumstances it would be unlawful. Thereafter, the CITY voluntarily dismissed the case against GREINER which had already been set for trial.

14. The CITY's agents (ALEXIOU and other lifeguards) continued to verbally threaten and harass plaintiffs in front of their customers and others throughout the court proceedings.

15. After suffering such repeated harassment, AVARY submitted his

---

[1] SCMC § 13.10.010: "No person shall sell any goods, food, beverages or any other thing in any public park or on any public beach under the jurisdiction of the department of parks and recreation, unless authorized by permit issued pursuant to this chapter and unless in conformity with the terms and conditions of such permit."

COMPLAINT FOR DAMAGES                                                   4

resignation to SCSS and began working for a competitor of SCSS who frequented another surf break where beach access and threats of citation were not a daily hassle.

16. CITY has acted repeatedly to protect, conspire with, and give preferential treatment to GUZMAN's business known as CLUB ED and to discriminate against CLUB ED's competitors including the plaintiffs herein. Such acts include, but are not limited to, including advertisements for CLUB ED in the CITY's Parks and Recreation Guide which is made available to the public,[2] by ongoing and continued harassment and threats, by issuing citations, by refusing to rent a vacant kiosk on the CITY's wharf to plaintiffs because it would compete with CLUB ED, and by allowing CLUB ED to drive a vehicle on the beach with their equipment and refusing such accommodation to plaintiffs. While plaintiffs are unaware of the exact relationship between GUZMAN, CLUB ED and the CITY, counsel for plaintiffs submitted a written request on September 30, 2006, for documentation evidencing the terms and conditions of any license that exists between the CITY and CLUB ED and GUZMAN. Thus far, the CITY has refused to honor the request. Plaintiffs are informed and believe and allege thereon that there is no competitive process by which plaintiffs could apply or qualify for the privileges extended to GUZMAN and CLUB ED by the CITY.

17. On April 10, 2007, the CITY passed an ordinance repealing SCMC §13.10.010 and replaced it with the following:

13.10.010 - COMMERCIAL ENTERPRISES AND SALES IN PUBLIC PARKS AND BEACHES.

> In City parks and on City beaches, including all waters for which the City has law enforcement authority, jurisdiction and lifeguarding responsibility, no person shall solicit, sell, hawk, or peddle any goods, wares, merchandise, services, liquids, or edibles for human consumption, except as permitted by the City. This prohibition includes sales activities that utilize park and beach property or facilities to complete the terms of sale or provide a service as a result of the sale or that affect park or beach operations, facility use or visitor safety. **This prohibition**

---

[2] When plaintiffs asked to pay to have a similar advertisement in the Recreation Guide, the CITY denied their request.

COMPLAINT FOR DAMAGES                                                                 5

**also includes sales activities which encroach on the sales rights of a vendor authorized to sell such products or services pursuant to a concession contract with the City.**[3] (Emphasis added)

18. Pursuant to the new ordinance, plaintiffs, in order to cross the public beach to teach surfing in the ocean are required to among other things: 1) pay an additional $500 (over and above the normal business license fees); 2) purchase and maintain insurance (which plaintiffs already have); 3) have their students wear brightly colored shirts as designated by the CITY; 4) limit the number of students per instructor; 5) limit the total number of students in the water; and 6) use certain designated surfboards. The requirements are entirely under the control and unfettered discretion of SCURICH and SHOEMAKER. Additionally, the new ordinance purports to specifically protect CLUB ED from competition and exempts CLUB ED from the requirements listed above.

19. As a proximate result of the acts of defendants as alleged, plaintiffs have suffered damages including but not limited to loss of income and business, harm to and loss of reputation, increased outlay of expenses, embarrassment, attorney's fees, and physical and emotional injuries. Plaintiffs are informed and believe and thereon allege that these injuries will result in some permanent disability to them. As a result of these injuries, plaintiffs have suffered general damages in amounts not yet ascertained.

