KATE WELLS, SB# 107051
2600 Fresno Street
Santa Cruz, California 95062
Telephone: (831) 479-4475
Facsimile: (831) 479-4476
Email Address: lioness@got.net

DAVID K. MEYBERG, SB# 236636
223 Walnut Avenue, Suite D
Santa Cruz, California 95060
Telephone: (831) 469-4509
Facsimile: (831) 469-4509
Email Address: david_meyberg@hotmail.com

Attorney for Plaintiffs, DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL, ELIJAH K. CROWELL, DAVID M. AVARY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**E-FILING CASE**

| | |
|---|---|
| DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL; ELIJAH K. CROWELL; DAVID M. AVARY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER JOHN ALEXIOU; DANETTEE SHOEMAKER; CAROL SCURICH; ED GUZMAN, CLUB ED, a California Corporation; and DOES ONE THROUGH TEN,<br><br>Defendants. | **CASE NO. C07 02523 RS**<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS; MALICIOUS PROSECUTION; ANTITRUST VIOLATION AND UNFAIR BUSINESS PRACTICES/UNFAIR COMPETITION; CONSPIRACY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL, ELIJAH K. CROWELL, DAVID M. AVARY, hereby allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES                    1

and 1988) and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; the Sherman Act; California Business and Professions Code Section 17200 et seq.; Article X of the California State Constitution; and California's common law of unfair competition. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202. This court has pendent jurisdiction over the claims made under state law.

2. Venue is proper in the Northern District of California, San Jose Division pursuant to 28 U.S.C. § 1391, in that the subject matter of this action arose in this district, all defendants are subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

**PARTIES**

3. Plaintiffs DYLAN GREINER (hereinafter "GREINER"), individually and dba SANTA CRUZ SURF SCHOOL (hereinafter "SCSS"), ELIJAH K. CROWELL (hereinafter "CROWELL"), and DAVID M. AVARY (hereinafter "AVARY") are, and at all relevant times herein were, residents of the County of Santa Cruz, State of California. GREINER is the owner of SCSS and CROWELL and AVARY were, at all relevant times herein, instructors at SCSS.

4. Defendant CITY OF SANTA CRUZ (hereinafter "CITY") is a political subdivision of the State of California.

5. Defendants Lifeguard JOHN ALEXIOU (hereinafter "ALEXIOU"), Director of Parks and Recreation DANETTEE SHOEMAKER (hereinafter" SHOEMAKER"), Recreation Superintendent CAROL SCURICH (hereinafter "SCURICH"), and DOES ONE through TEN were, in performing the acts alleged herein, agents of the CITY employed by the CITY and/or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, defendants acted under color of state law and the statutes, ordinances, regulations, customs and usages of the CITY, and pursuant to the official policy, custom and practice of CITY. The defendants are charged with carrying out and enforcing state and local laws and additionally charged

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES                                2

1  with knowledge and protection of citizens' constitutional rights while carrying out and
2  enforcing such laws.
3      6.   Defendant ED GUZMAN (hereafter "GUZMAN") owns and runs a surf
4  school in Santa Cruz incorporated under the name CLUB ED.  He and/or his business have
5  a special relationship with the CITY and enjoy special privileges not available to the
6  plaintiffs herein.  Plaintiffs allege that GUZMAN made an agreement with, cooperated
7  with, conspired with, urged, encouraged and committed acts in concert with the CITY to
8  carry out the unlawful actions taken against the plaintiffs whose business was and is in
9  direct competition with CLUB ED.
10     7.   The names and capacities of Defendants DOES 1 through 10 are unknown to
11 the Plaintiffs.  Each of these fictitiously named parties has acted as agent of or in concert
12 with the named defendants in the matters referred to herein and is responsible in some
13 manner for the damages suffered by Plaintiffs.  Plaintiffs will amend this complaint to
14 add the names and capacities of such defendants when ascertained.

