1

Rebecca Connolly, Esq., SBN 145482
GRUNSKY, EBEY, FARRAR & HOWELL

2

A Professional Corporation
240 Westgate Drive

3

Watsonville, CA 95076
Phone: (831)722-2444; Fax: (831)722-6153

4

5

Attorneys for Defendants
ED GUZMAN and CLUB ED

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

DYLAN GREINER, individually and dba
SANTA CRUZ SURF SCHOOL; ALIJAH K.

12

CROWELL; DAVID M. AVARY;

13

        Plaintiffs,

14

    vs.

15

CITY OF SANTA CRUZ; OFFICER JOHN
ALEXIOU; DANETTEE SHOEMAKER;

16

CAROL SCURICH; ED GUZMAN, CLUB
ED, a California Corporation; and DOES

17

ONE THROUGH TEN,

18

        Defendants

19

20

21

22

23

24

25

26

27

28

CASE NO.  07-2523 RS

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

Date:        November 28, 2007
Time:        9:30 a.m.
Courtroom:   4, Fifth Floor

**The Honorable Richard Seeborg**

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

C 07-2523 RS

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     STATEMENT OF FACTS .........................................................................................2

III.    DISCUSSION ..............................................................................................................6

        A.      The State Law Causes of Action Alleged in the Complaint Are Subject
                To a Motion to Strike Under CCP § 425.16 ..................................................6

        B.      All State Law Claims for Relief Arise From Protected Activity ...................7

        C.      Plaintiffs Will Not Be Able to Establish a Probability of Success
                On the Merits of Their Fourth and Sixth Claims for Relief...........................8

        D.      Plaintiffs Cannot Establish a Probability of Success on their Fifth
                Claim for Relief for Malicious Prosecution Because They Cannot
                Establish Lack of Probable Cause or Favorable Termination ......................10

        E.      Plaintiffs' Section 1983 Claims Against the Club Ed Defendants
                Fail to State Any Claim for Relief Because the Complaint
                Fails to Sufficiently Allege that They Were State Actors .............................12

        F.      Plaintiffs' Section 1983 Claims Against the Club Ed Defendants
                Fail to State Any Claim for Relief Because the Complaint
                Fails to Sufficiently Allege that the Defendants Guzman and
                Club Ed Violated Any of the Plaintiffs' Constitutional Rights ...................15

                1.      Plaintiffs' First Claim for Relief Must be Dismissed Because
                        Plaintiffs Cannot Establish a Violation of the First Amendment ......15
                2.      Plaintiffs' Second Claim for Relief Must Be Dismissed Because
                        Plaintiffs Cannot Establish Lack of Probable Cause in Issuing
                        the Citations as the Traffic Commissioner's Finding of Guilt
                        Conclusively Establishes Probable Cause .........................................15
                3.      The Third Claim for Relief Fails to Sufficiently Allege a
                        Constitutional Violation Based on Procedural or Substantive Due
                        Process ...............................................................................................16

        G.      Plaintiffs' Sixth Claim for Relief Based on the Sherman Antitrust Act Fails to
                State a Claim for Relief Against the Club Ed Defendants............................17

IV.     CONCLUSION..........................................................................................................19

GUZE19446\mo-rule12-P&A.doc                                                                              C 07-2523 RS
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

# TABLE OF AUTHORITIES

### Cases

*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.,* 137 Cal. App. 4th 1118, rev. den. (2006). ..................................................................................................................................8

*Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004) ...............................................15

*Bealmear v. Southern Cal. Edison Co.*, 22 Cal. 2d 337 (1943) ..............................................11

*Beardslee v. Woodford*, 395 F.3d 1064 (9th Cir. 2005)........................................................12

*Blanchard v. DIRECTTV, Inc.,* 123 Cal. App. 4th 902 (2004).................................................8

*Blank v. Kirwan*, 39 Cal. 3d 311 (1985) ...............................................................................9

*Boone v. City of San Jose*, 841 F.2d 886 (1988)...................................................................18

*Bradbury v. Sup. Ct.,* 49 Cal. App. 4th 1108 rev. den. (1996). ...............................................8

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)....................................................................2

*Briggs v. Eden Council for Hope and Opportunity,* 19 Cal. 4th 1106 (1999). .......................7

*Brunette v. Humane Soc'y*, 294 F.3d 1205 (9th Cir. 2002) ...................................................14

*Campbell v. Regents of the University of Cal.,* 35 Cal. 4th 311 (2005)...................................9

*Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336 (2004). .......................................................10

*City of Fresno v. Superior Court,* 188 Cal. App. 3d 1484 (1987) ...........................................9

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989).........................................................14

*Dalany v. American Pacific Holding Corp.,* 42 Cal. App. 4th 822 (1996). ...........................10

*Dennis v. Sparks*, 449 U.S. 24 (1980)...................................................................................12

*Dillberg v. County of Kitsap*, 76 Fed. Appx. 792 (9th Cir. 2003) ........................................14

*Ecker v. Raging Waters Group, Inc.,* 87 Cal. App. 4th 1320 (2001)......................................11

*Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal. 4th 53 (2002).....................................6

*Foley v. Bates*, 2007 U.S. Dist. LEXIS 38063 (N.D. Cal. 2007)...........................................17

*Franklin v. Fox,* 312 F.3d 423 (9th Cir. 2002). ..............................................................13, 14

*Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)......................................15

*Hagberg v. Calif. Federal Bank,* 32 Cal. 4th 350 (2004) .......................................................8

*Heck v. Humphrey*, 512 U.S. 477 (1994)..............................................................................16

GUZE19446\mo-rule12-P&A.doc                                                    **C 07-2523 RS**
***Dylan Greiner, et al. v. City of Santa Cruz, et al.***
**Memorandum in Support of Motion to Dismiss**

1    *In re Airport Car Rental Antitrust Litigation*, 693 F.2d 84 (9th Cir. 1982) ........................ 18

2    *Jacob B. v. County of Shasta*, 40 Cal. 4th 948 (2007). .................................................. 9

3    *Jaffe v. Stone*, 18 Cal. 2d 146 (1941) ........................................................................ 10

4    *Jarrow Formulas, Inc. v. LaMarche,* 31 Cal. 4th 728 (2003). ........................................ 8

5    *Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056 (9th Cir. 1998) .................................. 18

6    *Lebbos v. State Bar,* 165 Cal. App. 3d 656 (1985) ...................................................... 12

7    *Mulder v. Pilot Air Freight, 32 Cal. 4th 384* .............................................................. 9

8    *New Orleans v. Dukes*, 427 U.S. 297 (1976) .............................................................. 17

9    *Paulus v. Bob Lynch Ford, Inc.,* 139 Cal. App. 4th 659 (2006) ...................................... 7

10   *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal. App. 4th 658 (2005). 8

11   *Rivera v. Green*, 775 F.2d 1381 (9th Cir. 1985) ........................................................ 14

