George J. Kovacevich, SBN 48125
Barbara H. Choi, SBN 156088
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
333 Church Street
Santa Cruz, CA 95060
Telephone: (831) 423-8383
Facsimile:  (831) 423-9401

Attorneys for Defendants
CITY OF SANTA CRUZ,
OFFICER JOHN ALEXIOU, DANETTE
SHOEMAKER; AND CAROL SCURICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL; ALIJAH K. CROWELL; DAVID M. AVARY;<br><br>              Plaintiff,<br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER JOHN ALEXIOU; DANETTEE SHOEMAKER; CAROL SCURICH; ED GUZMAN, CLUB ED, a California Corporation; and DOES ONE THROUGH TEN,<br><br>              Defendants. | **Case No. C07-02523-RS**<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF SANTA CRUZ, OFFICER JOHN ALEXIOU, DANETTEE SHOEMAKER, CAROL SCURICH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[Fed. R. Civ. P. 12(b)(6), 12(e), 8(a)]<br><br>Date:  November 28, 2007<br>Time:  9:30 a.m.<br>Courtroom 4, Fifth Floor<br>Honorable Richard Seeborg |

1

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT……………………………………………………1

II.   ISSUES PRESENTED…………………………………………………………...2

III.  ARGUMENT……………………………………………………………………3

    A.    The First Amendment Claim Fails to Give Rise to a Constitutional
        Violation……………………………………………………………………...3

    B.    The City's Ordinance is Valid and Constitutional………………………...4

    C.    The Fourth Amendment Violation Lacks Merit……………………………......7

    D.    Third Claim for Violation of Due Process Lacks Merit…………………………..9

    E.    The Individual City Defendants Are Entitled to Qualified
        Immunity………………………………………………………………… 10

    F.    The Fourth Claim for Violation of the California Constitution Lacks
        Merit……………………………………………………………………...11

    G.    City Defendants Have Immunity on the Firth Claim for Malicious
        Prosecution………………………………………………………………12

    H.    The Sixth Claim Based on Anti-trust/Anticompetitive Laws Fail………………12

        1)    Sherman Act…………………………………………………………13

        2)    California Business & Professions Code § 17200 *et seq.*  And
            General Unfair Competition Principles………………………………...13

            i)  The City…………………………………………………………14

            ii) Individual City Defendants…………………………………………14

    I.    Declaratory/Injunctive Relief Claims Cannot Be Stated…………………………15

    J.    In the Alternative, A More Definite Statement is Needed………………………...15

IV.   CONCLUSION………………………………………………………………...16

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

# **TABLE OF AUTHORITIES**

## **Cases**

*Asgari v. City of Los Angeles*, 15 Cal.4th 744, 756-757 (1997)…………………………….………12

*Atwater v. Lago Vista*, 532 U.S. 318, 354 (2000)……………………………………………..…….8

*Bealmer v. Southern Cal. Edison Co.*, 22 Cal.2d 337, 340 (1943)……………………………..… 8

*Beck v. Ohio*, 379 U.S. 89, 91 (1964)………………………………………………………………..…7

*Boone v. Redevelopment Agency*, 841 F.2d 886, 892 (9th Cir. 1988)………………………9. 13

*California Medical Ass'n v. Regents of Univ. of Cal.*, 79 Cal.App.4th 542, 551 (2000)............14

*City of Fresno v. Superior Court*, 188 Cal.App.3d 1484, 1490 (1987)………………………..…10

*City of New Orleans New Orleans v. Dukes*, 427 U.S. 297 1976)……………….…………  5, 9

*County of Sacramento v. Lewis*, 523 U.S. 833, 845-46, 118 S. Ct. 1708,
L.Ed. 2d 1043 (1998)……………………………………………………………………………...9

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*
365 U.S. 127 (1961)……………………………………………………………………………………13

*Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980)……………………………………………12

*Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998)………………………………….6

*Frisby v. Schultz*, 487 U.S. 474, 483 (1988)……………………………………..………… 5

*Grayned v. Rockford*, 408 U.S. 104, 108 (1972)………………………………………..… 4

*Grid Systems Corp. v. Texas Instruments, Inc.*
771 F.Supp. 1033, 1037 (N.D.Cal. 1991)……………………………………………………15

*Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994)…………………………...11

*Hagberg v. California Federal Bank*, 32 Cal.4th 350, 364 (2004)……………………….………15

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

# **TABLE OF AUTHORITIES**

## **Cases (Continued)**

*Hispanic Taco Vendors v. City of Pasco*, 994 F.2d 676, 680-81 (9th Cir. 1993)...................9

*Hooper v. California*, 155 U.S. 648, 657 (1895)………………………………………… ……5

*Hopkins v. City of Sierra Vista*, 931 F.2d 524, 527 (9th Cir. 1991)……………………………8

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991)……………………………………………………10

*INS v. St. Cyr*, 533 U.S. 289 (2001)……………………………………………………………5

*In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 575 (N.D.Cal. 1981)………13

*Jacob B. v. County of Shasta*, 40 Cal.4[th] 948, 961 (2007)………………………………………15

*Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F.Supp. 219, 2237 (D.N.J. 1966)…….........15

