# EXHIBIT A

# TO

# REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS

I hereby certify the foregoing instrument is a correct copy of the original on file in this office.
DATED 10-23-07
ALEX CALVO, CLERK
By [signature] Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ

PEOPLE OF THE STATE OF CALIFORNIA
vs.
ELIJAH KAI CROWELL,
Defendant.

Case No. 5SZ102332

SETTLED STATEMENT OF DECISION AND CERTIFICATION OF SAME

The above-captioned case came before Referee Kim Baskett at trial on December 13, 2005. The defendant, ELIJAH KAI CROWELL represented by Attorney David Meyberg, was present. Deputy City Attorney for the City of Santa Cruz, Heather Lenhardt, was present with the citing officer John Alexiou, an officer employed by the City of Santa Cruz Parks and Recreation Department.

Defendant was cited for violation of City of Santa Cruz Municipal Code section 13.10.010 which is attached hereto as an exhibit and incorporated herein by this reference for the convenience of the Appellate Court.

The trial court heard the following evidence:

On September 22, 2005, Officer Alexiou observed ELIJAH KAI CROWELL, the defendant, teaching a surfing lesson on Cowell's Beach. The lesson involved Elijah Kai Crowell and three other people, one of whom was an eight year old child. The officer observed the eight year old female being pushed into the ocean from the beach. The girl got up crying and appeared to be in distress. Upon contact the officer found that she had sustained a lower leg injury. The officer asked the mother of the child to come out of the water, and he got the mother's consent to treat the girl's injury. He splinted the child's leg and called Code 2 for an ambulance. After speaking to the defendant, the officer cited him for failing to get a permit pursuant to MC 13.10.010 prior to conducting surfing lessons on the public beach.

There was no cross examination. The defense produced two declarations which are attached hereto and incorporated herein by this reference. The first declaration was that of the defendant and the second declaration was that of the owner of the Santa Cruz Surf School, Dylan Greiner.

Defendant's declaration states that he is an independent contractor working as a surf instructor with Santa Cruz Surf School. He was providing surfing instruction at the "surf break" of Cowell's Beach to a mother with her two children on the date of the issuance of the citation. He states that he did not receive money for the lessons while on the public beach. Mr. Greiner states in his declaration that the school accepted payment for the surf lessons observed by the officer, but that no money exchanged hands at the location of the lesson, the public beach.

Counsel argued that Defendant merely provides recreational instructional services, and since he does not sell a tangible product, the activity does not come within the prohibition of the ordinance. If the City wished to prohibit "services", then the ordinance should have included the word "services," and the language of the ordinance should be strictly construed against the drafter of the ordinance.

The Deputy City Attorney argued that there was no authority for strict construction of the language of a statute against the drafter. She pointed out that when limitation of the effect of an ordinance to tangible personal property was desired the City had no difficulty in drafting an ordinance that did so provide, for example in Municipal Code section 5.42.000 ( c) . The Deputy City Attorney argued that the phrase in the ordinance "any other thing" is not limited to tangible goods, and does include sales of intangibles such as surfing lessons. She pointed out that the ordinance has been uniformly enforced to restrict all lessons of any kind.

The matter was taken under submission and set for judgment on December 20, 2005. On that date the defendant was found guilty. The Court determined that the word "thing" can be defined as an idea, a deed, an act or an accomplishment, or an object of a right.. (Webster's New Collegiate Dictionary (1980) G.& C. Merriam Co. "Thing" is not restricted to tangibles by definition nor by the ordinance. "Sell" is defined in the same dictionary as "to deliver the

personal services of for money." The delivery, in this case, of the activity of a class on surfing, or a surfing lesson, completed the act of selling. The delivery of the product or thing occurred on public property in violation of the ordinance in question. The instant appeal was filed on January 20, 2006.

On February 7, 2006, after Defendant filed this appeal and prior to the Hearing on the Settled Statement, the defendant filed a Writ of Habeas Corpus. Defendant sought the writ based on "newly discovered evidence." On April 5, 2006, the Court held the hearing on the writ petition prior to the settled statement hearing.

