George J. Kovacevich, SBN 48125
Barbara H. Choi, SBN 156088
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
333 Church Street
Santa Cruz, California 95060
Telephone: (831) 423-8383
Facsimile: (831) 423-9401

Attorneys for Defendants
CITY OF SANTA CRUZ, JOHN ALEXIOU,
DANNETTE SHOEMAKER, AND CAROL SCURICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL; ALIJAH K. CROWELL; DAVID M. AVARY;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER JOHN ALEXIOU; DANETTEE SHOEMAKER; CAROL SCURICH; ED GUZMAN, CLUB ED, a California Corporation; and DOES ONE THROUGH TEN,<br><br>Defendants. | CASE NO. **C07-02523-RS**<br><br>REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS CITY OF SANTA CRUZ, JOHN ALEXIOU, DANNETTE SHOEMAKER AND CAROL SCURICH<br><br>[Fed. R. Civ. P. 12(b)(6), 12(e), 8(a)]<br><br>Date: December 19, 2007<br>Time: 9:30 a.m.<br>Courtroom: 4, Fifth Floor<br><br>Honorable Richard Seeborg |

**I.
PRELIMINARY STATEMENT**

Plaintiffs' opposition brief does not provide any persuasive argument to defeat dismissal of their entire first amended complaint. Rather, Plaintiffs appear to misread and grossly exaggerate the plain meaning of the City of Santa Cruz's revised ordinance in an attempt to argue that the ordinance is unconstitutional. Plaintiffs' long list of conduct which they contend is hypothetically banned under the regulation demonstrates the unreasonableness of Plaintiffs' interpretation of the ordinance's scope. Other than providing additional general and conclusory

1 statements in their reply brief that Plaintiffs have been negatively affected by the City's ordinance and by the efforts of the defendants, the City of Santa Cruz and the individually-named City employees (collectively, the "City Defendants"), in enforcing the regulation, Plaintiffs fail to set forth any viable legal theory to impose liability against these City Defendants.

**II.
ARGUMENT**

A. **Plaintiffs' Federal Constitutional Claims Lack Merit**.

I) **First Amendment Claim**.

Plaintiffs are unable to state a viable First Amendment claim based on an alleged retaliation under § 1983 by the City Defendants for engaging in protected conduct, despite a general reference to "political activity." (FAC at ¶ 26). In order to state a First Amendment violation based on retaliation, Plaintiffs have the burden of showing that the constitutionally protected conduct "was a substantial or motivating factor in any retaliatory acts taken by" the City Defendants. *Sorrano's Gasco v. Morgan, Inc.*, 874 F. 2d 1310, 1314 (9th Cir. 1989); *Mt. Healthy City School Dist. Bd. of Educ.* v. *Doyle*, 429 U.S. 274, 287 (1974). The burden then shifts to the defendant to establish that the defendant would have reached the same decision in the absence of the protected activity. *Id*.

Here, Plaintiffs' attribute the citations to their alleged exercise of their First Amendment rights in lodging a complaint. (FAC at ¶¶ 10, 12). But a review of the so-called "formal letter of complaint" reflects that City staff had informed Plaintiffs that they could not teach surfing at Cowell Beach without a permit under the ordinance, despite Plaintiffs' view that the ordinance did not apply to their conduct. (*See*, Letter from David Meyberg dated September 7, 2005, a true and correct copy of which is attached as Exhibit "I" to the Additional Request for Judicial Notice in Support of City Defendants' Motion to Dismiss, filed concurrently herewith). Just because a citation was issued for violating the ordinance to Crowell a few weeks after the letter was sent, and a citation was issued to Greiner about seven months after the letter was sent does not meet

1  the substantial factor test.  Plaintiffs' own allegations reflect that he citations would have been
2  issued regardless of any letter of complaint, since Plaintiffs do not dispute in the First Amended
3  Complaint or in the infraction case that they were in fact engaged in providing surfing lessons
4  when they were issued citations.  Plaintiff Crowell's declaration submitted to the Superior Court
5  reflects his acknowledgment that he taught surfing lessons at Cowell Beach without a permit.
6  (*See*, Statement of Decision, and Crowell's and Greiner's Declarations in *People v. Elijah Kai*
7  *Crowell,* attached as Exhibit A to the Request for Judicial Notice In Support of City Defendants'
8  Motion to Dismiss ("RJN")).  Plaintiffs new references relating to the alleged importance of the
9  surf break as a public forum for engaging in First Amendment protected conduct fail to save
10 their First Amendment claim based on any alleged retaliation.  (Plaintiffs' Opposition at pp. 6-7).
11 There are no allegations in the complaint that the City Defendants hindered Plaintiffs' right to
12 exercise their freedom of expression while Plaintiffs engaged in surfing, or by the City
13 Defendants allegedly limiting Plaintiffs' access to a public beach.  The City's former and current
14 ordinance did not/does not regulate First Amendment speech.  (*See*, SCMC § 13.10.010).