20. As a further proximate result of defendants' actions, plaintiff's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

21. The aforementioned acts of defendants were willful and malicious or performed with a reckless disregard for the safety of plaintiffs and were intended to oppress and cause injury to plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages against the defendant officers.

22. Plaintiffs filed a timely claim against the CITY on October 5, 2006, and said claim was denied by the CITY on November 14, 2006.

///

---

[3] The only relevant concession contract is with CLUB ED.

COMPLAINT FOR DAMAGES                                                                   6

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CONSTITUTIONAL RIGHTS

### (First Amendment- U.S. Constitution)

23. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 though 22 above.

24. Defendants issued the citations against plaintiffs in retaliation for their having filed formal written complaints against the CITY and its agents and such retaliation is in violation of the First Amendment rights of the plaintiffs.

25. Furthermore, as a direct and proximate result of defendants' actions (as described in detail under factual allegations), plaintiffs were deprived of their First Amendment Rights to freedom of expressive association in that defendants harassed, retaliated, and discriminated against plaintiffs for their political activity on behalf of the surfing community and further harassed, retaliated and discriminated against plaintiff for petitioning the government for redress of their grievances.

26. As a further direct and proximate result of defendants' unlawful actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business, severe emotional distress causing physical damage, entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys' fees incurred in pursuing these claims.

27. The unlawful actions of the individual defendants were intentional and malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are entitled to punitive damages against the individual defendants according to proof at trial.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CONSTITUTIONAL RIGHTS

### (Fourth Amendment - U.S. Constitution)

28. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 27 above.

29. As a direct and proximate result of defendants' unlawful actions (as

COMPLAINT FOR DAMAGES 7

described in detail under factual allegations) plaintiffs have been deprived of their Fourth Amendment right to be free from unlawful unreasonable and discriminatory harassment, and seizure.

30. The revised ordinance (as described in detail under factual allegations) is unconstitutionally vague and ambiguous and does not give persons of ordinary intelligence, including plaintiffs herein, reasonable notice as to how to follow the law and is unreasonably restrictive and burdensome.

31. As a further direct and proximate result of defendants' unlawful actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business, severe emotional distress causing physical damage, entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys' fees incurred in pursuing these claims.

32. The unlawful actions of the individual defendants were intentional and malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are entitled to punitive damages against the individual defendants according to proof at trial.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF CONSTITUTIONAL RIGHTS
### (Fifth/Fourteenth Amendment Due Process - U.S. Constitution)

33. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 32 above.

34. Plaintiffs allege that the defendants have, through their continual intimidation, harassment and their issuance of citations as delineated above, arbitrarily and unreasonably limited plaintiffs' constitutional right to pursue their occupation in violation of plaintiffs' right to due process. Furthermore, the CITY's monopoly of a public resource regulated in favor of its business partner, CLUB ED, violates defendants' right to due process under the Fourteenth Amendment

35. As a further direct and proximate result of defendants' unlawful actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business,

COMPLAINT FOR DAMAGES                                                                 8

1  severe emotional distress causing physical damage, entitling them to compensation under
2  42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys' fees incurred
3  in pursuing these claims.

4      36.    The unlawful actions of the individual defendants were intentional and
5  malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are
6  entitled to punitive damages against the individual defendants according to proof at trial.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CONSTITUTIONAL RIGHTS
### (Article X - California Constitution)

10      37.    Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1
11  through 36 above.

12      38.    Plaintiffs allege that defendants' conduct as delineated above violated
13  plaintiffs' rights under the California Constitution, Article Ten, Section 3 and Section 4
14  by obstructing plaintiffs' access to the navigable waters. Plaintiffs allege that
15  defendants' conduct has violated An Act for the Admission of the State of California into
16  the Union, Section 3, by arbitrarily charging plaintiffs a fee to access the navigable
17  waters.

18      39.    As a direct and proximate result of defendants' conduct, plaintiffs have
19  suffered monetary damages including loss of business, attorney's fees and harm to their
20  reputation.

21      40.    The unlawful actions of the individual defendants were intentional and
22  malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are
23  entitled to punitive damages against the individual defendants according to proof at trial.