### FACTS COMMON TO ALL CLAIMS

16     8.   Beginning in or about June, 2005, defendant ALEXIOU repeatedly and
17 publicly harassed plaintiffs who were engaged in providing surf lessons to individuals in
18 the ocean off of a public beach commonly referred to as Cowell's beach in the CITY.
19 Plaintiffs at all times were properly licensed by the CITY and in all other ways in
20 compliance with the law to carry out the aforementioned business.  Such harassment
21 consisted of, but was not limited to, demanding payment for access across the beach to
22 the ocean, denial of access to the beach, threats of citation, citation, and by the creation
23 of arbitrary and undefined areas of the beach and the water that could not be used by
24 plaintiffs' students.  Plaintiffs counted approximately 45 incidents of such harassment
25 beginning in June 2005.
26     9.   The CITY has an agreement with, and licenses  "CLUB ED," to provide surf
27 lessons to the public at Santa Cruz Beaches and CLUB ED directly competes with the
28 plaintiffs' business.  Plaintiffs are informed and believe and allege thereon that GUZMAN

and CLUB ED made an agreement with, solicited, encouraged and conspired with the CITY and its agents including ALEXIOU, SCURICH and SHOEMAKER to unlawfully harass the plaintiffs for the purpose of eliminating his business competition.

10. Due to the ongoing harassment, Plaintiffs were forced to hire legal counsel to represent them in this matter. On September 7, 2005, plaintiffs' counsel submitted a formal written complaint to SHOEMAKER demanding that the harassing and discriminatory conduct cease. Plaintiffs' counsel additionally requested legal authority for the CITY's fee demand and SCURICH wrote back alleging that the fees were required by Santa Cruz Municipal Code (SCMC) Section 13.10.010.[1] Plaintiffs, through their legal counsel lodged a second complaint disputing the stated code section as a valid basis to justify the CITY's discrimination and harassment of plaintiffs.

11. After suffering such repeated harassment for over a year, AVARY finally submitted his resignation to SCSS and began working for a competitor of SCSS who frequented another surf break outside the CITY where beach access and threats of citation were not a daily hassle.

12. Clearly on its face SCMS Section 13.10.010 did not apply to plaintiffs' activity in that they did not conduct any sale on the beach at any time - they engaged in no transaction, entered into no contract, nor did they bargain with or market any services or exchange currency or anything of value with any customer or client on the beach.

13. Nevertheless, shortly after the formal complaints were lodged against the CITY by plaintiffs, on September 22, 2005, ALEXIOU, at the request of CLUB ED, and with the support of agents for the CITY including SCURICH and SHOEMAKER, issued a citation against SCSS surfing instructor CROWELL for an infraction violation of SCMC

---

[1] SCMC § 13.10.010: "No person shall sell any goods, food, beverages or any other thing in any public park or on any public beach under the jurisdiction of the department of parks and recreation, unless authorized by permit issued pursuant to this chapter and unless in conformity with the terms and conditions of such permit."

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES            4

§13.10.010 for performing surfing lessons in the water. Thereafter, ALEXIOU issued another citation to GREINER on April 11, 2006, for violation of the same ordinance, again at the request of CLUB ED in cooperation with agents for the CITY. Said citations were issued to plaintiffs in public and in plain view of plaintiffs' students, their parents and friends. Plaintiffs are informed and believe and allege thereon that GUZMAN and ALEXIOU are close friends who socialize both on the job and off.

14. The CITY unreasonably delayed in submitting the citations to the court for prosecution. Plaintiffs, anxious to prove their innocence and to stop the harassment, made repeated demands to the City Attorney through their counsel and the CITY finally brought the cases to court where, after a trial in the CROWELL case, the traffic commissioner found him guilty of violating the previously cited municipal code section. CROWELL appealed the ruling and on August 17, 2006, the appellate panel reversed the decision and cautioned the assistant city attorney present at the hearing that if the CITY continued to issue citations under these circumstances it would be unlawful. Thereafter, the CITY dismissed the case against GREINER which had already been set for trial.

15. The CITY's agents (ALEXIOU and other lifeguards) continued to verbally threaten and harass plaintiffs, at the behest of ED GUZMAN, in front of their customers and others throughout the duration of the court proceedings.

16. CITY has acted repeatedly to protect, conspire with, and give preferential treatment to GUZMAN's corporation known as CLUB ED and to discriminate against CLUB ED's competitors including the plaintiffs herein in order to create an unfair business advantage to CLUB ED. Such acts include, but are not limited to, including advertisements for CLUB ED in the CITY's Parks and Recreation Guide which is made available to the public,[2] by ongoing and continued harassment and threats, by publicly embarrassing plaintiffs in front of their students, parents and the public making it

---

[2] When plaintiffs asked to pay to have a similar advertisement the Recreation Guide, the CITY denied their request.