12   *Rusheen v. Cohen,* 37 Cal. 4th 1048 (2006) ................................................................ 6

13   *Sheldon Appel Co. v. Albert & Oliker,* 47 Cal. 3d 863 (1989) ........................................ 11

14   *Squaw Valley Development Co. v. Goldberg,* 375 F.3d 936 (9th Cir. 2004)...................... 12

15   *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963 (9th Cir. 1999)......... 6

16   *United States v. Alaimalo*, 313 F.3d 1188 (9th Cir. 2002) ............................................ 16

17   *Verizon Del., Inc. v. Covad Communs. Co.,* 377 F.3d 1081 (9th Cir. 2004) ...................... 6

18   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). ...................................... 6

19   *Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811 (2002)...................................... 7, 11

20   **Statutes**

21   15 USC § 1................................................................................................................ 7

22   42 U.S.C. § 1983.................................................................................................passim

23   California Bus. & Prof. Code § 16000...................................................................... 17

24   California Business and Professions Code § 17200 .................................................... 7, 9

25   California Civil Code § 47(b) ................................................................................ 1, 9

26   California Code of Civil Procedure § 425.16 ......................................................passim

27   California Code of Regulations, Title 14, § 4331................................................ 5

28   California Gov't Code § 37101 ............................................................................ 17

GUZE19446\mo-rule12-P&A.doc                                                                   **C 07-2523 RS**
***Dylan Greiner, et al. v. City of Santa Cruz, et al.***
**Memorandum in Support of Motion to Dismiss**

Santa Cruz Municipal Code § 13.10.010 .............................................................................3, 4, 7

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

C 07-2523 RS

# I.

# INTRODUCTION

The First Amended Complaint filed October 5, 2007 ("Complaint" or "FAC") alleges both federal claims for relief under 42 U.S.C. § 1983 (First through Third) and the Sherman Act (Sixth) and state law claims for relief (Fourth through Sixth).   The face of the Complaint reveals that each and every state law cause of action arises out of the exercise of defendant Ed Guzman's and defendant Club Ed's (collectively "Club Ed Defendants") rights to free speech and to petition the government. Therefore, the Complaint is subject to a special motion to strike or a SLAPP motion under California Code of Civil Procedure § 425.16.   "SLAPP" stands for "strategic lawsuit against public participation" and a SLAPP motion provides a remedy to dispose of lawsuits that seek to chill the valid exercise of constitutional rights.   *See, e.g., Briggs v. Eden Council for Hope and Opportunity,* 19 Cal. 4th 1106, 1109, n. 1 (1999).  The face of the Complaint reveals that this litigation seeks to chill the Club Ed Defendants' valid exercise of their constitutional rights.

California's official communication privilege codified in California Civil Code § 47(b) creates a complete bar to liability against the Club Ed Defendants under the Fourth and Sixth Claims for Relief.  The Fifth Claim for Relief alleging malicious prosecution also fails to state a claim as the finding of guilt by the traffic commissioner conclusively establishes probable cause.

As the plaintiffs cannot establish that they will prevail on any of the state law claims set forth in the Complaint, California Code of Civil Procedure § 425.16 requires that the Court dismiss the state law claims with prejudice and award the Club Ed Defendants attorney's fees for having to defend such claims.   Further, the plaintiffs cannot pursue any federal civil rights claim against the Club Ed Defendants because they are not state actors and the plaintiffs cannot establish that these private defendants violated any of the plaintiffs' constitutional rights.  The activities alleged to violate the Sherman Act claim are immune from liability under the *Noerr-Pennington* doctrine.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] all federal causes of the action alleged against the Club Ed Defendants fail to state claims for relief and should be dismissed.

_____

[1] Hereinafter, all references to "Rule" are to the Federal Rules of Civil Procedure.

1

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                          C 07-2523 RS

1

**II.**

2

**STATEMENT OF FACTS**

3          All references to the facts are taken from the allegations as stated in the Complaint.  *See, e.g.,*

4    *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that on a Rule 12(b)(6) motion, the

5    Court should limit its inquiry to the face of the complaint, documents referenced therein and matters

6    subject to judicial notice).

7          The plaintiffs Greiner, Crowell and Avary were instructors at Santa Cruz Surf School

8    ("SCSS"), a dba for Greiner.  FAC ¶ 3.  The plaintiffs have named the City of Santa Cruz ("City"),

9    Lifeguard Alexiou, Director of Parks and Recreation Shoemaker and Recreation Superintendent

10   Scurich in their capacity as agents of the City.  FAC ¶¶ 4 & 5.  Defendant Guzman owns and runs a

11   surf school in Santa Cruz incorporated under the name Club Ed.  FAC ¶ 6.  The plaintiff Greiner's

12   business, SCSS, was and is in direct competition with Club Ed.  FAC ¶ 6.  Plaintiffs allege that

13   Guzman and/or his business "have a special relationship with the CITY and enjoy special privileges

14   not available to the plaintiffs herein."  FAC ¶ 6, 3:4-6.  The Complaint generally alleges that

15   defendant Guzman conspired with the City to carry out the alleged unlawful actions against the

16   plaintiffs.  FAC ¶ 6.

17         The Complaint alleges that beginning in June of 2005, defendant Alexiou repeatedly and

18   publically harassed plaintiffs for providing surfing lessons to individual at Cowell's beach located in

19   the City.  FAC ¶ 8.  Thus, plaintiffs admit that they were engaged in a business of "providing surf

20   lessons to individuals in the ocean off of a public beach commonly referred to as Cowell's beach in

21   the CITY."  FAC ¶ 8, 17-18.  The plaintiffs allege that they were properly licensed by the City to

22   carry out the business activity of providing surfing lessons at Cowell's beach.  FAC ¶ 8, 3:19-20.

23   While the Complaint references 45 incidents of harassment beginning in June of 2005, no specific

24   dates, times, places or manner of harassment is described.  FAC ¶ 8.

25         Club Ed has an agreement with the City and the City licenses Club Ed to provide surf lessons

26   to the public at Santa Cruz Beaches.  FAC ¶ 9.  The Complaint alleges on information and belief that

27   the Club Ed Defendants "made an agreement with, solicited, encouraged and conspired with the CITY

28   and its agents including ALEXIOU, SCURICH and SHOEMAKER to unlawfully harass the plaintiffs

2

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                                    **C 07-2523 RS**

1   for the purpose of eliminating his business competition."  FAC ¶ 9.

2       On September 7, 2005, plaintiffs' counsel submitted a formal written complaint to Shoemaker

3   demanding that the harassing and discriminatory conduct cease.  FAC ¶ 10.  No indication is made in

4   the Complaint as to whether the letter was written on behalf of all of the plaintiffs or just SCSS.

5       There are no specific allegations in the Complaint relating to any actions taken against plaintiff

6   Avary.  The Complaint does, however, allege that Avary "began working for a competitor of SCSS

7   who frequented another surf break outside the CITY where beach access and threats of citation were

8   not a daily hassle."  FAC ¶ 11.