*Malley v. Briggs*, 475 U.S. 335, 341 (1986)…………………………………………….........11

*McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)…………………………………….8

*Miller v. French*, 530 U.S. 327, 336 (2000)…………………………………………………5

*Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1974)…….……..3

*Parker v. Brown*, 317 U.S. 341 (1943)………………………………………………………13

*Parratt v. Taylor*, 451 U.S. 527, 537 (1981)………………………………………….……10

*Saucier v. Katz*, 533 U.S. 194, 201 (2001)……………………………………….....10, 11

*Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951, 956 (9th Cir. 1991)………………….10

*United States v. Buckland*, 289 F.3d 558, 564 (9th Cir. 2002)………………………………5

*United States v. Carter*, 339 F.Supp. 1394, 1398-1399 (D. Ariz. 1972)……………………6

*United States v. O'Brien*, 391 U.S. 367, 376-77 (1968)…………………………………4, 7

*United States v. Puerta*, 982 F.2d 1297, 1300 (9th Cir. 1992)………………………………8

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

1

2

## **TABLE OF AUTHORITIES**

3

### **Cases (Continued)**

4

5    *Vlasek v. Superior Court*, 329 F.3d 683, 689 (9th Cir. 2003)……………………………….........5

6    *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)…………………………………….7

7    *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)………………………………………….……..10

8

### **State Statutes**

9

10   Business and Professions Code §16000………………………………………………………4

11   Business and Professions Code § 17200………………………………………………3, 13, 14

12   California Constitution, Art. X, § 3……………………………………………………….2, 11

13   California Constitution, Art. XI, §7……………………………………………………………4

14

15   Civil Code §47……………………………………………………………………………14, 15

16   Civil Code §47(b)……………………………………………………………...…...............2

17   Government Code §815……………………………………………………………………14

18   Government Code §815.2(b)………………………………………………………………12

19

20   Government Code § 821.6……………………………………………………………..... 2, 12

21   Government Code § 37101(a)………………………………………………………………4

22

### **Federal Statutes**

23

24   15 U.S.C. § 1………………………………………………………………………………3, 13

25   42 U.S.C. § 1983……………………………………………………………………………2

26   Federal Rule of Civil Procedure 12(b)(6) ……………………………………………………1

27   Federal Rule of Civil Procedure 12(e)……………………………………………………15

28

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

LAW OFFICES

333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

1

**TABLE OF AUTHORITIES**

2

**Federal Statutes (Continued)**

3

Federal Rule of Civil Procedure 12(e) and 8(a)…………………………………………1, 3

4

5

**Publications**

6

McQuillin, Municipal Corporations §26.22……………………………………………...4

7

**Miscellaneous**

8

Chapter 1291, Section 1 of the 1969 Act of the State Legislature…………………….....4

9

10

Santa Cruz Municipal Code § 13.10.010………………………………………1, 4, 5, 6, 12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831) 423-8383
Facsimile (831) 423-9401

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

LAW OFFICES
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

## **NOTICE OF MOTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 28, 2007 at 9:30 a.m. in Courtroom 4, before the Honorable Richard Seeborg of the above-entitled Court, defendants City of Santa Cruz ("City"), Officer John Alexiou, Danettee Shoemaker, and Carol Scurich (all of these defendants are collectively, "the City Defendants"), will move to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, to seek a more definite statement clarifying Plaintiffs' allegations under Rules 12(e) and 8(a).

## I. **PRELIMINARY STATEMENT**

In their first amended complaint, plaintiffs Dylan Greiner, dba Santa Cruz Surf School, Elijah K. Crowell and David Avary generally contend that the City Defendants engaged in conduct which allegedly interfered with their business of providing surfing lessons at Cowell Beach located in the City.[1]  Despite plaintiffs' attempt to plead claims based on federal and state constitutional law, federal and state antitrust principles, and other state based claims, the allegedly wrongful conduct which plaintiffs attribute to the City Defendants relate to the City's exercise of its power to regulate commercial activity, and the City Defendants' valid efforts to enforce the City's ordinance, as it appeared before and after its amendment in 2007.  In fact, plaintiffs acknowledge that the City had a license agreement with their competitor, Club Ed, and that the City issued infraction citations against Crowell and Greiner for teaching surfing lessons without a permit under Santa Cruz Municipal Code (SCMC) §13.10.010.[2]  As plaintiffs admit, Crowell engaged in teaching surfing lessons at Cowell Beach without a permit and was found guilty on the infraction citation for violating this City's ordinance.[3]  After Crowell appealed his conviction to the appellate panel and the court reversed, the City dismissed the infraction charge against

---

[1]  First Amended Complaint ("FAC") at ¶ 8.
[2]  FAC ¶¶ 9, 13, fn.1.
[3]  *See*, Settled Statement of Decision and Certification of Same and exhibits thereto attached collectively as Exhibit "A" to the Request for Judicial Notice in Support of City Defendants' Motion to Dismiss ("RJN"), filed concurrently herewith.

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

Greiner.[4]  The City amended the ordinance in 2007, clarifying among other things, that the provision of commercial services utilizing City parks and beaches without a permit are prohibited.[5]  The premise of plaintiffs' apparent attack on the City's ordinance before and after its 2007 amendment is the alleged restraint on the Santa Cruz's Surf School's commercial activity due to the City's regulation.  Such an attack is not actionable, however, since any differentiation between Club Ed, the City's licensee, and the Santa Cruz Surf School, which plaintiffs admit did not obtain the concession contract, is based on the City's power to license and regulate commercial activity in the interest of public health, safety, and welfare.