Petitioner asserted there was "newly discovered evidence." He argued that Cowell's Beach is not under the control of the City of Santa Cruz except through the permit process administered by the California Coastal Commission. See Petitioner's "writ" evidence attached hereto and incorporated herein by this reference. The "newly discovered" evidence was that the City had let the City Beach Management Plan Permit from the Coastal Commission lapse. He argued that this proved there was no authority for the City of Santa Cruz Parks and Recreation Department to issue citations in the area of Cowell's or Cowell's Beach during the lapse.

Procedurally the Court construed the Writ of Habeas Corpus as a motion for reconsideration (as Petitioner presented no authority for how a writ could lie). The Court found that the motion was untimely and that the proffered evidence was not "newly discovered" within the meaning of the statute allowing for reconsideration of judgment. In the alternative, the Court determined that, even if the evidence had been presented at trial, it would not change the judgment of the Court as the legislative act creating the Coastal Commission would not act to divest the City of Santa Cruz of ownership and control of its property.

With regard to defendant's argument that the sand at the surf break of Cowell's Beach is not City property, the Court does not concur. The City's ownership extends to submerged lands and thus includes the "surf break". Attached hereto and incorporated herein by this reference is Chapter 1291 of the 1969 Act of the State Legislature which conveyed the beach in question to the City of Santa Cruz. Included there is a map of the point at which the proposed

boundary of submerged lands is located. The City of Santa Cruz ownership and jurisdiction extends beyond the area of the violation to the submerged lands.

The Court does now settle and allow the foregoing Statement on Appeal and certifies that the same is a true and correct statement of the proceedings had in the above-entitled action.

DATED: May 30, 2006

Kim Baskett

KIM BASKETT
Traffic Referee

The Santa Cruz Municipal Code

I hereby certify the foregoing instrument is a correct copy of the original on file in this office.
DATED 10/23/07
ALEX CALVO, CLERK
By [signature] Deputy

Chapter 13.10
SALES - PUBLIC BEACHES AND PARKS

Sections:

13.10.010 Permit for sales in public parks and beaches.

13.10.020 Application for permit.

13.10.030 Local nonprofit organizations-Issuance of permits by director.

13.10.040 Other persons and organizations - Issuance of permit by city council.

13.10.050 Issuance or denial of permit - Criteria and conditions.

13.10.060 Appeals.

13.10.070 Violations.

13.10.010 PERMIT FOR SALES IN PUBLIC PARKS AND BEACHES.

No person shall sell any goods, food, beverages or any other thing in any public park or on any public beach under the jurisdiction of the department of parks and recreation, unless authorized by a permit issued pursuant to this chapter and unless in conformity with the terms and conditions of such permit.

(Ord. 80-32 § 2 (part), 1980).

13.10.020 APPLICATION FOR PERMIT.

Any person who desires a permit may apply for such permit by filing an application with the director of parks and recreation. The application shall be filed on forms provided by the department of parks and recreation, and shall include such information as may be requested by the department.

(Ord. 80-32 § 2 (part), 1980).

13.10.030 LOCAL NONPROFIT ORGANIZATIONS - ISSUANCE OF PERMITS BY DIRECTOR.

The director of parks and recreation may issue permits only for nonprofit organizations meeting the following criteria:

(a)The organization has its home base, or a local branch with a home base, in Santa Cruz County;

(b)The organization has qualified for and received tax-exempt status as a nonprofit organization under the California Revenue and Taxation Code and under the federal Internal Revenue Code, or is organized for purposes and conducted in such a manner that it would so qualify for tax-exempt status as a nonprofit organization;

(c)The organization's services are directed toward the local community;

(d)The organization will directly conduct, promote, and/or benefit from the event.

(Ord. 80-32 § 2 (part), 1980).

13.10.040 OTHER PERSONS AND ORGANIZATIONS - ISSUANCE OF PERMIT BY CITY COUNCIL.

Any other person or organization applying for a permit under this chapter may receive such a permit only if issued by the city council. Upon receipt of an application from such other person or organization, the director of parks and recreation shall obtain any information necessary or appropriate and shall forward the application to the council, together with any appropriate recommendation.

(Ord. 80-32 § 2 (part), 1980).