**ii) Plaintiffs' Constitutional Attack on the New Ordinance is Deficient**.

17 Plaintiffs insist that the new revised ordinance is unconstitutionally vague and ambiguous
18 by asserting an exaggerated view of the scope of the ordinance.
19 Revised Santa Cruz Municipal Code §13.10.010 states in part that:
20 "no person shall solicit, sell, . . . peddle any goods . . . services . . . except as
   permitted by the City.  This prohibition includes sales activities that utilize park
21 and beach property . . . to complete the terms of sale or provide a service as a
   result of the sale or that affect park or beach operations, facility use or visitor
22 safety. . ..
23 A plain reading of this section shows that the City is not infringing on First Amendment
24 freedoms, but is rather explicitly regulating commercial activity on park and beach property in
25 the interest of public health and safety.  Courts favor liberally construing economic regulations
26 and giving them reasonable and common sense interpretations to effectuate the statute's apparent
27 purpose to save the statute from unconstitutionality.  (*See*, Defendants' Motion to Dismiss at p.
28 5).

///

In their reply, Plaintiffs seek to deconstruct the plain meaning of the words in the ordinance by isolating the individual words of the ordinance in an attempt to argue that the ordinance is unconstitutionally vague. (Reply at p. 8). Plaintiffs also list various activities which they contend are hypothetically prohibited under the ordinance without a permit. These scenarios all suffer from misstating the scope of the ordinance and are not relevant.[1] For Plaintiffs to contend that the ordinance bars emergency medical services is a gross misstatement. Emergency medical service providers clearly would not be subject to a permit under the ordinance since such services do not involve the solicitation or sale of any goods or services, and such services are not required to occur on park or beach property to complete the terms of the sale. There is also no support for Plaintiffs' allegations that discussions relating to goods and services are banned under the ordinance. The ordinance does not restrict speech and in such a circumstance, no goods or services are actually being sold and do not require the use of the City park or beach to complete the terms of sale or affect park/beach operations, or visitor safety. Further, there is no basis for Plaintiffs' allegations that the ordinance prevents public access to the beach without a permit. General access to the beach is not being regulated. Rather, the City is exercising its police power to regulate business activity on city property to promote governmental interests such as: limiting business activity so that its parks and beaches are not overrun with vendors, and protecting public safety by requiring that surfing instructors at its beach are properly insured. Contrary to Plaintiffs' assertions, the language of the City's ordinance is sufficiently clear to provide a person of ordinary intelligence an understanding of what is being regulated, such that the ordinance is not unconstitutionally vague or ambiguous as to its scope. *Village of Hoffman Estates v. Flipside*, 455 U.S. 489 (1982) (ordinance regulating commercial activity relating to illegal drug use valid as sufficiently clear).

### iii)  No Fourth Amendment Claim Due to Probable Cause.

---

[1] Plaintiffs cannot complain of the vagueness of the law as hypothetically applied to the conduct of others where Plaintiffs' conduct is clearly proscribed by the ordinance. *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 494-95 (1982).

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS                                    Page 4

1  Although Crowell's citation was initially upheld and then later reversed by the appellate
2  panel of the Superior Court, such reversal does not support Plaintiffs' contention that the
3  issuance of the citation lacked probable cause. (Reply at p.11).  The appellate panel simply
4  issued a Minute Order indicating that Crowell's infraction citation was reversed.  (*See*, Remittur
5  and Minute Order in *People v. Crowell*, Santa Cruz Superior Court, Appellate Case No.
6  AP001400,  true and correct copies of which are attached as Exhibit "J" to the Additional
7  Request for Judicial Notice, filed concurrently herewith).  The Minute Order reflects the absence
8  of a court reporter at the hearing and there is no transcript of the appellate court's reasoning.  As
9  such, there is no evidence to support Plaintiffs' suggestion that the appellate panel's reversal
10 demonstrates the lack of probable cause for issuing the citation.  Rather, Crowell's original
11 conviction is conclusive evidence of the existence of probable cause despite the later reversal on
12 appeal.  *Bealmer v. So. Cal. Edison Co. Ltd.*, 22 Cal. 2d 337, 340 (1943) ("conviction of a
13 defendant is conclusive evidence . . . of the existence of probable cause for the prosecution, even
14 though the conviction is reversed on appeal.")

15 Plaintiff Crowell thus cannot state a Fourth Amendment claim for being cited since his
16 arrest was based on probable cause.  As discussed *supra*, City Defendants had already informed
17 Plaintiffs that their conduct was in violation of the ordinance.  Despite the appellate panel's later
18 reversal of Crowell's citation, at the time of the initial citations, the City Defendants believed
19 that Plaintiffs were committing an offense by not complying with the ordinance's requirements.
20 Thus, City Defendants had probable cause to issue the citations without violating the Fourth
21 Amendment.  *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2000).