### FIFTH CLAIM FOR RELIEF
### (Intentional and Negligent Infliction of Emotional Distress)

26      41.    Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1
27  through 40 above.

28      42.    Defendants' conduct as described herein was not only outrageous it was

intentional and malicious, or at the least grossly negligent, exhibiting a reckless disregard for plaintiffs' rights, causing plaintiffs to suffer humiliation, mental anguish, stress and emotional and physical distress and plaintiffs were injured in mind and body all to their damage in amounts according to proof. Defendants owed a duty to plaintiffs not to cause the harm as herein alleged. Defendants breached said duty causing harm to the plaintiffs.

43. As a direct and proximate result of defendants' actions, plaintiffs have suffered emotional and physical distress including but not limited to headaches, nightmares, loss of appetite, stomach aches, and loss of sleep.

44. By reason of the aforementioned abusive acts of defendants, plaintiffs were prevented from attending to their usual business and thereby lost earnings and revenues in amounts not yet ascertained. Plaintiffs are informed and believe and thereon allege that they will be deprived from attending to their usual business for a period in the future which cannot yet be ascertained, and will thereby sustain further loss of earning in amounts according to proof.

45. The aforementioned acts of defendants were wilful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages in amounts according to proof at trial.

### SIXTH CLAIM FOR RELIEF

### (Assault)

46. Plaintiffs refer to and incorporate herein Paragraphs 1 through 45 above.

47. In performing the threatening acts as alleged above, defendants intended to cause or to place plaintiffs in apprehension of a harmful and offensive contact with their persons.

49. As a result of defendants' acts as alleged above, plaintiffs were, in fact, placed in great apprehension of a harmful an offensive contact with their persons.

50. As a further direct and proximate result of defendants' unlawful actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business,

severe emotional distress causing physical damage, entitling them to compensation according to proof.

51. The unlawful actions of the individual defendants were intentional and malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are entitled to punitive damages against the individual defendants according to proof at trial.

### SEVENTH CLAIM FOR RELIEF
### (Intentional and Negligent Interference with Contract and Prospective Economic Advantage)

52. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 51 above.

53. Defendants were aware of the contractual relations between plaintiffs and their students and additionally knew of the probability of economic benefit to the plaintiffs arising from said contractual relations. Defendants acted intentionally to disrupt the relationship between plaintiffs and their clients causing an actual disruption resulting in economic harm to the plaintiffs proximately caused by the actions of the defendants.

54. Defendants were additionally aware that their unlawful actions would disrupt future contractual relations between plaintiffs and their students and additionally knew of the probability of economic benefit to the plaintiffs arising from said contractual relations. Defendants acted intentionally to disrupt the future relationship between plaintiffs and their clients resulting in economic harm to the plaintiffs proximately caused by the actions of the defendants.

55. Defendants owed a duty to plaintiffs not to cause disruption of plaintiffs' contractual relations and/or future contractual relations with their clients. Defendants breached that duty causing economic harm to plaintiffs.

### EIGHTH CLAIM FOR RELIEF
### (Malicious Prosecution)

56. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1

COMPLAINT FOR DAMAGES 11

through 55 above.

57. Defendants' actions in issuing unjustified and improper citations to plaintiff and by prosecuting the groundless criminal claims were malicious and unwarranted by the law. Plaintiffs did not violate the CITY ordinance. There was no sale witnessed, observed or reported to substantiate defendants' claim that a sale occurred on the beach. Defendants prosecuted said action against plaintiffs maliciously, without any probable cause and without any factual support for their allegation of illegal conduct on the part of plaintiffs. Defendants stood to benefit directly from their conduct by discouraging plaintiffs from competition with CLUB ED and by forcing plaintiffs to pay money unnecessarily for walking across the CITY beach in order to access the ocean.

58. The case was terminated in plaintiffs' favor.

59. As a direct and proximate result of defendants' unlawful actions, plaintiffs suffered damages including attorney's fees, loss of business and loss of reputation. As such, plaintiffs are entitled to compensatory and punitive damages according to proof at trial.