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES                                5

wrongfully appear that plaintiffs were not qualified to teach surfing, by issuing citations, by refusing to rent a vacant kiosk on the CITY's wharf to plaintiffs because it would compete with CLUB ED, and by allowing CLUB ED to drive vehicles with their equipment on the beach with untrained drivers during even non-permitted times and refusing any such accommodation to plaintiffs even with trained drivers during permitted times.  Counsel for plaintiffs submitted a written request on September 30, 2006, for documentation evidencing the terms and conditions of any license that exists between the CITY and CLUB ED and GUZMAN.  After the CITY provided plaintiffs' counsel with a copy of the vendor agreement with CLUB ED, GREINER documented many breaches of said agreement and reported at least one such breach to the Santa Cruz Police Department.  Plaintiffs are informed and believe that no adverse action was ever taken by the CITY against CLUB ED as a result.  Plaintiff GREINER attempted to place a bid with the CITY for the concession contract, and thereafter never received any response.

17.  On April 10, 2007, the CITY passed an ordinance repealing SCMC §13.10.010 and replaced it with the following:

**13.10.010 - COMMERCIAL ENTERPRISES AND SALES IN PUBLIC PARKS AND BEACHES.**

> In City parks and on City beaches, including all waters for which the City has law enforcement authority, jurisdiction and lifeguarding responsibility, no person shall solicit, sell, hawk, or peddle any goods, wares, merchandise, services, liquids, or edibles for human consumption, except as permitted by the City.  This prohibition includes sales activities that utilize park and beach property or facilities to complete the terms of sale or provide a service as a result of the sale or that affect park or beach operations, facility use or visitor safety.  **This prohibition also includes sales activities which encroach on the sales rights of a vendor authorized to sell such products or services pursuant to a concession contract with the City.**[3]  (Emphasis added)

18.  Pursuant to the new ordinance, plaintiffs, in order to cross the public beach and teach surfing in the ocean are required to among other things: 1) pay an additional $500 (over and above the normal business license fees); 2) purchase and maintain

---

[3] The only relevant concession contract is with CLUB ED.

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES         6

insurance (which plaintiffs already have); 3) have their students wear brightly colored shirts as designated by the CITY; 4) limit the number of students per instructor; 5) limit the total number of students in the water; and 6) use certain designated surfboards. The requirements are entirely under the control and unfettered discretion of SCURICH and SHOEMAKER. Additionally, the defendants conspired to enact the new ordinance which specifically protects ED GUZMAN and CLUB ED from competition and exempts CLUB ED from the requirements listed above. As a result, if CLUB ED opts to have the maximum number of students in the water as allowed by the ordinance, then no other surf school, including SCSS, would be able to carry out their business thereby creating a monopoly for CLUB ED.[4]

19.  In September, 2007, GREINER, received another citation for conducting his surf school activities at another beach outside CITY limits. Plaintiffs are informed and believe and allege thereon that ED GUZMAN called Park Rangers to complain that GREINER was conducting his school at a beach in Aptos, California, and asked that GREINER be issued a citation. Plaintiff alleges that CLUB ED and ED GUZMAN intend to and have taken steps to eliminate SCSS as a competitor business not only in the CITY but in all of the beaches in Santa Cruz County.

20.  As a proximate result of the acts of defendants as alleged, plaintiffs have suffered damages including but not limited to loss of income and business, damage to the business, increased outlay of expenses, embarrassment, attorney's fees, and physical and emotional injuries. Plaintiffs are informed and believe and thereon allege that these injuries will result in some permanent disability to them. As a result of these injuries, plaintiffs have suffered general damages in amounts not yet ascertained.

---

[4] Almost immediately after the enactment of the new ordinance, GREINER was cited pursuant to a complaint from ED GUZMAN. As of the date of the filing of this first amended complaint, the CITY has not submitted the citation to the court for prosecution.

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES                            7

21.    As a further proximate result of defendants' actions, plaintiff's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

22.    The aforementioned acts of defendants were willful and malicious or performed with a reckless disregard for the safety of plaintiffs and were intended to oppress and cause injury to plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages against the individual defendants.