9       The Complaint alleges that on September 22, 2005, defendant Alexiou, at the request of Club

10  Ed, and with the support of defendant Scurich and Shoemaker, issued a citation against Crowell for an

11  infraction violation of Santa Cruz Municipal Code § 13.10.010 for performing surfing lessons in the

12  water.  FAC ¶ 13.  Subsequently, on April 11, 2006, the Complaint alleges that defendant Alexiou

13  issued another citation to Greiner for a violation of the same ordinance at the alleged request of Club

14  Ed.  FAC ¶ 13.

15      Plaintiff Crowell, after a trial, was found guilty of violating Santa Cruz Municipal Code §

16  13.10.010.  FAC ¶ 14; *see also* Connolly Decl. Exh. "A".  On August 17, 2006, the appellate panel

17  reversed the traffic commissioner's decision against Crowell.  FAC ¶ 14; *see also* Connolly Decl.

18  Exh. "B".  Thereafter, the City dismissed the case against Greiner.  FAC ¶ 14.

19      On May 13, 2006, the Traffic Referee Kim Baskett, issued a Settled Statement of Decision and

20  Certification of the Same in *People of the State of California v. Elijah Kai Crowell,* Santa Cruz

21  Superior Court Case Number 5SZ102332 ("Statement of Decision")*.*  The trial was held on December

22  13, 2005.  The Statement of Decision sets forth the evidence considered by the Court:

> On September 22, 2005, Office Alexiou observed ELIJAH KAI
> CROWELL, the defendant, teaching a surfing lesson on Cowell's Beach. The
> lesson involved Elijah Kai Crowell and three other people, one of whom was an
> eight year old child. The officer observed the eight year old female being pushed
> into the ocean from the beach. The girl got up crying and appeared to be in
> distress. Upon contact the officer found that she had sustained a lower leg injury.
> The officer asked the mother of the child to come out of the water, and he got the
> mother's consent to treat the girl's injury. He splintered the child's leg and called
> Code 2 for an ambulance. After speaking to the defendant, the officer cited him
> for failing to get a permit pursuant to MC 13.10.010 prior to conducting surfing
> lessons on the public beach.

3

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

C 07-2523 RS

1        There was no cross examination. The defense produced two declarations
2    which are attached hereto and incorporated herein by this reference. The first
declaration was that of the defendant and the second declaration was that of the
owner of the Santa Cruz Surf School, Dylan Greiner.

3        Defendant's declaration states that he is an independent contractor
working as a surf instruction with Santa Cruz Surf School. He was providing
4    surfing instructor at the "surf break" of Cowell's Beach to a mother with her two
children on the date of the issuance of the citation. He states that he did not
5    receive money for the lessons while on the public beach. Mr. Greiner states in his
declaration that the school accepted payment for the surf lessons observed by the
6    officer, but that no money exchanged hands at the location of the lesson, the
public beach.

7        Counsel argued that Defendant merely provides recreational instructional
services, and since he does not sell a tangible product, the activity does not come
8    within the prohibition of the ordinance. If the City wished to prohibit "services,"
then the ordinance should have included the word "services," and the language of
9    the ordinance should be strictly construed against the drafter of the ordinance.

10       The deputy City Attorney argued that there was no authority for strict
construction of the language of a statute against the drafter. She pointed out that
11   when limitation of the effect of an ordinance to tangible personal property was
desired the City had no difficulty in drafting an ordinance that did so provide, for
example in Municipal Code section 5.42.000(c). The Deputy City Attorney
12   argued that the phrase in the ordinance "any other thing" is not limited to tangible
goods, and does include sales of intangibles such as surfing lessons. She pointed
13   out that the ordinance has been uniformly enforced to restrict all lessons of any
kind.

14       The matter was taken under submission and set for judgment on December
20, 2005. On that date the defendant was found guilty. The Court determined that
15   the word "thing" can be defined as an idea, a deed, an act or an accomplishment,
or an object of a right. (Webster's New Collegiate Dictionary (1980) G.&C.
16   Merriam Co. "Thing" is not restricted to tangibles by definition nor by the
ordinance. "Sell" is defined in the same dictionary as "to deliver the personal
17   services of for money." The delivery, in this case, of the activity of a class on
surfing, or a surfing lesson, completed the act of selling. The delivery of the
18   product or thing occurred on public property in violation of the ordinance in
question. The instant appeal was filed on January 20, 2006.

19

20   *See* Connolly Decl. Exh. "A" at 1:20-3:4. Thus, plaintiffs Greiner and Crowell have admitted both in

21   the Complaint and in the prior Santa Cruz County action, *People of the State of California v. Elijah*

22   *Kai Crowell,* that they provided surf instructions at Cowell's beach. While the plaintiffs allege that

23   the Santa Cruz Municipal Code does not apply to this conduct, they do not dispute that they were in

24   fact engaged in providing surfing lessons when they were issued citations.

25       On April 10, 2007, the City passed an ordinance repealing and replacing Santa Cruz Municipal

26   Code § 13.10.010. FAC ¶ 17. The Complaint then generally alleges that "the defendants conspired to

27   enact the new ordinance which specifically protects ED GUZMAN and CLUD ED from competition

28   and exempts CLUB ED from the requirements listed above." FAC ¶ 18. The Complaint alleges that

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**
                                          **C 07-2523 RS**

1   it is hypothetically possible that the new ordinance has created a monopoly for Club Ed.  FAC ¶ 18.

2   Greiner alleges that immediately after the enactment of the new ordinance, he was cited based on a

3   complaint from Ed Guzman, but that the citation has not been submitted to the court for prosecution.

4   FAC ¶ 14, p. 7, n. 4.  The Complaint fails to allege the date that such citation was issued or which City

5   official issued the citation.  The Complaint does not make any reference to any actions taken by Ed

6   Guzman or Club Ed in connection with the passage of the new ordinance.

7          In September of 2007, Greiner received another citation for conducting his surf school

8   activities at a beach outside the City limits.  FAC ¶ 19.  The citation was issued by an unidentified

9   Park Ranger in Aptos, California.  Seacliff State Park in Aptos is part of the California State Parks

10  system and Park Rangers are state employees.  *See* Connolly Decl. Exh. "C".   Concessions are

11  regulated in California State Parks under California Code of Regulations, Title 14, § 4331.  The

12  Complaint does not allege that the City had any involvement in issuance of the citation in September

13  of 2007.  The Complaint does not allege that the plaintiffs ever applied for a concessions permit with

14  the State of California under such regulation.

15         There are two Cowell Beach Concession License Agreements referenced in paragraph 9

16  between the City and the Club Ed Defendants that cover the periods of time relevant to the Complaint.