As discussed below, Plaintiffs complaint should be dismissed for failure to raise viable federal law violations based on the 1st , 4th, 5th and 14th Amendments and the Sherman Antitrust Act against the City Defendants.  Alexiou, Shoemaker and Scurich are also entitled to qualified immunity on the federal claims based on §1983 for their efforts to enforce a City law. The state law claims based on unfair competition are also barred since they are based upon the individual City Defendants' privileged conduct under Civil Code §47(b) and because such claims are not actionable against the City.  The City Defendants are also immune from a malicious prosecution claim under Government Code § 821.6.  Plaintiffs also have no basis to seek declaratory and injunctive relief since they have neither alleged that they lack an adequate remedy at law or that they will suffer irreparable injury absent such relief.

## II.  ISSUES PRESENTED

1.  Should Plaintiffs' federal claims based on violation of the first, fourth, fifth and fourteenth amendments be dismissed for failure to establish that the City Defendants violated Plaintiffs' constitutional rights?

2.  Are the City Defendants entitled to qualified immunity for these federal law claims based on 42 U.S.C. §1983?

3.  Should Plaintiffs' state law claim for violation of state constitutional rights under Article Ten, Section 3 be dismissed for failure to establish any constitutional violation by City Defendants?

4.  Should Plaintiffs' fifth claim for malicious prosecution be dismissed against the City Defendants?

---

[4] FAC at ¶ 14.
[5] FAC at ¶ 17.

5.  Should Plaintiffs' sixth claim based on the Sherman Antitrust Act (15 U.S.C.§1 et seq.), California Business and Professions Code § 17200, et seq., and common law of unfair competition be dismissed against the City Defendants?

6.  Should Plaintiffs' claim for declaratory and injunctive relief be dismissed?

7.  As an alternative to the motion to dismiss, does the complaint suffer from insufficient allegations to require a more definite statement under Federal Rule of Civil Procedure 12(e) and 8(a)?

## III. <u>ARGUMENT</u>

### A.    <u>The First Amendment Claim Fails to Give Rise to a Constitutional Violation.</u>

Plaintiffs' contention that their first amendment rights were violated because the City Defendants issued citations against them in retaliation for filing written complaints against the City do not give rise to a constitutional claim.  Here, plaintiffs acknowledge in the facts of the complaint and in the criminal action that they are engaged in teaching surfing lessons without a permit, conduct which plaintiffs acknowledge the City Defendants viewed as violating the ordinance and thus warranting the issuance of the citations.[6]  Plaintiffs' allegations lack any nexus between the citations and the purported letters from Plaintiffs' counsel to show that Plaintiffs' counsel's letters of complaint were a substantial or motivating factor behind the City's citations - the alleged retaliation or harassment.[7]  Further, plaintiffs simply state in conclusory terms and without supplying any facts that they were harassed, retaliated, and discriminated for "their political activity on behalf of the surfing community."[8]  The complaint is devoid of any facts regarding Plaintiffs' purported constitutionally protected "political activity."  Rather, it is clear that the basis for Crowell and Greiner's citations were based not on their exercise of any protected first amendment rights, but on their engaging in commercial activity without a permit which was prohibited by the City's ordinance.  The complaint is devoid of any allegations concerning Avary which give rise to any alleged constitutional violation. This first claim should thus be dismissed.

---

[6]  FAC ¶¶ 10, 13.
[7]  *Mt. Healthy City School Dist. Bd. of Educ.* v. *Doyle*, 429 U.S. 274, 287 (1974).
[8]  FAC ¶ 26.

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

**B.  The City's Ordinance is Valid and Constitutional.**

Plaintiffs contend that the revised ordinance § 13.10.010 "is unconstitutionally vague and ambiguous and does not give persons of ordinary intelligence, including plaintiffs herein, reasonable notice as to how to follow the law and is unreasonably restrictive and burdensome."[9]

A challenge to a statute based on vagueness grounds requires the Court to consider whether the statute is sufficiently clear so as not to cause persons "'of common intelligence ... necessarily [to] guess at its meaning and [to] differ as to its application.'" [10] A statute must be sufficiently clear so as to allow persons of ordinary intelligence a reasonable opportunity to know what is prohibited.[11]  When first amendment freedoms are not at stake, courts must read a statute with "flexibility and reasonable breadth," not "meticulous specificity."[12]

Here, the City's ordinance §13.10.010 is a valid exercise of the City's police power to regulate commercial activity.  It is well-established that any city may, pursuant to its police power, adopt regulations designed to promote the public convenience or the general prosperity, as well as regulations designed to promote the public health, morals or safety.[13]  And municipal licensing and permitting is a device commonly used for such generation of revenue and enforcement of police power regulations.[14] With certain limited exceptions, none of which apply here, cities may license, for revenue and regulation, every kind of lawful business transacted in the city.[15]

In this case, the City owns Cowell Beach[16] and has jurisdiction to regulate commercial activities on this beach pursuant to its police power.  A municipality's ability to regulate vendors