13.10.050 ISSUANCE OR DENIAL OF PERMIT - CRITERIA AND CONDITIONS.

The director or city council may issue or deny the permit, depending upon whether the decision maker finds that issuance or denial is consistent with the public welfare. If the decision maker issues a permit, it may be issued subject to any terms and conditions considered appropriate or necessary in order to protect the public welfare, and in order to make sure that any activities subject to the permit are conducted in a manner that is consistent with the use of parks and beaches by other persons. In addition, any permit issued shall be subject to such rules and regulations as the director of parks and recreation may have adopted or may thereafter adopt. If a permit is granted, it shall specify the times and places wherein the permit may be exercised, and may limit the number of days during any week, month or year wherein a permit may be exercised by any one person or organization.

(Ord. 80-32 § 2 (part), 1980).

13.10.060 APPEALS.

Any person aggrieved by a decision of the director may appeal the decision to the city council, in accordance with Chapter 1.16 of this code.

(Ord. 80-32 § 2 (part), 1980).

## 13.10.070 VIOLATIONS.

Any person who sells any goods, food, beverages, or any other thing in any public park or on any beach under the jurisdiction of the department of parks and recreation, without first having obtained the permit required by this chapter, or in violation of any of the terms or conditions of such permit, is guilty of an infraction.

(Ord. 80-32 § 2 (part), 1980).

## DECLARATION OF ELIJAH CROWELL

Elijah Crowell, under penalty of perjury under the laws of the State of California, declares the following true and correct:

1. I am an independent contractor working as a surf instructor with Santa Cruz Surf School. On 9/22/05 I taught a lesson to Octavia Anderson-Mackey and her children (daughter, Kaela and son, Conor).
2. I did not market to or otherwise solicit business from these clients on or about Cowell's Beach on 9/22/05 or any day prior to said date.
3. I did not accept any payment or engage the clients in any financial transaction on or about Cowell's Beach.
4. I met with these clients at Santa Cruz Surf School located at 322 Pacific Avenue and provided surf instruction thereafter at the surf break commonly known as Cowell's located directly off Cowell's Beach, in Santa Cruz, California.
5. I was issued a citation by Lifeguard, John Alexeau for violation of Santa Cruz City Code Section 13.10.070 (Beach Sales Without a Permit) on 9/22/05 at approximately 2:15PM.

[signature]
Elijah Crowell

Date: 12-6-05

I hereby certify the foregoing instrument is a correct copy of the original on file in this office.
DATED 10-23-07
ALEX CALVO, CLERK
By [signature] Deputy

DECLARATION OF DYLAN GREINER

Dylan Greiner, under penalty of perjury under the laws of the State of California, declares the following true and correct:

1. I am the owner of Santa Cruz Surf School, a duly licensed business within the City of Santa Cruz.
2. I market my school's services and clients are registered either: in person at the business office located at 322 Pacific Avenue, Santa Cruz, or, on-line using the self-registration business' website.
3. No marketing to Octavia or her family took place on Cowell's Beach or any other conduct to secure her as a client.
4. Santa Cruz Surf School accepts payment from clients at the business office location.
5. Santa Cruz Surf School accepted payment from Octavia Anderson-Mackey on 9/22/05 at 322 Pacific Avenue, Santa Cruz.

Dylan Greiner

Date: 12-6-05

I hereby certify the foregoing instrument is a correct copy of the original on file in this office.

DATED 10-23-07

ALEX CALVO, CLERK

By ________ Deputy

960.3. On abandonment of an easement or the vacation of a highway, when the county owns only an easement, title thereto reverts to the owner of the underlying fee except as otherwise provided in Section 959.1. Where the county owns the property on which the vacated highway was located in fee, the board of supervisors may dispose of the property as provided in Section 960.4.

## CHAPTER 1291

*An act to convey certain tide and submerged lands to the City of Santa Cruz, in furtherance of navigation, commerce and fisheries upon certain trusts and conditions, and providing for the government, management, use, and control thereof, and reserving rights to the state.*

[Approved by Governor August 30, 1969. Filed with Secretary of State August 31, 1969.]