22

23 **iv)  Plaintiffs Fail to Overcome the Inadequacy of Their Due Process Claims.**

24 Plaintiffs cite the Fifth and Fourteenth Amendments as the basis for their contention that
25 they were denied due process rights to pursue their occupation.  The cases of *Hemet v. Benigni,*
26 879 F. 2d 473 (9th Cir. 1989) and *Freeman v. City of Santa Ana*, 68 F. 3d 1180 (9th cir. 1995)
27 cited by Plaintiffs do not support any constitutional claim under the Fifth Amendment. These
28 cases concerned police raids of bars that interfered with the plaintiffs' business.  These courts

indicated that protecting an interest in pursuing an occupation or profession was established under the Fourteenth Amendment's substantive due process clause. *Benigni* at 478, *Freeman* at 1189. As the Supreme Court explained: "[t]he touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v.Lewis*, 523 U.S. 833, 845, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). Plaintiffs are unable to meet their burden of establishing that the government has exercised its powers without any reasonable justification in the service of a legitimate governmental objective. *County of Sacramento* at 845-46.

Here, the City is empowered by state law to exercise its police power to license for revenue and regulation, with limited exceptions, every kind of lawful business in the City. Cal. Gov't Code § 37101(a); Cal. Bus & Prof. Code § 16000. The City may also adopt regulations designed to promote public health and safety. Cal. Const. Art. XI, § 7. A municipality's ability to regulate vendors was recognized as an aspect of municipal police power and is justified to the extent that it bears a reasonable relationship to public health, safety, morals, welfare and convenience. *See New Orleans v. Dukes,* 427 U.S. 297 (1976).

As part of enforcing SCMC § 13.10.010, the City issued requests for proposals to potential applicants interested in the concession contract. (*See*, Exhibits C and E attached to City Defendants' RJN). These requests and concession contracts evidence the City's interest in protecting public safety by requiring proof of insurance and licenses to operate, safe and good quality equipment and adequate teaching experience. Other than the concession contract, the ordinance requires a permit before vendors can engage in commercial activity at City parks and beaches. Such economic regulations have been constitutionally upheld despite any consequential anti-competitive effect. *See*, *New Orleans v. Dukes*, 427 U.S. 297 (1977) (limiting food vendors in city's historical area); *United States v. Carter*, 339 F. Supp. 1394, 1398-99 (D. Ariz. 1972) (ban on unlicensed boat operator inside state park); *Hispanic Taco Vendors v. City of Pasco*, 994 F. 2d 676, 680-81 (9th Cir. 1993) (city ordinance limiting vendors rationally related to interest in furthering public safety and failed to violate due process). As such, Plaintiffs cannot state a substantive due process claim. In their reply, Plaintiffs fail to refute Defendants' arguments regarding the absence of a viable procedural due process claim.

///

### v) Individual City Defendants Have Qualified Immunity.

Plaintiffs argue that the individual City Defendants are not entitled to qualified immunity because "there was total bad faith" on their part. (Reply at p. 12, ¶ D).

Even assuming that Plaintiffs can establish that the individual City Defendants violated a constitutional right, the individual City Defendants are entitled to qualified immunity on the basis that any such constitutional violation was not clearly established. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the answer is negative, the official is entitled to qualified immunity. *See, Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.").

Here, the purportedly offensive conduct by the individual City Defendants is their effort in defending and enforcing the City's ordinance. Despite Plaintiffs' differing opinion that the City's original ordinance did not apply to restrict them from teaching surfing at Cowell Beach and the court's reversal of Crowell's infraction citation, it is clear that the individual City Defendants were acting reasonably in enforcing the law in effect as enacted by the City Council. *Grossman v. City of Portland*, 33 F. 3d 1200, 1209 (9th Cir. 1994) (reliance on legal validity of duly enacted ordinance proper). There was no indication that the individual City Defendants were violating a constitutional right by enforcing the City's ordinance. As such, the individual City Defendants are entitled to qualified immunity from Plaintiff's alleged constitutional claims.

### B.    State Constitutional Claims Likewise Lack Merit.

Plaintiffs do not directly refute City Defendants' argument that their claim of a California Constitutional violation under Article X is not viable. Instead, Plaintiffs link the alleged federal constitutional claims with their fourth claim based on Article X of the California Constitution. As discussed in the moving papers, Article X gives no basis for imposing liability on the City Defendants. Further, there are no allegations supporting any violation of Article X, since this

clause simply authorizes the state to reserve or sell tidelands to a city. The City owns the tide and submerged lands which encompass Cowell Beach. (*See*, Exhibit A to City Defendants' RJN). As discussed, *infra*, the City has the power to enact regulations concerning its property in furtherance of the governmental interest.