## NINTH CLAIM FOR RELIEF

### (Abuse of Process)

60. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 59 above.

61. Defendants' conduct in issuing unjustified and improper citations to plaintiff and prosecuting them in court for motives of economic gain and/or business advantage for CLUB ED constitutes an abuse of the legal process in that it was neither warranted nor authorized by law.

62. Defendants were aware that their unjustified issuance of citations would intimidate, harass and either interrupt or cause plaintiffs' business activities to cease or coerce plaintiffs into paying money unnecessarily to defendants in exchange for access across the beach to the water. Defendants' wrongful issuance of citations and use of the courts to further their ulterior purpose, namely to obtain a collateral advantage over their

COMPLAINT FOR DAMAGES                                                                                   12

competition, constitutes defendants' use of process for a purpose other than that which it was designed to accomplish.

63. As a direct and proximate result of defendants' unlawful abuse of process, plaintiffs suffered damages in amounts according to proof at trial. Defendants' actions were malicious and intended to harm plaintiffs and as such, plaintiffs are entitled to compensatory and punitive damages according to proof at trial.

## TENTH CLAIM FOR RELIEF
### (Defamation/Trade Libel)

64. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 63 above.

65. By defendants' actions in intentionally, or with reckless disregard for the truth, falsely and maliciously issuing citations to plaintiffs on the public beach in full view of the public and plaintiffs' students, defendants falsely and intentionally disparaged the quality of the services of plaintiffs' business. Such disparagement was seen and heard by members of the public and plaintiffs' students and recognized and understood by such individuals as conveying the false conception that plaintiffs were not properly licensed to conduct business and were conducting business in contravention of the law.

66. As a direct and proximate result of defendants' actions in libeling plaintiffs' business, plaintiff suffered loss of reputation, loss of business, embarrassment and other monetary losses.

67. Furthermore, defendants defamed plaintiffs in violation of California Civil Code Section 43 by their actions in issuing citations to plaintiff without any probable cause or legal or factual basis. Said citations were issued in front of members of the public and in front of plaintiffs' students. Members of the public and plaintiff's students heard and understood that defendants' actions constituted attacks on plaintiffs' professional character or standing. As such, the actions of defendants constitute defamation per se.

COMPLAINT FOR DAMAGES                                              13

68. As a proximate result of defendants' violation of Civil Code Section 43, plaintiffs suffered loss of reputation, embarrassment and loss of business and other monetary losses.

### ELEVENTH CLAIM FOR RELIEF

### (Unfair Business Practices)

69. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 68 above.

70. Defendants' actions in using threats and intimidation to protect GUZMAN and CLUB ED from competition by the plaintiffs is a violation of California Business and Professions Code Section 17000 et seq. which is intended to foster and encourage competition by prohibiting unfair dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented.

71. Plaintiffs are entitled to monetary damages according to proof as a direct and proximate result of defendants' unfair business practices.

### DEMAND FOR JURY TRIAL

72. Plaintiffs hereby demand a trial by jury on all of the above causes of action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief as to all Claims for Relief:

A.  A judgment awarding plaintiffs general, special and punitive damages against the individual defendants in amounts according to proof;

B.  A judgment awarding plaintiffs general and special damages against defendant CITY in amounts according to proof;

C.  A judgment awarding plaintiffs' reasonable attorney's fees;

D.  A judgment awarding plaintiffs their costs of suit; and

E.  Such other and further relief as the Court deems proper.

///
///
///

COMPLAINT FOR DAMAGES                                              14

1
2
3
4
5  Dated: 5/10/07

                                                    _____
6
                                                    KATE WELLS
7                                                      Attorney for Plaintiffs, DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL, ALIJAH K. CROWELL, DAVID M. AVARY

8
9
10
11
12
13
14  Dated: May 10, 2007
                                                    _____
15                                                      DAVID K. MEYBERG
                                                    Attorney for Plaintiffs, DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL, ALIJAH K. CROWELL, DAVID M. AVARY
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES                                                                                     15