23.    Plaintiffs filed a timely tort claim against the CITY on October 5, 2006, and said claim was denied by the CITY on November 14, 2006.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF CONSTITUTIONAL RIGHTS**

**(First Amendment- U.S. Constitution)**

24.    Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 though 23 above.

25.    Defendants issued the citations against plaintiffs in retaliation for their having filed formal written complaints against the CITY and its agents and such retaliation is in violation of the First Amendment rights of the plaintiffs.

26.    Furthermore, as a direct and proximate result of defendants' actions (as described in detail under factual allegations), plaintiffs were deprived of their First Amendment Rights to freedom of expressive association in that defendants harassed, retaliated, and discriminated against plaintiffs for their political activity on behalf of the surfing community and further harassed, retaliated and discriminated against plaintiffs for petitioning the government for redress of their grievances.

27.    As a further direct and proximate result of defendants' unlawful actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business, severe emotional distress causing physical damage, entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys' fees incurred in pursuing these claims under Section 1988.

28.    The unlawful actions of the individual defendants were intentional and

1  malicious and done with the intent to cause harm to plaintiffs.  As such, plaintiffs are
2  entitled to punitive damages against the individual defendants according to proof at trial.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF CONSTITUTIONAL RIGHTS

### (Fourth Amendment - U.S. Constitution)

29. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 28 above.

30. As a direct and proximate result of defendants' concerted unlawful actions (as described in detail under factual allegations) plaintiffs have been deprived of their Fourth Amendment right to be free from unlawful unreasonable and discriminatory harassment, malicious prosecution and seizure.

31. The revised ordinance (as described above under factual allegations) is unconstitutionally vague and ambiguous and does not give persons of ordinary intelligence, including plaintiffs herein, reasonable notice as to how to follow the law and is unreasonably restrictive and burdensome.

32. As a further direct and proximate result of defendants' unlawful actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business, severe emotional distress causing physical damage, entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys' fees incurred in pursuing these claims.

32. The unlawful actions of the individual defendants were intentional and malicious and done with the intent to cause harm to plaintiffs.  As such, plaintiffs are entitled to punitive damages against the individual defendants according to proof at trial.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF CONSTITUTIONAL RIGHTS

### (Fifth/Fourteenth Amendment Due Process - U.S. Constitution)

33. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 32 above.

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES                                      9

34. Plaintiffs allege that the defendants have, through their concerted continual intimidation, harassment and their issuance of citations as delineated above, arbitrarily and unreasonably limited plaintiffs' constitutional right to pursue their occupation in violation of plaintiffs' right to due process. Furthermore, the CITY's monopoly of a public resource regulated in favor of, and with the agreement of, its business partner, CLUB ED, violates defendants' right to due process under the Fourteenth Amendment.

35. As a further direct and proximate result of defendants' unlawful and conspiratorial actions, plaintiffs have suffered monetary damages, including attorney's fees, loss of business, severe emotional distress causing physical damage, entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys' fees incurred in pursuing these claims.

36. The unlawful actions of the individual defendants were intentional and malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are entitled to punitive damages against the individual defendants according to proof at trial.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CONSTITUTIONAL RIGHTS

### (Article X - California Constitution)

37. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 36 above.

38. Plaintiffs allege that defendants' conspiratorial conduct as delineated above violated plaintiffs' rights under the California Constitution, Article Ten, Section 3 and Section 4 by obstructing plaintiffs' access to the navigable waters. Plaintiffs allege that defendants' conduct has violated An Act for the Admission of the State of California into the Union, Section 3, by arbitrarily charging plaintiffs a fee to access the navigable waters.

39. As a direct and proximate result of defendants' unlawful and conspiratorial conduct, plaintiffs have suffered monetary damages including loss of business, attorney's fees and harm to their reputation.

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES        10

40. The unlawful actions of the individual defendants were intentional and malicious and done with the intent to cause harm to plaintiffs. As such, plaintiffs are entitled to punitive damages against the individual defendants according to proof at trial.

### FIFTH CLAIM FOR RELIEF

### (Malicious Prosecution)

41. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 40 above.