17  *See* Connolly Decl. Exhs. "D" & "E".   The Cowell Beach Concession License Agreements were

18  issued pursuant to Requests for Proposals issued by the Parks and Recreation Department of the City

19  in 2001 and 2005.  *See* Connolly Decl. Exhs. "F" & "G".   While plaintiff Greiner generally alleges

20  that he placed a bid with the City for the concession contract, he does not allege any facts supporting

21  what year he placed such a bid or allege any facts that demonstrate any defects in the manner in which

22  such process took place.  FAC ¶ 16, 6:12-13.  Plaintiff Greiner does not allege any facts that would

23  support why the City should have awarded him the concession license over the Club Ed Defendants.

24  //

25  //

26  //

27  //

28

5

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                                    **C 07-2523 RS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# III.

## DISCUSSION

**A.    The State Law Causes of Action Alleged in the Complaint Are Subject to a Motion to Strike Under California Code of Civil Procedure § 425.16**

The Club Ed Defendants may utilize California's SLAPP statute to challenge plaintiffs' state law claims for relief provided that such application does not collide with the Federal Rules of Civil Procedure.  *See, e.g., Verizon Del., Inc. v. Covad Communs. Co.,* 377 F.3d 1081, 1091 (9th Cir. 2004) (upholding district court's order granting leave to amend notwithstanding ruling affirming motion to strike);  *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972 (9th Cir. 1999) (holding that anti-SLAPP statute applies to state law claims in diversity action, including attorney's fees and cost shifting provision).

> A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions.  California's anti-SLAPP statute was "enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife*, 264 F.3d at 839; *see also United States States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 970 (9th Cir. 1999) (legislature passed anti-SLAPP statute "in response to [its] concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights"). Specifically, California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it "arises from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The California legislature has instructed that the statute should be "construed broadly." *Id.* § 425.16(a).

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003).

The evaluation of a SLAPP motion requires a two-step process.  *First*, the court must decide if the defendant has made a threshold showing that the challenged cause of action is one arising from a protected activity, i.e., whether the act or acts of which plaintiff complains were taken "in furtherance of the [defendant's] right of petition or free speech…in connection with a public issue," as defined in the statute. *Second*, if the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.  *See Rusheen v. Cohen,* 37 Cal. 4th 1048, 1056 (2006); *Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal. 4th 53, 67 (2002).  The plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                                      **C 07-2523 RS**

1    prima facie showing of facts to sustain a favorable judgment." *Wilson v. Parker, Covert & Chidester,*

2    28 Cal. 4th 811, 821 (2002); *see also Paulus v. Bob Lynch Ford, Inc.,* 139 Cal. App. 4th 659, 673

3    (2006) (holding that the plaintiff must rely upon "competent admissible evidence").

4    **B.    All State Law Claims for Relief Arise From Protected Activity**

5            Plaintiffs have raised three state law claims for relief based on the same set of factual

6    allegations: (1) Fourth Claim for Relief—Violation of Constitutional Rights; (2) Fifth Claim for

7    Relief—Malicious Prosecution; and (3) Sixth Claim for Relief—California Unfair Competition.[2]  All

8    of the factual allegations concern five separate categories of activity that constitute protected activity:

9    (1) the issuance of citation against plaintiffs Crowell (on September 22, 2005) and Greiner (on April

10   11, 2006) for infraction violations of Santa Cruz Municipal Code ("SCMC") § 13.10.010 at the

11   alleged request of Club Ed; (2) the City's award of the Cowell Beach Concession License Agreement

12   to Guzman and Club Ed; (3) the April 10, 2007 passage of an ordinance repealing and replacing

13   SCMC § 13.10.010 with an new ordinance entitled "Commercial Enterprises and Sales in Public

14   Parks and Beaches"; (4) the issuance of another citation against Greiner immediately following the

15   Ordinance enactment on an unknown date and without any identification of who issued such citation

16   at the alleged request of Ed Guzman; and (5) and the September 2007 issuance of a citation to Greiner

17   by the State Park Ranger in Aptos, California pursuant to an unidentified regulation at the alleged

18   request of Ed Guzman.

19           The constitutional right to petition "includes the basic act of filing litigation or otherwise

20   seeking administrative action." *Briggs v. Eden Council for Hope and Opportunity,* 19 Cal. 4th 1106,

21   1115 (1999).  Malicious prosecution actions, which allege that the defendant committed a tort by

22   initiating an underlying action, fall within the purview of the anti-SLAPP statute. *Jarrow Formulas,*

23   *Inc. v. LaMarche,* 31 Cal. 4th 728, 735(2003).   A SLAPP motion to strike has also been utilized in

24   response to an Unfair Competition Claim under California Business and Professions Code § 17200

25   brought against a television provider for sending letters to purchases of devices that enabled the users

26

27   _____

28   [2] The Sixth Claim for Relief also purports to state a cause of action under federal law, the Sherman
     Antitrust Act, 15 USC § 1 *et seq.*  Insofar as this claim is based on federal law, it will be addressed
     below in section III. G.

**C 07-2523 RS**
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

1  to pirate programming based on its infringement of the litigation privilege and right to petition. *See*

2  *Blanchard v. DIRECTTV, Inc.,* 123 Cal. App. 4th 902, 922 (2004).

3       Moreover, communications to the local police department designed to prompt action by the

4  police constitute communications made in an "official proceeding authorized by law." *See Hagberg v.*

5  *Calif. Federal Bank,* 32 Cal. 4th 350, 360 (2004), (concerning Civil Code § 47(b), which uses exact

6  same language). Thus, the request that the police investigate a matter was held to be "in furtherance

7  of the right to petition the government for grievances," and therefore protected under the anti-SLAPP

8  statute. *Bradbury v. Sup. Ct.,* 49 Cal. App. 4th 1108, 1117, rev. den. (1996).

9       No specific factual allegations are contained in the Complaint concerning the acts that the Club

10  Ed Defendants took concerning the passage of the City Ordinance at issue, but even were the

11  Complaint to include such allegations, this type of political activity would clearly constitute protected

12  activity.

13       Here, a majority, if not all, of the factual allegations at the heart of the Complaint concern the

14  issuance of the citations and the adoption of the ordinance. A defendant need not prove that all of the

15  acts alleged fall within the anti-SLAPP statute's protection as long as the protected conduct forms a

16  "substantial part" of the claim. *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.,*

17  137 Cal. App. 4th 1118, 1124-25, rev. den. (2006). "[W]here a cause of action alleges both protected

18  and unprotected activity, it will be subject to section 425.16 unless the protected conduct is 'merely

19  incidental' to the unprotected conduct." *Peregrine Funding, Inc. v. Sheppard Mullin Richter &*

20  *Hampton LLP,* 133 Cal. App. 4th 658, 672 (2005). As the gravamen of the Complaint concerns

21  protected activity, the state law claims for relief are subject to a motion to strike.