---

[9]  FAC at ¶31.
[10] *United States v. O'Brien*, 391 U. S. 367, 376-77 (1968).
[11] *Grayned v. Rockford*, 408 U.S. 104, 108 (1972).
[12] *Grayned*, 408 U.S. at 110.
[13]  Cal. Const. Art. XI, §7.
[14]  McQuillin, Municipal Corporations §26.22 (3d rev. ed. 1988).
[15] "The legislative body may license, for revenue and regulation, and fix the license tax upon, every kind of lawful business transacted in the city . . . " Cal. Gov't Code §37101(a).
    Business and Professions Code §16000 also provides that "the legislative body of an incorporated city may, in the exercise of its police power, and for the purpose of regulation . . . license any kind of business  . . . within the limits of its jurisdiction . . .."
[16]  The State of California granted to the City of Santa Cruz, the title to all tide and submerged lands, lying between Santa Cruz Point and the west jetty of the small craft harbor.  Cowell Beach is included within this described area and also seen on the map.  *See,* Chapter 1291, Section 1 of the 1969 Act of the State Legislature and attached map – which is attached as part of Exhibit A to the RJN.

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

1  is recognized as a valid exercise of municipal police power and any statutory discrimination

2  among the vendors is justified to the extent that it bears a rational relationship to public health,

3  safety, morals, welfare and convenience.[17]  Recognizing a state and city's broad police powers to

4  regulate its local economy, the Supreme Court ruled that it will "presume the constitutionality of

5  the statutory discriminations [in economic regulations] and require only that the classification

6  challenged be rationally related to a legitimate state interest."[18] Courts are obligated to liberally

7  construe statutes and give them a reasonable and common sense interpretation consistent with the

8  statute's apparent purpose.[19]  In determining whether a regulation is constitutional, courts

9  liberally construe statutes to effectuate the legislature's intent and promote, rather than defeat, the

10 policy underlying the legislation.  All presumptions are in favor of validity and constitutionality.

11     As this circuit has recognized:

12     The Supreme Court instructs that "every reasonable construction must be
       resorted to, in order to save a statute from unconstitutionality." *Hooper v.*
13     *California,* 155 U.S. 648, 657 (1895); *see also Miller v. French,* 530 U.S. 327,
       336 (2000) (counseling courts to avoid "constitutionally doubtful
14     constructions").  Thus, "if an otherwise acceptable construction of a statute
       would raise serious constitutional problems, and where an alternative
15     interpretation of the statute is 'fairly possible,' we are obligated to construe
       the statute to avoid such problems." *INS v. St. Cyr,* 533 U.S. 289 (2001)
16     (internal citation omitted).[20]

17

18     The plain language of section 13.10.010 makes clear that all commercial activity,

19 including sale of items and engaging in commercial services which require utilizing city parks

20 and beaches without a permit is prohibited.  This language clearly encompasses services such as

21 teaching surfing lessons without a permit.  Similar to cities regulating commercial activity on

22 city sidewalks and streets, the City's ordinance regulates and limits commercial activity within

23 its recreational areas to promote public safety.[21]  Regulating business activity through such a

24

25

26 [17] *New Orleans v. Dukes*, 427 U.S. 297 (1976) (ordinance limiting food vendors in city's historical area and
    differentiating between vendors was constitutionally upheld).
    [18] *New Orleans* at 303.
27 [19] *See, Frisby v. Schultz*, 487 U.S. 474, 483 (1988) ("Statutes are to be interpreted to avoid constitutional
    difficulties").
28 [20] *United States v. Buckland*, 289 F. 3d 558, 564 (9th Cir. 2002).
    [21] *Vlasek v. Superior Court*, 329 F.3d 683, 689 (9th Cir. 2003).

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

1   concession contract at recreational areas also serves a significant governmental interest in

2   preserving the natural character of recreational areas for the public's enjoyment.[22]

3       The City's Request for Proposal for bids for the concession contract at Cowell Beach

4   requires, along with other criteria, that the concessionaire provide equipment and services of the

5   highest quality and safety, proof of adequate insurance, permits and licenses to operate, and

6   experience to ensure the public's safety and welfare. [23] Such requirements are clearly designed

7   with the purpose of protecting the public's safety and preserving the harmony of the beach by

8

9   limiting commercial activity.

10      There are no allegations supporting plaintiffs' contention that the ordinance is vague or

11  ambiguous.  In fact, Plaintiffs' allegation of any vagueness or ambiguity is disingenuous in view

12  of the fact that Greiner on behalf of the Santa Cruz Surf School applied for and received a permit

13  to teach surfing lessons under the new ordinance in June 25, 2007.[24]  The Santa Cruz Surf School

14  had previously also received a permit in April, 2007 to operate a children's surf camp during the

15  2007 summer at Cowell Beach.[25]

16

17      While it is not clear that plaintiffs are alleging either a facial or as-applied challenges to

18  the validity of the City's ordinance §13.10.010 easily satisfies the elements of both tests.