*The people of the State of California do enact as follows:*

SECTION 1. There is hereby granted to the City of Santa Cruz a municipal corporation of the State of California, and to its successors, all the right, title and interest of the State of California, held by the state by virtue of its sovereignty in and to all tide and submerged lands, whether filled or unfilled, lying between Santa Cruz Point and the west jetty of the small craft harbor, more particularly described as follows:

Beginning at a station in the Bay of Monterey from which a granite monument at the Northwestern corner of lands conveyed by Almus L. Rountree and Elizabeth E. Rountree, his wife, to the United States of America by deed dated May 16, 1868, and recorded in Volume 11 of Deeds at Page 495, Santa Cruz County Records, bears North 38° West 1000.00 feet distant; thence from said point of beginning Northeasterly in a direct line to a station from which an "X" cut in the concrete at the intersection of the Eastern line of 4th Avenue with the Northern line of Atlantic Avenue, as said intersection is shown on "Record of Survey Map of the Lands of Russell Giffin-Et Ux", filed in Volume 37 of Maps at Page 62, Santa Cruz County Records, bears North 22° 45' West 1618.00 feet distant; thence due East 100 feet, a little more or less, to the line of low tide on the Western side of the Western jetty at the entrance to the Santa Cruz Small Craft Harbor; thence Northerly along said low tide line to its intersection with the low tide line of the Bay of Monterey; thence Westerly along said last mentioned low tide line to the Eastern boundary of the tidelands conveyed to the Town of Santa Cruz by the People of the State of California, as described in Section 2 of an act entitled "An Act supplementary to and amendatory of an Act to incorporate the Town of Santa Cruz, approved March thirty-first, eighteen hundred and sixty-six", approved March

I hereby certify the foregoing instrument is a correct copy of the original on file in this office.
DATED 10-24-07
ALEX CALVO, CLERK
By [signature] Deputy



21, 1872, as Chapter CCCXLII of the Statutes of California of the Nineteenth Session of the Legislature of the State of California; thence Westerly along the Southern boundary of said last mentioned lands to a station from which the place of beginning bears due East; thence due East about 100 feet to the place of beginning.

To be forever held by such city and by its successors in trust for the uses and purposes, and upon the express conditions following, to wit:

(a) That the lands shall be used by the city and its successors for purposes in which there is a general statewide interest as follows:

(1) For the establishment, improvement and conduct of a harbor, and for the construction, reconstruction, repair, maintenance, and operation of wharves, docks, piers, slips, quays, and all other works, buildings, facilities, utilities, structures and appliances incidental, necessary or convenient for the promotion and accommodation of commerce and navigation.

(2) For the construction, reconstruction, repair and maintenance of highways, streets, roadways, bridges, parking facilities, power, telephone, telegraph or cable lines or landings, water and gas pipelines, and all other transportation and utility facilities or betterments incidental, necessary or convenient for the promotion and accommodation of any of the uses set forth in this section.

(3) For the construction, reconstruction, repair, maintenance and operation of public buildings, public assembly and meeting places, convention centers, parks, playgrounds, bathhouses and bathing facilities, recreation and fishing piers, public recreation facilities, including but not limited to public golf courses, and for all works, buildings, facilities, utilities, structures and appliances incidental, necessary or convenient for the promotion and accommodation of any such uses.

(4) For the establishment, improvement and conduct of small boat harbors, marinas, aquatic playgrounds and similar recreational facilities, and for the construction, reconstruction, repair, maintenance and operation of all works, buildings, facilities, utilities, structures and appliances incidental, necessary or convenient for the promotion and accommodation of any of such uses, including but not limited to snackbars, cafes, restaurants, launching ramps and hoists, storage sheds, boat repair facilities with cranes and marine ways, administration buildings, public restrooms, bait and tackle shops, chandleries, boat sales establishments, service stations and fuel docks, yacht club buildings, parking areas, roadways, pedestrian ways and landscaped areas.

(b) The city, or its successors shall not at any time, grant, convey, give or alienate such lands, or any part thereof, to any individual, firm or corporation for any purposes whatever; provided, that the city, or its successors, may grant franchises thereon for limited periods, not exceeding 66 years,



for wharves and other public uses and purposes, and may lease the lands, or any part thereof, for limited periods, not exceeding 66 years, for purposes consistent with the trusts upon which the lands are held by the state, and with the requirements of commerce and navigation; and collect and retain rents and other revenues from such leases, franchises and privileges. Such lease or leases, franchises and privileges may be for any and all purposes which shall not interfere with commerce and navigation. Nothing contained in this paragraph (b) shall be deemed to affect the validity or term of any franchise granted by said city under the Franchise Act of 1937, and any such franchise shall be effective with respect to the lands.