### C. Defendants Acted With Probable Cause and Also Are Immune From Malicious Prosecution Claim.

As discussed in City Defendants' moving papers, the individual City Defendants are immune from a malicious prosecution claim under Government Code §821.6, and the City is correspondingly immune from liability under Government Code § 815.2(b). Additionally, Plaintiffs cannot state a malicious prosecution claim relating to Crowell's and Greiner's citations, as Plaintiffs will not be able to establish that the citations were issued without probable cause, an essential element in a malicious prosecution claim. *Casa Herrera, Inc.v. Beydoun*, 32 Cal. 4th 336, 341 (2004). Although Crowell's citation was reversed by the appellate court panel, his original conviction serves as conclusive evidence of the existence of probable cause despite the later reversal on appeal. *Bealmer v. So. Cal. Edison Co. Ltd.*, 22 Cal. 2d 337, 340 (1943) (no malicious prosecution claim despite appellate court's reversal of conviction since initial conviction served as evidence of probable cause to prosecute).

### D. Defendants Have No Liability for Alleged Anti-Competitive Activity.

In addition to the City Defendants' arguments raised in their moving papers, the individual City Defendants also cannot be held liable for violating Business & Professions Code §17200 or be held liable under unfair competition principles based on various immunities provided public employees under the Government Code. To the extent that Plaintiffs allege that citations were issued to benefit Club Ed's business, the City employees' decision to issue the citations qualify as discretionary acts for which they have immunity under Government Code

§820.2.[2] (*See*, *Watts v. County of Sacramento*, 136 Cal. App. 3d 232, 233 (1982) (county law enforcement officers immune from liability for exercising discretionary authority to arrest). The individual City Defendants are also immune from liability "in the execution or enforcement of any law." Gov't Code §820.4. To the extent that Plaintiffs argue that they or their business have been harmed by the individual City Defendants' prosecution of them under the ordinance, the City employees are immune from liability under Government Code § 821.6.[3] To the extent that Plaintiffs seek to impose liability for awarding the concession contract to Club Ed rather than to the Santa Cruz Surf School, such an act is also discretionary and the individual City Defendants who made the decision are immune from liability under Government Code § 820.2. (*See*, *Pacific Architects Collaborative v. State*, 100 Cal. App. 3d 110, 122 (1979) (evaluation of competitive bids by state employees is discretionary function and employees and state are respectively immune under Government Code sections 820.2 and 815.2). A public entity is also immune from liability for injury caused by the issuance or failure to issue any permit, license or certificate under Government Code § 818.4.[4] Finally, the City is also immune from liability under Government Code §815.2, where its employees are immune from liability.

### E. Plaintiffs' Conspiracy Claims Also Fail.

Since Plaintiffs have dismissed former defendant Ed Guzman and his business, Club Ed, from this action, all allegations of a conspiracy against the City Defendants must also be dismissed.

### F. No Declaratory/Injunctive Relief is Warranted.

---

[2] Gov't Code § 820.2 provides that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

[3] Gov't Code § 821.6 provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." *See*, *Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205 (1994) (immunity for acts committed by public employees during institution of judicial proceeding).

[4] Gov't Code §818.4 provides that "[a] public entity is not liable for an injury caused by the issuance, denial . . .of or by the failure or refusal to issue, deny . . . any permit, license . . . where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

1  Plaintiffs merely reference their insufficient pleadings in seeking declaratory and
2 injunctive relief.  They have failed to plead any basis for seeking such extraordinary relief, when
3 they are also seeking compensatory damages in their complaint.

## III.
## CONCLUSION

Plaintiffs have already amended their complaint voluntarily once and yet its deficiencies remain. Plaintiffs cannot cure these deficiencies even with another chance to amend because no liability can be imposed against the City Defendants. The City Defendants' acts were proper and in adherence to a constitutionally valid regulation which was enacted in the public's interest. The fact that the ordinance limits commercial activity to promote the public interest does not give rise to any basis for liability. Further, Plaintiff Greiner and his Surf School are also beneficiaries of the City's regulation in that they have a permit to operate their business at Cowell Beach. The fact that citations were previously issued to Crowell and to Greiner, with Crowell's citation being reversed does not constitute any wrongdoing by the City Defendants. There is also no basis to impose any liability against the City Defendants by Plaintiff Avary. As such, the City Defendants respectfully request dismissal of Plaintiffs' first amended complaint in its entirety.

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated: December 5, 2007         By: _____/S/_____
                                        Barbara H. Choi
                                        Attorney for Defendants CITY OF SANTA CRUZ, JOHN ALEXIOU DANNETTE SHOEMAKER AND CAROL SCURICH