42. Defendants' actions in issuing unjustified and improper citations to plaintiffs CROWELL and GREINER and by prosecuting the groundless criminal claims were malicious and unwarranted by the law. Plaintiffs did not violate the CITY ordinance. There was no sale witnessed, observed or reported to substantiate defendants' claim that a sale occurred on the beach. Defendants prosecuted said action against plaintiffs maliciously, without any probable cause and without any factual support for their allegation of illegal conduct on the part of plaintiffs. Defendants stood to benefit directly from their conduct by discouraging plaintiffs from competition with CLUB ED and by forcing plaintiffs to pay money unnecessarily for walking across the CITY beach in order to access the ocean.

43. The case was terminated in plaintiffs' favor.

44. As a direct and proximate result of defendants' unlawful and conspiratorial actions, plaintiffs suffered damages including attorney's fees, loss of business and loss of reputation. As such, plaintiffs are entitled to compensatory and punitive damages according to proof at trial.

### SIXTH CLAIM FOR RELIEF

### (Violation of Sherman Antitrust Act; California Business and Professions Code Sections 17200 et seq. and California's Common Law of Unfair Competition)

45. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 44 above.

46. Defendants have conspired unlawfully and committed acts in furtherance of

the conspiracy as detailed above to attempt to create, and to create, a monopoly for CLUB ED in the relevant market which consists of surfing areas bordering CITY beaches. Defendants have agreed to do so, and have done so, by, among other things, harassment, citation of CLUB ED competitors and by passing legislation that specifically exempts CLUB ED from complying with the rules applicable to other surf schools in Santa Cruz including SCSS, thereby creating an unlawful monopoly for CLUB ED in violation of the Sherman Antitrust laws. Plaintiffs have suffered antitrust injuries as a result of defendants' actions including but not limited to loss of income, decreased business, and loss of qualified instructors; and the consumers of their services have suffered from the lack of a competitive market for surf schools on Santa Cruz beaches.

47. The conspiratorial actions of defendants as described above violated Cal. Bus. & Prof. Code §§ 17200 et seq. and the common law of California by creating an unlawful and unfair business advantage to CLUB ED over SCSS and other surf schools in Santa Cruz and thereby proximately causing economic injuries to plaintiffs.

## DECLARATORY/INJUNCTIVE RELIEF

48. Plaintiffs refer to and incorporate herein Paragraphs 1 through 47 above.

49. As a direct and proximate result of Defendants' described actions Plaintiffs have suffered and will continue to suffer irreparable harm. Plaintiffs' constitutional rights, and those of others similarly situated, are subject to violation at any time at Defendants' discretion.

50. Preliminary and permanent injunctions are appropriate remedies because Plaintiffs are suffering irreparable injury and have no plain, speedy or adequate remedy at law. Money damages will not adequately compensate Plaintiffs for the denial of their constitutional rights and civil liberties. Injunctive relief is also appropriate because it will eliminate the multiplicity of lawsuits likely to ensue from Defendants' ongoing unlawful conduct (enforcement of an unconstitutional ordinance), which affects not only Plaintiff but others similarly situated.

## DEMAND FOR JURY TRIAL

51. Plaintiffs hereby demand a trial by jury on all of the above causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief as to all Claims for Relief:

A. A preliminary and permanent injunction ordering defendants to cease further unlawful harassment of plaintiffs and prohibiting defendants from enforcing SCMU 13.10.010 and a judgment declaring SCMU 13.10.010 to be unconstitutional as violative of plaintiffs' constitutional, common law and statutory rights;

B. A judgment awarding plaintiffs general, special and punitive damages against the individual defendants in amounts according to proof;

C. A judgment awarding plaintiffs general and special damages against defendant CITY in amounts according to proof;

D. A judgment awarding plaintiffs' reasonable attorney's fees;

E. A judgment awarding plaintiffs their costs of suit; and

F. Such other and further relief as the Court deems proper .

///
///
///
///

Dated: October 5, 2007                              /s/
                                                    KATE WELLS
                                                    Attorney for Plaintiffs, DYLAN GREINER,
                                                    individually and dba SANTA CRUZ SURF
                                                    SCHOOL, ELIJAH K. CROWELL, DAVID M.
                                                    AVARY

1
2
3  Dated: October 5, 2007                          /s/
                                       DAVID K. MEYBERG
4                                      Attorney for Plaintiffs, DYLAN GREINER,
                                       individually and dba SANTA CRUZ SURF
5                                      SCHOOL, ELIJAH K. CROWELL, DAVID M.
                                       AVARY
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DECLARATORY/INJUNCTIVE RELIEF AND DAMAGES                    14