22  **C.   Plaintiffs Will Not Be Able to Establish a Probability of Success on the Merits of Their**
23  **Fourth and Sixth Claims for Relief**

24       The plaintiffs will not be able to establish a probability of success on the merits with respect to

25  the Fourth and Sixth Claims for Relief against the Club Ed Defendants because these claims are

26  subject to dismissal based on the official communications privilege of California Civil Code § 47(b).

27  The California Supreme Court has unequivocally held that citizen reports to police officers are

28  absolutely privileged from all tort liability, except malicious prosecution (discussed below), under the

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                    **C 07-2523 RS**

1    official communications privileges established in Civil Code § 47(b).  *Hagberg,*, 32 Cal. 4th at 364;

2    *see also Mulder v. Pilot Air Freight*, 32 Cal. 4th 384, 387 (2004) (decided the same day as *Hagberg*

3    finding section 47(b) provides absolute immunity).   The California Supreme Court recently

4    confirmed that this privilege extends to constitutional claims as well as tort claims.  *Jacob B. v.*

5    *County of Shasta*, 40 Cal. 4th 948, 961 (2007).  As these private defendants' liability is based on an

6    activity that is absolutely privileged under California law, the Fourth and Sixth Claim for relief

7    alleged against the Club Ed Defendants should be dismissed with prejudice under Rule 12(b)(6).

8        Under *Hagberg*, the communication to Lifeguard Alexiou, any other unidentified City official

9    and the unidentified Park Ranger are absolutely privileged.  To the extent that these state law claims

10   are based on any activities by defendant Guzman or Club Ed in relation to petitioning the government

11   to adopt an Ordinance, such speech is also absolutely protected as part of a legislative proceeding of

12   the City government.  *See* Civil Code § 47(b); Code of Civil Procedure § 425.16(e)(1).

13       With these protected activities removed, plaintiffs' state law claims against the private

14   defendants relate only to the fact that Club Ed has an agreement with and is licensed to provide

15   lessons to the public at Santa Cruz beaches.  FAC ¶ 9.   This fact cannot support any of the state law

16   claims against the Club Ed Defendants.  California Business and Professions Code § 17200, like the

17   Sherman Act, does not apply to efforts to influence government action such as those alleged herein,

18   and therefore, fails to state a claim.  *See, e.g., Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985) (holding

19   the § 17200 does not apply to conduct that is within the *Noerr-Pennington* doctrine applicable to

20   antitrust cases).  Nor have the plaintiff alleged that they have exhausted their administrative remedies.

21   *See, e.g., City of Fresno v. Superior Court,* 188 Cal. App. 3d 1484, 1490 (1987) ("A party who brings

22   a complaint for damages premised on the assertion that an administrative body's decision is erroneous

23   should first be required to set aside the administrative decision."); *Campbell v. Regents of the*

24   *University of Cal.,* 35 Cal. 4th 311, 321 (2005) (holding that "exhaustion of administrative remedies is

25   'a jurisdictional prerequisite to resort to the courts'").  Thus, the Fourth and Sixth against Ed Guzman

26   and Club Ed based substantially on protected activity fail to state claims upon which relief can be

27   granted and should be dismissed with prejudice.  *See* Fed. Rule Civ. Proc. 12(b)(6).

28

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                    **C 07-2523 RS**

1   **D.    Plaintiffs Cannot Establish a Probability of Success on their Fifth Claim for Relief for Malicious Prosecution Because They Cannot Establish Lack of Probable Cause or Favorable Termination**

2

3          The plaintiffs cannot establish a probability of success on their malicious prosecution claim

4   based on the facts alleged in the Complaint.  To establish a cause of action for malicious prosecution

5   under California law, a plaintiff must demonstrate the following elements: (1) that the prior action was

6   commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's

7   favor; (2) was brought without probable cause; and, (3) was initiated with malice.  *Casa Herrera, Inc.*

8   *v. Beydoun*, 32 Cal. 4th 336, 341 (2004).

9          The plaintiffs admit that they were "engaged in providing surf lessons to individuals in the

10  ocean off of a public beach commonly referred to as Cowell's beach in the City."  FAC ¶ 8, 3:17-18.

11  The Complaint at paragraph 14 states that ". . .the traffic commissioner found him [Crowell] guilty of

12  violating the previously cited municipal code section."  FAC at 5:10-11.   The Complaint further

13  alleges that on August 17, 2007, the appellate panel reversed the decision by the traffic commissioner.

14  FAC at 5:12-13.   Thereafter, the citation against Greiner was dismissed.   The dismissal alone will not

15  establish favorable termination.  In fact, as alleged in the Complaint, the City dismissed the case not

16  because defendant Greiner was innocent, but rather, based on the appellate panel decision that "if the

17  CITY continued to issue citations under these circumstances it would be unlawful."  FAC at 5:12-14.

18         It is well-settled that the termination must reflect the merits of the action and the plaintiff's

19  innocence of the misconduct alleged in the underlying action.  *Dalany v. American Pacific Holding*

20  *Corp.,* 42 Cal. App. 4th 822, 827 (1996).  Here, the plaintiffs do not dispute that they were providing

21  surfing lessons for which they received citations.  Instead, they allege that the Santa Cruz Municipal

22  Code did not apply to their activity.  *See* FAC ¶ 12.   Thus, the termination of their cases was based on

23  a technical ground, and not on the merits, and therefore, does not qualify as a favorable termination.

24  *Jaffe v. Stone*, 18 Cal. 2d 146, 150 (1941).  "If, however, the dismissal is on technical grounds, for

25  procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a

26  favorable termination."  *Ibid*.

27         Furthermore, neither Crowell nor Greiner can establish the absence of probable cause.  Where

28  a malicious prosecution claim is based upon initiation of a criminal prosecution, the question of

10

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                                  **C 07-2523 RS**

1  probable cause is "whether it was objectively reasonable for the defendant…to suspect the

2  plaintiff…had committed a crime." *Ecker v. Raging Waters Group, Inc.,* 87 Cal. App. 4th 1320, 1330

3  (2001). To meet the burden of lack of probable cause, the plaintiff must show that "any reasonable

4  attorney would regard [the prosecution of the action] as totally and completely without merit." *Id*. at

5  1330-1331. The question of whether probable cause existed is "always" a question of law. *See*

6  *Sheldon Appel Co. v. Albert & Oliker,* 47 Cal. 3d 863, 868, 875 & 881 (1989). The California

7  Supreme Court has explained that this is a "rather lenient" probable cause standard. *Wilson v. Parker,*

8  *Covert & Chidester,* 28 Cal. 4th 811, 822 (2002) (holding that parties "the right to bring a claim they

9  think unlikely to succeed so long as it is arguable meritorious").

10  The finding by the traffic commissioner that the plaintiff Crowell violated the municipal code

11  is conclusive on the question of probable cause. *See Bealmear v. Southern Cal. Edison Co*., 22 Cal.