19      An ordinance is facially unconstitutional if (1) if it is unconstitutional in every

20  conceivable application because it is vague or impermissibly restricts a protected activity or

21  (2) it seeks to prohibit such a broad range of protected conduct that is unconstitutionally

22  overbroad.[26]

23

---

24  [22]  *United States v. Carter*, 339 F. Supp. 1394, 1398-1399 (D. Ariz. 1972) (boat operator who was not licensed
    concessionaire in park prohibited from launching boats and offering trips on the lake inside the park despite entering
25  into sales agreement outside of park).
    [23]  *See,* Parks and Recreation Request for Proposals Cowell Beach Concessions for 2001 and 2005, true and correct
26  copies of which are attached, respectively, as Exhibits C and D to the RJN.
    [24]  *See,* Parks and Recreation Department Permit for Use of City Facilities, a true and correct copy of which is
27  attached as Exhibit G to the RJN.
    [25]  *See,* Parks and Recreation Department vendor agreement, a true and correct copy of which is attached as Exhibit H
28  to the RJN.
    [26]  *Foti v. City of Menlo Park*, 146 F. 3d 629, 635 (9th Cir.1998).

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

In determining whether an ordinance that regulates or restricts protected speech or conduct is facially valid, courts employ the standard governing time, place, and manner restrictions. Such restrictions are valid if they are: 1) content-neutral, 2) narrowly tailored to serve a significant governmental interest, and 3) leave open ample alternative channels of communication.[27]

Here, the City's ordinance satisfies all three of these elements: 1) The ordinance is content-neutral since it does not regulate any expressive conduct, and plaintiffs' complaint does not allege otherwise; 2) The City's ordinance regulates commercial activity within its recreational areas to further a significant governmental interest in promoting public safety and welfare, and preserving the natural character of recreational areas for the public's enjoyment; 3) The City's ordinance does not implicate expressive conduct and does not limit channels of communication.

Applying a similar test under *United States v. O'Brien*,[28] the City's ordinance can also withstand an as-applied constitutional challenge: (1) the ordinance is within the constitutional power of the government; (2) it furthers an important government interest; (3) the government interest is unrelated to the suppression of free expression; and (4) the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest. As discussed above, the City's ordinance is an exercise of its police power, the ordinance regulates commercial activity in the interest of public safety and generating revenue, and it does not inhibit any First Amendment freedoms to withstand an as-applied constitutional challenge.

## C. The Fourth Amendment Violation Lacks Merit.

Plaintiffs claim they were subject to "unlawful unreasonable and discriminatory harassment, malicious prosecution and seizure."[29] The Fourth Amendment prohibits arrests without probable cause.[30] An officer may arrest someone where he has probable cause to believe an offense has been, is being, or is about to be committed in his presence. Probable cause exists where the facts and circumstances known to the officers and based on reasonably trustworthy

---

[27] *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).
[28] 391 U.S. 367 (1968).
[29] FAC ¶ 30.
[30] *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

1  information warrant a man of reasonable caution in the belief an offense has been committed by

2  the person to be arrested.[31]

3          "The test for probable cause is whether facts and circumstances within the officers'

4  knowledge are sufficient to warrant a prudent person, or one of reasonable caution, to believe, in

5  the circumstances shown, that the suspect has committed, is committing or is about to commit an

6  offense." [32]

7          Here, City Defendants had probable cause to initiate enforcement of the ordinance. The

8  City's park ranger had probable cause to cite plaintiffs because he believed that plaintiffs were

9  committing an offense by not adhering to the regulations of the ordinance.  In *Atwater v. Lago*

10 *Vista*,[33]  the Supreme Court held that where an officer has probable cause to believe that an

11 individual has committed even a very minor criminal offense in his presence, he may without

12 violating the Fourth Amendment, arrest the offender.  Additionally, the finding by the Santa Cruz

13 Superior Court Traffic Referee that Crowell had violated the municipal code is conclusive on the

14 question of probable cause.[34]

15         With regard to plaintiffs' claim that they were subject to unreasonable seizure, plaintiffs'

16 allegations are insufficient and devoid of any allegations of unlawful seizure to give rise to a

17 Fourth Amendment violation.  The complaint contains no allegations that the citation was issued

18 in an extraordinary manner to give rise to such a violation.[35]  Plaintiffs' claim for an alleged

19 violation of the fourth amendment should be dismissed.

20 ///

21 ///

22 ///

23 ///

24

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

---

25  [31]  *McKenzie v. Lamb*, 738 F. 2d 1005, 1008 (9th Cir. 1984); *Hopkins v. City of Sierra Vista*, 931 F. 2d 524, 527 (9th Cir. 1991).

26  [32]  *United States v. Puerta*, 982 F.2d 1297, 1300 (9th Cir. 1992) (internal punctuation, quotation marks, and citation omitted).

27  [33]  532 U.S. 318, 354 (2000).

28  [34] See, *Bealmer v. Southern Cal. Edison Co.*, 22 Cal. 2d 337, 340 (1943) (where plaintiff convicted, probable cause is conclusively established, even though conviction ultimately reversed).
[35]*Atwater* at 1557.