Any plan for development involving filling, dredging or other improvements must first be approved by the State Lands Commission 90 days prior to commencement of work thereon. In the event that the commission does not respond within 90 days of receipt, approval of the project is deemed to be given. The purpose of this provision is to insure that the provisions of Chapter 1642, Statutes of 1967, are being carried out and that any developments by local agencies pursuant to legislative grants or otherwise will be in accord with policies and plans included in the California Comprehensive Ocean Area Plan.

(c) Within 10 years from the effective date of this act, the lands shall be substantially improved by the city without expense to the state, and if the State Lands Commission determines that the city has failed to improve the lands as herein required, all right, title, and interest of the city in and to all lands granted by this act shall cease and the lands shall revert and vest in the state.

Nothing contained in this act, however, shall preclude expenditures for the development of the lands for any public purpose not inconsistent with commerce, navigation and fishery, by the state, or any board, agency or commission thereof, when authorized or approved by the city, nor by the city of any funds received for such purpose from the state or any board, agency or commission thereof.

(d) In the management, conduct, operation and control of said lands or any improvements, betterments, or structures thereon, the city or its successors shall make no discrimination in rates, tolls or charges for any use or service in connection therewith.

(e) The state shall have the right to use without charge any transportation, landing or storage improvements, betterments or structures constructed upon the lands for any vessel or other watercraft, aircraft, or railroad owned or operated by the state.

(f) There is hereby reserved to the people of the state the right to fish in the waters on the lands with the right of convenient access to the water over the lands for such purpose.

(g) There is hereby excepted and reserved to the state all deposits of minerals, including oil and gas, in the lands, and to the state, or persons authorized by the state, the right to prospect for, mine, and remove such deposits from the lands.

(h) Such lands are granted subject to the express reservation and condition that the state may at any time in the future use the lands or any portion thereof for highway purposes without compensation to the city, its successors or assigns, or any person, firm or public or private corporation claiming under it, except that in the event improvements, betterments or structures have been placed upon the property taken by the state for such purposes, compensation shall be made to the person entitled thereto for the value of his interest in the improvements, betterments or structures taken or the damages to such interest.

(i) The State Lands Commission shall, at the cost of the city, survey and monument the granted lands and record a description and plat thereof in the office of the County Recorder of Santa Cruz County.

(j) The city shall cause to be made and filed with the Department of Finance, annually, a detailed statement of receipts and expenditures by it of all rents, revenues, issues and profits in any manner hereafter arising from the granted lands or any improvements, betterments or structures thereon.

## CHAPTER 1292

*An act to amend Section 14115 of the Welfare and Institutions Code, relating to payments.*

[Approved by Governor August 30, 1969. Filed with Secretary of State August 31, 1969.]

*The people of the State of California do enact as follows:*

SECTION 1. Section 14115 of the Welfare and Institutions Code is amended to read:

14115. Bills for service under this chapter shall be submitted not more than two months after the month in which the service is rendered, and shall be in the form prescribed by the director, except that in the event the patient does not identify himself to the provider as a Medi-Cal beneficiary, the provider shall be entitled to submit his statement at any time within 60 days after that date certified by the provider as the date said patient was first identified as a Medi-Cal beneficiary; provided, however, that such date certified by the provider as the date the patient was first so identified shall be not later than one year after the month in which the service was rendered. Further, the director may, where he finds that delay in the submission of bills was caused by circumstances beyond the control of the provider, extend the period for submission of bills for a period not to exceed one year.


MAP OF
THE CITY OF
SANTA CRUZ
CALIFORNIA
SCALE IN FEET
500 0 500 1000 1500
LEGEND
CORPORATION BOUNDARY
DE LAVEAGA PARK BOUNDARY
PROPOSED BOUNDARY OF SUBMERGED LANDS
MONTEREY BAY
Municipal Pier
RIVER
WEST CLIFF DRIVE
LIGHTHOUSE
LAGUNA
WASHINGTON
COWELL
SEABRIGHT
MURRAY
EATON ST.
DOLORES
N