12  2d 337, 340 (1943) (holding that where plaintiff convicted, probable cause is conclusively established,

13  even though conviction ultimately reversed); *Jaffe*, 18 Cal. 2d at 150 (holding that "if the criminal

14  proceeding goes to trial, it is ordinarily necessary, as a foundation for a malicious prosecution suit,

15  that the plaintiff should have been acquitted."). Even if the plaintiff could establish favorable

16  termination, which they cannot, they cannot establish the absence of probable cause. The finding of

17  guilt by the traffic commissioner relating to Crowell establishing probable cause is equally applicable

18  to Greiner as the Complaint at paragraph 13 alleges that Crowell and Greiner were cited for the same

19  infraction based on the same conduct. *See* FAC at 4:21-5:3. Traffic Referee Baskett specifically

20  found that the Ordinance applied to this conduct: "The delivery, in this case, of the activity of a class

21  on surfing, or a surfing lesson, completed the act of selling. The delivery of the product or thing

22  occurred on public property in violation of the ordinance in question." *See* Connolly Decl. Exh. "A"

23  at 3:1-3. Because the question of whether or not probable cause exists is an objective standard,

24  Traffic Referee Baskett's determination that the ordinance applied to Crowell's conduct establishes

25  probable cause for the citation of Greiner as well. *See Sheldon Appel Co*., 47 Cal. 3d at 881.

26  The Complaint also references that plaintiff Greiner was cited, but not yet prosecuted, under

27  the new City Ordinance sometime after April 10, 2007 [FAC ¶ 18 n. 4] and that plaintiff Greiner was

28  cited in September of 2007 under by a Park Ranger, presumably for a violation of California Code of

11

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                                    **C 07-2523 RS**

Regulations, Title 14, § 4331.   As Greiner has not been prosecuted and that such prosecution has not been terminated in his favor, neither incident can support a cause of action for malicious prosecution. Investigations which do not lead to initiation of proceedings before an official body or administrative board do not provide a sufficient basis upon which to found an action for malicious prosecution. *Lebbos v. State Bar,* 165 Cal. App. 3d 656, 670 (1985).

As Crowell and Greiner cannot establish that their prosecutions for the September 22, 2005 and April 11, 2006 citations lacked probable cause or were favorably terminated, their malicious prosecution claim fails as a matter of law and should be stricken under California Code of Civil Procedure § 425.16 with prejudice.   The claim insofar as it relates to the subsequently issued citations is not yet ripe and should also be dismissed.

**E.    Plaintiffs' Section 1983 Claims Against Defendant Guzman and Club Ed Fail to State any Claim for Relief Because the Complaint Fails to Sufficiently Allege that the Defendants Guzman and Club Ed Were State Actors**

In order to state a claim under § 1983, the plaintiffs must establish that the Club Ed Defendants were (1) acting under color of state law; and (2) violated federal constitutional or statutory rights.  *See Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir. 2004).

> Section 1983 provides the statutory authorization for most federal court suits against local governments or state and local government officials to redress violations of federal civil rights. To bring a § 1983 action, a plaintiff must allege (1) a violation of a right secured by the Constitution or federal law, and (2) that this right was violated by someone acting under color of state law.

*See Beardslee v. Woodford*, 395 F.3d 1064, 1068 (9th Cir. 2005) (citing general elements in § 1983 claims).

Plaintiffs' § 1983 claims for relief allege three separate constitutional violations.  The First Claim for Relief alleges a violation of the First Amendment.  The Second Claim for Relief alleges a violation of the Fourth Amendment.  The Third Claim for Relief alleges a violation of the due process by limiting the plaintiffs' constitutional right to pursue their occupations.

In order to state a federal civil rights claim against Club Ed or Ed Guzman, the plaintiffs must establish that these private parties are state actors.  A plaintiff must allege specific facts showing that the private parties were "willful participant[s] in joint action with the State or its agents."  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  The Ninth Circuit recognizes at least four different tests to establish

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**
**C 07-2523 RS**

state action: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). In *Kirtley*, the Court upheld a trial court's order dismissing the § 1983 action against private parties based on the failure to sufficiently allege state action. *Ibid*.

Here, the Complaint generally alleges that the defendants have conspired for the purpose of eliminating Club Ed's business competition. This alleged conspiracy to eliminate Club Ed's business competition, does not appear to be related to the specific constitutional deprivations at issue herein. Rather, the Complaint alleges a conspiracy to commit another type of purported business wrong not tied to the constitutional deprivation. The Ninth Circuit requires that the joint action be related to the very constitutional wrong at issue.

> Under the joint action test, "courts examine whether state officials and private parties have acted in concert in effecting a **particular** deprivation of constitutional rights." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995) (citing *Collins*, 878 F.2d at 1154). The test focuses on whether the state has " 'so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity.' " *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989) (quoting *Burton*, 365 U.S. at 725). A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was "a willful participant in joint action with the State or its agents." *Collins*, 878 F.2d at 1154 (quotations omitted). To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but **each participant must at least share the common objective of the conspiracy.** *Phelps Dodge Corp.*, 865 F.2d at 1540-41. To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights. *Id.*; *see also Gallagher*, 49 F.3d at 1453-54 (holding that public university's acquiescence in private security team's pat-down searches of concert-goers did not establish state action under joint action test, despite shared goal of producing a profitable event).

*Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (emphasis added).

A generalized conspiracy claim to will not suffice to overcome a Rule 12(b) motion to dismiss:

> Ultimately, however, Brunette's contentions fail. Brunette's allegations do not establish any substantial cooperation or inextricably intertwined activity between the Media and the Humane Society. Brunette alleged that an amorphous long-standing custom facilitated the Media's presence at Brunette's ranch. While we accept that allegation as true, unlike the letter agreement in *Berger*, the Media did not contract with the Humane Society to accompany it on this raid specifically. **The generalized allegation of a wink and a nod understanding between the Media and the Humane Society does not amount to an agreement or a conspiracy to violate Brunette's rights in particular.** Indeed, the Media did not participate in any discussions about Brunette prior to the issuance of the warrant, and in fact, it had no knowledge of Brunette or the animal cruelty complaints against her until the imminent execution of the search warrant.

13

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                                    **C 07-2523 RS**

1   *Brunette v. Humane Soc'y*, 294 F.3d 1205, 1212 (9th Cir. 2002) (emphasis added).   Just as in

2   *Brunette*, the generalized allegation in the Complaint at paragraph 9 that the defendants conspired for

3   the purpose of eliminating Club Ed's business competition does not amount to an agreement to violate

4   the plaintiffs' constitutional rights.

5        The Ninth Circuit has found that ". . . merely complaining to the police does not convert a

6   private party into a state actor."  *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989)

7   (citing *Rivera v. Green*, 775 F.2d 1381, 1382-84 (9th Cir. 1985), cert. denied, 475 U.S. 1128 (1986));

8   *see also Dillberg v. County of Kitsap*, 76 Fed. Appx. 792, 797 (9th Cir. 2003) (holding that serving as

9   a complaining witness for the prosecution did not convert witness into state actor).  Moreover, to

10  establish joint action, a plaintiff must allege substantial cooperation.