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

333 Church Street
Santa Cruz, CA 95060
Telephone: (831) 423-8383
Facsimile (831) 423-9401

D.  **Third Claim for Violation of Due Process Lacks Merit**.

Plaintiffs allege violation of their due process rights under the fifth and fourteenth amendments by the City's allegedly limiting "plaintiff's right to pursue their occupation" due to the City's agreement with Club Ed.[36]

The due process clause confers both procedural and substantive rights --i.e., due process violations can refer either to a denial of fundamental procedural fairness (procedural due process violations) or the exercise of power without any reasonable justification in the service of a legitimate governmental objective (substantive due process violations).[37]

While plaintiffs do not expressly allege an equal protection claim under the Fourteenth Amendment, both equal protection and substantive due process claims under the Fourteenth Amendment involve the same analysis.  Both require that the ordinance challenged be rationally related to a legitimate governmental interest to withstand such challenges.[38]  As discussed above, the City Defendants' conduct related to their enforcement of the ordinance which was rationally related to the City's legitimate objective in regulating commercial activity on its beaches. Further, any distinctions between plaintiffs Crowell and Greiner who were cited and did not have a permit to conduct business at the beach and Club Ed, which had a permit, is a reasonable consequence of the City's exercise of its police power to regulate its local economy, and does not support an equal protection or substantive due process violation.[39]  The absence of any invidious discriminatory intent forecloses plaintiffs' claim that City Defendants' conduct violates the equal protection or substantive due process. [40]

Plaintiffs also cannot state a claim for a violation of procedural due process.  In order to do so, plaintiffs must allege that:  (1) a protected property interest was taken, and (2) the

---

[36] FAC ¶ 34.
[37] See, *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).
[38] *Boone v. Redevelopment Agency*, 841 F. 2d 886, 892 (9th Cir. 1988) (antitrust and equal protection, substantive and procedural due process claims dismissed in challenge to city zoning ordinance for alleged deprivation of economic investment).
[39] *City of New Orleans v. Dukes*, 427 U.S. at 303-304.
[40] *Boone*, 841 F.2d at 892-93; *Hispanic Taco Vendors v. City of Pasco*, 994 F. 2d 676, 680-81 (9th Cir. 1993) (city ordinance limiting number of approved vendors rationally related to interest in furthering public safety and failed to violate due process).

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

333 Church Street
Santa Cruz, CA 95060
Telephone: (831) 423-8383
Facsimile: (831) 423-9401

procedural safeguards surrounding the deprivation were inadequate.[41]  Plaintiffs cannot allege that they had a vested property right in obtaining a permit from the City.  Even assuming that plaintiffs could allege a deprivation of a vested property interest, plaintiffs cannot satisfy the second element of this test. The Due Process Clause encompassed in the Fourteenth Amendment does not protect against all deprivations of life, liberty, or property by the State.  It protects only against deprivations "without due process of law."[42] A due process claim is not actionable "unless and until the State fails to provide due process."[43]  The Supreme Court has held that a post-deprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process.[44]

In the present case, if plaintiffs are alleging that they are aggrieved by the lack of obtaining the concession contract, they could have challenged the rejection of their bid through the procedures set forth in the ordinance, or by writ of mandate in the state court.  Since plaintiffs have not alleged that they have availed themselves of the available remedy in state court, their procedural due process claim is not ripe and fails.[45]

**E.  The Individual City Defendants Are Entitled to Qualified Immunity.**

The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." [46] Where a defendant seeks qualified immunity, courts are encouraged to make a ruling on the issue "early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." [47]

Here, the individual City Defendants, Alexiou, Shoemaker, and Scurich are entitled to qualified immunity on the basis that they did not violate any constitutional right and in the alternative, that any violation of a constitutional right was not clearly established.

---

[41] *Sierra Lake Reserve v. City of Rocklin*, 938 F. 2d 951, 956 (9th Cir. 1991), *modified in part*, 987 F. 2d 662 (1993).
[42] *Parratt v. Taylor*, 451 U.S. 527, 537 (1981).
[43] *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).
[44] *Id*.
[45] A party who brings a complaint for damages premised on the assertion that the administrative body's decision is erroneous should first be required to set aside the administrative decision.  *City of Fresno v. Superior Court*, 188 Cal. App. 3d 1484, 1490 (1987).
[46] *Hunter v. Bryant,* 502 U.S. 224, 227(1991), *cited in, Saucier v. Katz,* 533 U.S. 194, 201 (2001).
[47] *Saucier* at 202.

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile: (831)423-9401

First, as discussed above, these individual City defendants should be dismissed due to Plaintiffs' failure to establish the violation of a constitutional right.[48] If there is a basis for finding a constitutional violation, a court must next determine whether the public official is entitled to qualified immunity if the evidence cannot the right was clearly established  - whether it would be clear to a reasonable [official/officer] that his conduct was unlawful in the situation he confronted." [49]  If the answer is negative, the official is entitled to qualified immunity.

In determining qualified immunity, the Supreme Court instructed that in engaging in the qualified immunity inquiry, "it is vital to note, [it] must be undertaken in light of the specific context of the case, not as a broad general proposition"[50] and "acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct."[51]

In this case, all of the allegations against Alexiou, Shoemaker, and Scurich are in connection with their efforts to enforce the City's ordinance, which were proper:

> "[W]hen a city council has duly enacted an ordinance, police officers on the street are ordinarily entitled to rely on the assumption that the council members have considered the views of legal counsel and concluded that the ordinance is (valid)."  *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994).