11       Our cases have been careful to require a **substantial** degree of cooperation before
         imposing civil liability for actions by private individuals that impinge on civil

12       rights. For example, although we held in *Howerton v. Gabica*, 708 F.2d 380 (9th
         Cir. 1983), that a landlord had engaged in joint action with police officers in the

13       course of the landlord's sustained efforts to evict a tenant, we stressed that there
         was "**more than a single incident** of police consent to 'stand by' in case of

14       trouble" and that the private defendants "repeatedly requested aid by the police to
         effect the eviction, and the police intervened at every step." 708 F.2d at 384-85;

15       *see also Collins*, 878 F.2d at 1155.

16  *Franklin*, 312 F.3d at 445 (emphasis added).

17       The only specific allegations in the Complaint relating to cooperation between the City and the

18  private defendants relate to the following allegations: (1) that Club Ed requested that the Lifeguard

19  Alexiou issue a citation against Crowell on September 22, 2005 [FAC ¶ 13]; (2) that Club Ed

20  requested that Lifeguard Alexiou issue a citation against Greiner on April 11, 2006 [FAC ¶ 13]; and

21  (3) that Ed Guzman made a complaint sometime after April 10, 2007 that resulted in a citation issued

22  against Greiner for which their has been no prosecution [FAC ¶ 18, n. 4].   The fourth incident in

23  September of 2007 does not involve the City but an unidentified Park Ranger for the State of

24  California.  *See* FAC ¶ 19.   Even if the Court were to consider these allegations as sufficient under

25  *Howerton*, they relate only to the Second Claim for Relief alleging a violation of the Fourth

26  Amendment.  The fact that a Park Ranger, unrelated to the conspiracy also issued a citation against

27  Greiner in September of 2007 for the same activity, contradicts the existence of a conspiracy.

28

14

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                           **C 07-2523 RS**

The Complaint is devoid of any allegations that would establish any cooperation between the City and the private defendants with respect to the First Amendment violation or the due process violation. There are no factual allegations in the Complaint that demonstrate any active participation by the private defendants in the passage of the new City ordinance or that the plaintiffs were excluded from the political process. Nor does the Complaint contain any specific allegations that would support a conspiracy theory relating to the issuance of the Cowell Beach Concession License agreement.

Based on the foregoing, the First, Second and Third Claims for Relief should be dismissed against the Club Ed Defendants as the plaintiffs fail to adequately allege that they were state actors. *See* Fed. Rule Civ. Proc. 12(b)(6).

**F.** **Plaintiffs' Section 1983 Claims Against Defendant Guzman and Club Ed Fail to State any Claim for Relief Because the Complaint Fails to Sufficiently Allege that the Defendants Guzman and Club Ed Violated Any of the Plaintiffs' Constitutional Rights**

**1.** ***Plaintiffs' First Claim for Relief Must Be Dismissed Because Plaintiffs Cannot Establish a Violation of the First Amendment as to the Club Ed Defendants***

The First Claim for Relief alleges that: "Defendants issued the citations against plaintiffs in retaliation for their having filed formal written complaints against the City and its agents and such retaliation is in violation of the First Amendment rights of the plaintiffs." FAC ¶ 25. As referenced above, this claim for relief fails to allege any activity on the part of the Club Ed Defendants. The Complaint fails to even allege that the Club Ed Defendants knew about the existence of such letters and took any action to deprive the plaintiffs of their First Amendment Rights. Based on the foregoing, the First Claim for Relief fails to state a claim against the Club Ed Defendants and should be dismissed.

**2.** ***Plaintiffs' Second Claim for Relief Must Be Dismissed Because Plaintiffs Cannot Establish Lack of Probable Cause in Issuing the Citations as the Traffic Commissioner's Finding of Guilt Conclusively Establishes Probable Cause***

To maintain a § 1983 claim for malicious prosecution, "a plaintiff 'must show that defendants prosecuted [him] with malice and without probable cause.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). The lack of probable cause is an "essential" element of a malicious prosecution claim. *See Heck v.*

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**
                                                                                                    **C 07-2523 RS**

1   *Humphrey*, 512 U.S. 477, 484 n.4 (1994).   In determining whether probable cause exists, the Ninth

2   Circuit looks to the law of the state to determine what the legal impact is of the state court's action.

3   *Awabdy*, 368 F.3d at 1066.

4          The determination of whether probable cause existed to issue the citations at issue herein is

5   determined by the totality of facts know to the officer at the time of the arrest and requires a showing

6   of a fair probability or substantial chance of criminal activity. *United States v. Alaimalo*, 313 F.3d

7   1188, 1193 (9th Cir. 2002).

8          As set forth is section II. D. above, the finding by the traffic commissioner that the plaintiff

9   Crowell violated the municipal code is conclusive on the question of probable cause.  *See Bealmear*,

10  22 Cal. 2d at 340.   As the plaintiff cannot establish the absence of probable cause, their Second Claim

11  for Relief fails to state a claim for relief.

12         The Second Claim for Relief also appears to raise a facial challenge to the revised statute.  *See*

13  FAC ¶ 31.  As plaintiff Greiner is the only plaintiff to have been cited under this new ordinance and

14  such citation has not yet been prosecuted, such claim does not appear ripe for review under the Fourth

15  Amendment.

16         Because plaintiffs cannot establish the absence of probable cause or favorable termination, the

17  plaintiffs' Second Claim for Relief asserting a violation of the Fourth Amendment based on malicious

18  prosecution fails as a matter of law.

19
20      ***3.***       ***The Third Claim for Relief Fails to Sufficiently Allege a Constitutional Violation based on Procedural or Substantive Due Process***

21         To state a claim for constitutional deprivation of due process, the plaintiff must establish that

22  the government action has deprived the plaintiff of either a fair process or that the government has

23  exercised its powers without any reasonable justification.

24         The due process clause of the Fourteenth Amendment protects individuals against
        governmental deprivations of "life, liberty, and property" without due process of

25      law. See U.S. Const., amend. XIV. "[T]he touchstone of due process is protection
        of the individual against arbitrary action of government." *County of Sacramento v.*

26      *Lewis*, 523 U.S. 833, 845, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)  (quoting
        *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974));

27      *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir.
        2004). The due process clause confers both procedural and substantive rights --

28      i.e., due process violations can refer either to a denial of fundamental procedural
        fairness (procedural due process violations) or the exercise of power without any

16

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                           **C 07-2523 RS**

1    reasonable justification in the service of a legitimate governmental objective
     (substantive due process violations). *See County of Sacramento v. Lewis*, 523 U.S.
2    833, 845-46, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).

3    *Foley v. Bates*, 2007 U.S. Dist. LEXIS 38063 (N.D. Cal. 2007).