As plaintiffs have acknowledged, they taught surf lessons without a permit issued by the City.  The efforts of Alexiou, Shoemaker and Scurich to enforce the ordinance – the law approved and sanctioned by the city council – by issuing or facilitating the issuance of the infraction citations, were thus proper. There is no evidence that they violated any constitutional right or that they violated a constitutional right that was clearly established.  As such, Alexiou, Shoemaker and Scurich are entitled to qualified immunity and be dismissed on the section 1983 claims.

## F.  The Fourth Claim for Violation of the California Constitution Lacks Merit.

Plaintiffs cite California Constitution, Article Ten, Section 3 as the premise for alleging a constitutional violation.  This section provides that the state may either reserve or sell tidelands within two miles of any incorporated city to a city, county or others.  This section does not

---

[48] *Saucier* at 201.
[49] Saucier at 201.
[50] Saucier at 201.
[51] Saucier at 205; See, *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.").

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

1   authorize a basis to sue the City Defendants.  As discussed above, the State granted title to the

2   Cowell Beach area and the submerged lands.  As such, the City has jurisdiction over this property

3   and has the ability to exercise its police power in the City's discretion.  The City's enactment of

4   ordinance section 13.10.010 is a valid exercise of the City's police power as authorized by state

5   statutes.  Plaintiffs have no basis to allege a constitutional violation against the City Defendants

6   under this article of the California constitution.

7   **G.  City Defendants Have Immunity on the Fifth Claim for Malicious Prosecution**.

8        California Government Code § 821.6 provides absolute immunity to the individual City

9   Defendants on a malicious prosecution claim.  "A public employee is not liable for injury caused

10  by his instituting or prosecuting any judicial or administrative proceeding within the scope of his

11  employment, even if he acts maliciously and without probable cause."[52]

12       As noted above, **California law grants immunity to any "public
         employee" for damages arising from malicious prosecution**. (§ 821.6.)
13       "Although Government Code section 821.6 has primarily been applied to
         immunize prosecuting attorneys and other similar individuals, this section
14       is not restricted to legally trained personnel **but applies to all employees of a
         public entity. [Citation.]**"[53]

15       Here, the individual City defendants' conduct relating to the enforcement of the ordinance

16  are protected under §821.6.  As the individual City defendants are immune under § 821.6, the

17  City is also immune.[54]

18  **H.  The Sixth Claim Based on Anti-trust/Anticompetitive Laws Fail**.

19       Plaintiffs allege that City Defendants conspired[55] with Club Ed, by engaging in anti-

20  competitive conduct such as passing an ordinance which favors Club Ed, the City's licensee, to

21  the Plaintiffs' detriment.

22  ///

---

[52] Cal. Gov't Code § 821.6; see also, *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 756-757 (1997).

[53] Ibid. (emphasis added; citation omitted).

[54] See, Cal. Gov't Code § 815.2(b) (stating that "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.")

[55] Plaintiffs' complaint contains general allegations of a conspiracy between the City Defendants and Club Ed to Plaintiffs' detriment without attributing any constitutional deprivation relating to such conduct.  To the extent that Plaintiffs seek to allege a conspiracy claim, such general allegations are insufficient.  Under the Federal Rules, a plaintiff must plead specific facts to demonstrate the existence of, and overt acts in furtherance of, the conspiracy alleged in the complaint. It is well settled under Ninth Circuit precedent that a plaintiff must do more than simply make a conclusory allegation of conspiracy to survive a motion to dismiss. Ellis v. Cassidy, 625 F. 2d 227, 229 (9th Cir. 1980).

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

1    1)  Sherman Act:

2        15 U.S.C. §1 *et seq.* provides that every contract, combination…or conspiracy, in restraint

3    of trade or commerce among several States . . . is declared to be illegal. (Complained of activity

4    must affect interstate commerce)

5        The City Defendants are immune from liability under the Sherman Act violation due to a

6    state action exception created in *Parker v. Brown*, 317 U.S. 341, (1943).  The basis of the state

7    action exception is that the fee market principles embodied by the Sherman Antitrust Act must

8    give way to the countervailing principles rooted in federalism and state sovereignty that states

9    must be free to act upon local concerns, even if these actions have anti-competitive results.[56]

10   Where a restraint upon trade or monopolization is the result of valid governmental action, as

11   opposed to private action, no violation of the Sherman Act can be made out.[57]

12       Here, the City was authorized by state statute to regulate business activity within its local

13   jurisdiction.  Since the ordinance requires a permit from the City prior to engaging in commercial

14   activity at City parks and beaches, it is plain that the City sought to limit commercial activity so

15   that these recreational areas are not overrun and to promote public safety.   Despite any anti-

16   competitive consequences from the City's legislation and the City Defendants' enforcement of the

17   ordinance, the City Defendants are thus immune from liability under the Sherman Act.[58]

18   2)  California Business & Professions Code § 17200 *et seq.*
         And General Unfair Competition Principles:

19

20       Plaintiffs claim for an alleged violation of the Business & Professions Code §17200 *et seq.*

21   also is not actionable against the City Defendants.

22   ///

23   ///

24   ///

      ///

25

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401

26   _____

     [56] Parker v. Brown, 317 U.S. at 350-51.

27   [57] *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.* 365 U.S. 127 (1961); *In re Airport Car Rental Antitrust Litigation*, 521 F. Supp. 568, 575 (N.D. Cal. 1981) (antitrust claims invalid where limitation on commercial activity was result of government decision).