4         A municipality, like the City of Santa Cruz, is empowered by the State of California to issue

5    business licenses for every kind of lawful business transacted in the city, with a few limited

6    exceptions.  *See* Cal. Gov't Code § 37101; Cal. Bus. & Prof. Code § 16000.  The ability of a

7    municipality to regulate vendors was recognized as an aspect of municipal police power and is

8    justified to the extent that it bears a reasonable relationship to public health, safety, morals, welfare

9    and convenience.  *See New Orleans v. Dukes,* 427 U.S. 297 (1976).

10        The City Parks and Recreation Department issued requests for proposals regarding the Cowell

11   Beach Concession License.  *See* Connolly Decl. Exhs. "F" & "G".  The Club Ed Defendants were

12   awarded Cowell Beach Concession License Agreement during all times relevant to the Complaint.

13   *See* Connolly Decl. Exhs. "D" & "E".   While plaintiff Greiner alleges that at an unspecified date, he

14   applied for a concession contract [FAC ¶ 16], plaintiff Greiner fails to allege any additional facts that

15   would support why the City's grant of the concession license to Club Ed, instead of SCSS, violated

16   plaintiff's Greiner's constitutional due process rights whether procedural or substantive.  Based on the

17   foregoing, the Third Claim for Relief fails to state a claim and should be dismissed.

18   **G.    Plaintiffs' Sixth Claim for Relief Based on the Sherman Antitrust Act Fails to State a
            Claim for Relief Against the Club Ed Defendants**

19

20        While it is unclear from the specific factual allegations set forth in the Complaint at paragraph

21   46 through 47 the exact nature of the purported violation, the title to the Sixth Claim for relief makes a

22   reference to a violation of the Sherman Antitrust Act.  15 U.S.C. § 1, *et seq*.  It is unclear whether the

23   plaintiffs are alleging a facial challenge to the Santa Cruz Municipal Ordinance or some other type of

24   challenge.   Nevertheless, the allegations relating to the Club Ed Defendants are in direct conflict with

25   the *Noerr-Pennington* doctrine.   The Ninth Circuit summarizes the *Noerr-Pennington* doctrine as

26   follows:

27        Through a series of decisions, [footnote omitted] the Supreme Court has
          exempted from the antitrust laws certain concerted efforts to influence
28        government officials regardless of anticompetitive purpose. The twin pillars
          upholding the *Noerr-Pennington* doctrine are: (1) the vital role played by free-

17

GUZE19446\mo-rule12-P&A.doc                                                                                    **C 07-2523 RS**
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

1   flowing communication in a representative democracy, and (2) the first
    amendment right to petition the government for the redress of grievances.
2    *City of Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 399, 55 L. Ed.
    2d 364, 98 S. Ct. 1123 (1978); *California Motor Transport Co. v. Trucking
3    Unlimited*, 404 U.S. 508, 510, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972). In order to
    determine whether *Noerr-Pennington* protects a particular activity, we must
4   evaluate whether exempting it would further these two interests sufficiently to
    justify overriding the antitrust laws. *See, e.g., Ernest W. Hahn, Inc. v. Codding*,
5   615 F.2d 830, 842-43 (9th Cir. 1977).

6   *In re Airport Car Rental Antitrust Litigation*, 693 F.2d 84, 86 (9th Cir. 1982).

7       It is proper to decide the question as to whether or not a claim implicates the *Noerr-*

8   *Pennington* doctrine on a motion to dismiss.

9       This circuit has clarified that the *Noerr-Pennington* doctrine is not merely a
        narrow interpretation of the Sherman Act in order to avoid a statutory clash with
10      First Amendment "values." Rather, the doctrine is a direct application of the
        Petition Clause, and we have used it to set aside antitrust actions premised on
11      state law, as well as those based on federal law. *E.g., Amarel v. Connell*, 102 F.3d
        1494, 1524 (9th Cir. 1996). Thus, the *Noerr-Pennington* doctrine sweeps broadly
12      and is implicated by both state and federal antitrust claims that allege
        anticompetitive activity in the form of lobbying or advocacy before any branch of
13      either federal or state government.

14  *Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1059 (9th Cir. 1998); *see also Boone v. City of San*

15  *Jose*, 841 F.2d 886, 894-97 (1988) (affirming district court order dismissing Sherman Act Claims

16  against a developer under the *Noerr-Pennington* doctrine). Here, the Complaint makes conclusory

17  allegations that the Club Ed Defendants somehow improperly influenced the City in supporting the

18  passage of the amended Ordinance to grant Club Ed a monopoly. *See* FAC ¶ 18. This type of claim is

19  protected by the *Noerr-Pennington* doctrine. In *Boone*, the Ninth Circuit held that a plaintiff must

20  demonstrate with specific allegations that the *Noerr-Pennington* protections do not apply. *See* 841

21  F.2d at 894.

22      Our review of the developers' arguments, however, is guided in part by the
        fundamental first amendment values that the *Noerr-Pennington* doctrine is
23      designed to protect. In order not to chill legitimate lobbying activities, it is
        important that a plaintiff's complaint contain specific allegations that the *Noerr-*
24      *Pennington* protections do not apply. [citations omitted] Conclusory allegations
        are insufficient to strip them of their *Noerr-Pennington* protection.

25

26  *Ibid.* The Complaint herein fails to contain such specificity. Assuming all facts stated in the

27  Complaint are true, under the *Noerr-Pennington* doctrine, the Sixth Claim for Relief fails to state a

28  claim and should be dismissed.

18

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**                                    **C 07-2523 RS**

**IV.**

**CONCLUSION**

The Complaint against the Club Ed Defendants is fatally defective.  The state law claims should be dismissed with prejudice pursuant to California's anti-SLAPP statute as these state law claims arise from protected activity and the plaintiffs cannot establish any probability of success on the merits of such claims.  The federal claims are also facially defective.  The plaintiffs cannot establish that the Club Ed Defendants were state actors to state a § 1983 claim against these private defendants.   Moreover, the plaintiffs cannot establish that the alleged wrongful conduct violated their constitutional rights.  Finally, the plaintiffs' Sherman Act claim is barred under the *Noerr-Pennington* doctrine.  Based on the foregoing, the Club Ed Defendants respectfully request that the Court dismiss plaintiffs' state law claims for relief pursuant to California Code of Civil Procedure § 425.16 without leave to amend and dismiss the federal claims for relief under Rule 12(b)(6).

DATED:     October 24, 2007                    GRUNSKY, EBEY, FARRAR & HOWELL

By  */s/ Rebecca Connolly*
       Rebecca Connolly, Attorneys for Defendant Ed
       Guzman and Club Ed,  a California Corporation.

19

GUZE19446\mo-rule12-P&A.doc
*Dylan Greiner, et al. v. City of Santa Cruz, et al.*
**Memorandum in Support of Motion to Dismiss**

**C 07-2523 RS**