28   [58]  *Boone*, 841 F. 2d  at 890-891.

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone (831)423-8383
Facsimile (831)423-9401

i)      The City.

A public entity is not a "person" within the meaning of the Unfair Practices Act, which is encompassed under these sections of the Business and Professions Code.  As such, the City cannot be sued under this provision.[59]

The City also cannot be sued under any general common law principles of unfair competition.  California Government Code §815 explicitly provides that a public entity can only be liable if liability is based on a specific statute:

> "Except as otherwise provided by statute: (a) A public entity is not liable for injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

Due to this requirement for a specific statutory basis for holding a public entity liable, Plaintiffs cannot seek to impose any liability against the City under any common law theory.

ii)     Individual City Defendants.

Plaintiffs also cannot sue the individual City defendants, Alexiou, Shoemaker, and Scurich based on an alleged violation of Business & Professions Code § 17200 nor based on general unfair competition principles.

These individuals' relevant conduct related to their enforcement of the City's ordinance.  Their conduct is thus privileged under California Civil Code § 47.  This statute establishes a privilege that bars liability in tort for the making of certain statements.

> Section 47 establishes a privilege that bars liability in tort for the making of certain statements.  Pursuant to section 47(b), the privilege bars a civil action for damages for communications made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to [statutes governing writs of mandate]," with certain statutory exceptions that do not apply to the present case. The privilege established by this subdivision often is referred to as an "absolute"

---

[59]  *California Medical Ass'n v. Regents of Univ of Cal.,* 79 Cal. App. 4th 542, 551(2000).

LAW OFFICES

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile: (831)423-9401

1    privilege, and it bars all tort causes of action except a claim for malicious
2    prosecution.[60]

3        The individual City Defendants' purported liability is based on their activity relating to the
4    enforcement of the City's ordinance. As such, their conduct is privileged under Civil Code §47.

5    **I.    Declaratory/Injunctive Relief Claims Cannot Be Stated**.

6        Plaintiffs seek injunctive and declaratory relief regarding rights and obligations for which
7    They are concurrently seeking damages in their complaint. Under such circumstances,
8    maintaining a declaratory action is superfluous and in fact contrary to the purpose of the
9    Declaratory Judgment Act.[61] Further, Plaintiffs have not alleged that they lack an adequate
10    remedy at law or that they will suffer irreparable injury absent such extraordinary relief. As such,
11    this claim should be dismissed.

12    **J.    In the Alternative, A More Definite Statement is Needed**.

13        Federal Rule of Civil Procedure 12(e) permits a responding party to require plaintiff to
14    plead a more definite statement of its pleadings to cure vague or ambiguous allegations. Rule
15    8(a) also requires a short and plain statement of the claim showing that the pleader is entitled to
16    relief.[62]

17        In the alternative to the motion to dismiss, City Defendants request that Plaintiffs be
18    required to plead sufficient facts to support plaintiffs' alleged claims of constitutional injury.
19    For example, Plaintiffs rely on conclusory and general statements which provide
20    insufficient details regarding the nature of their claims. Plaintiffs' claims of retaliation and

21

22

23

---

[60] *See, Hagberg v. California Federal Bank*, 32 Cal. 4th 350, 364 (2004) (holding that citizen reports to police officers are absolutely privileged from all tort liability, except malicious prosecution, under privileges established in Civil Code § 47). S*ee also, Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 961 (2007) (section 47(b) provides absolute immunity to state constitutional claims as well as tort claims.)

[61]    *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966) ("The Declaratory Judgment Act was designed to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never. The Act permits parties so situated to forestall the accrual of potential damages by suing for a declaratory judgment, once the adverse positions have crystallized and the conflict is real and immediate.").

[62]    *Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal. 1991) (pleading should provide defendant with basis for assessing initial strength of plaintiff's claim).

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

1   harassment allegations are conclusory and lack details to demonstrate any nexus between Crowell

2   and Greiner's citations and their alleged political activity.  There are also insufficient allegations

3   involving Avary which do not give rise to any viable claim.

4                           IV.  **CONCLUSION**

5          Despite Plaintiffs attempts, they cannot state any actionable claims against the City

6   Defendants.  Plaintiffs' complaint stem from the consequences of the City's valid exercise of its

7   police power to regulate commercial activity.  Even if as Plaintiffs allege, the ordinance had a

8   negative impact on Plaintiffs, the effect of a valid commercial regulation does not give rise to any

9   of the federal or state law claims alleged in Plaintiffs' First Amended Complaint.  All of

10  Plaintiffs' claims should thus be dismissed.

11

12                              ATCHISON, BARISONE, CONDOTTI &
                                KOVACEVICH
13

14

    Dated:  October 24, 2007                By:                     /S/
15
                                            Barbara H. Choi
16                                          Attorney for Defendants
                                            CITY OF SANTA CRUZ,
17                                          OFFICER JOHN ALEXIOU, DANETTE
                                            SHOEMAKER; AND CAROL SCURICH
18

19

20

21

22

23

24

25

26

27

28

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO P'S & A'S

LAW OFFICES
ATCHISON, BARISONE, CONDOTTI & KOVACEVICH
333 Church Street
Santa Cruz, CA 95060
Telephone: (831)423-8383
Facsimile (831)423-9401