***E-FILED 1/17/08*sentences**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DYLAN GREINER, et al.,

    Plaintiffs,

v.

CITY OF SANTA CRUZ, et al.,

    Defendants.

NO. C 07-02523 RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiffs are engaged in the business of providing surfing lessons in the waters off Cowell Beach in the City of Santa Cruz. They contend that the City and its employees named as defendants have favored a competing surfing school and have violated plaintiffs' constitutional rights as part of a campaign to impede and discourage them from offering surfing lessons. For the reasons set forth below, defendants' motion to dismiss will be granted in part and denied in part.

## II. BACKGROUND

Plaintiff Dylan Greiner owns and operates Santa Cruz Surf School. Plaintiff Alijah Crowell is one of Greiner's instructors. Plaintiff David Avary previously was an instructor, but claims to have quit as a result of the alleged harassment that is at issue in this litigation.

Plaintiffs allege that the City of Santa Cruz has a "special relationship" with Ed Guzman, who owns and operates "Club Ed"– a surfing school that competes with plaintiffs. Guzman and

1

Club Ed were named as defendants in this action, but have been voluntarily dismissed. There is no dispute that Club Ed has a concession contract with the City to provide surfing instruction at Cowell beach. Plaintiffs appear to be complaining that defendants have shown favoritism to Club Ed and have interfered with plaintiffs' rights to a greater degree than would simply be the natural result of Club Ed having a concession agreement while plaintiffs do not.[1]

Prior to April of 2007, Santa Cruz Municipal Code section 13.10.010 prohibited, among other things, any person from selling, "any goods, food, beverages or any other thing" on a public beach without a permit.  Plaintiffs contend that ordinance never applied to their conduct in providing surfing lessons at Cowell beach.   Nevertheless, according to plaintiffs, in or around June of 2005, defendant John Alexiou, a lifeguard employed by the City, began to harass plaintiffs "repeatedly" by "demanding payment for access across the beach to the ocean, den[ying] . . . access to the beach, threat[ing] citations . . . and by creat[ing] arbitrary and undefined areas of the beach and the water that could not be used by plaintiffs' students."  Plaintiffs allege they counted "45 incidents" of such "harassment."

In September of 2005, plaintiffs, through counsel, submitted a written complaint  to defendant Danettee Shoemaker, the Director of Parks and Recreation for the City.  Shortly thereafter, defendant Alexiou issued a citation to plaintiff Crowell for allegedly violating Santa Cruz Municipal Code section 13.10.010.  Greiner was subsequently cited under the same ordinance.

Plaintiffs allege that the City "unreasonably delayed" in submitting the citations to the court for prosecution.  When Crowell's case was eventually tried, a court commissioner found him guilty. The appellate division of the Superior Court reversed, however, and, according to plaintiffs, cautioned the city attorney that further citations under these circumstances would be unlawful.  The City then voluntarily dismissed the case against Greiner.

Thereafter, the City repealed the former section 13.10.010 and replaced it with an ordinance that undisputedly prohibits plaintiffs from offering surfing lessons at Cowell Beach without a permit. Plaintiffs apparently have applied for and have been granted such a permit, but they complain that it

---

[1] Other than providing factual background, it is not clear that the alleged acts of favoritism toward Club Ed have any remaining relevance under the claims plaintiffs are still pursuing.

2

1  imposes unreasonable restrictions on them, and that Club Ed can still effectively preclude them from
2  offering surfing lessons, apparently because the total number of surfers in the water is limited and
3  Club Ed has priority.

### III.  STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under FRCP 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). .

### IV.  DISCUSSION

Plaintiffs' first three numbered  claims are each brought under 42 U.S.C. § 1983, based on alleged violations of plaintiff's federal Constitutional rights.  The first claim for relief cites the First Amendment, the second cites the Fourth Amendment, and  third cites both the Fifth and Fourteenth Amendments.   As briefed and argued by the parties, this action involves two broad categories of claims. First, plaintiffs contend that defendants violated their rights during the time period when the *prior* ordinance was in effect.  Second, plaintiffs contend that the *new* ordinance is unconstitutional. It is not entirely clear which of the first three claims for relief go to each of these issues, although it appears that the first claim for relief may relate *only* to events under the prior ordinance, whereas the

3

second and third claims may be intended as challenges both to those prior events and to the validity of the revised ordinance.

In any event, defendants' arguments that plaintiffs fail to state a claim arising from the alleged acts of "harassment" and "retaliation" are unavailing. In essence, defendants contend that plaintiffs have admitted they provided surfing lessons without a permit, and that they necessarily would have received citations for doing so, regardless of whether they had complained to the City or not. See Reply Brief at 3:1-3. In so arguing, defendants read the complaint far too narrowly. Within the boundaries of Rule 8 of the Federal Rules of Civil Procedure, plaintiffs have adequately alleged an entire course of ongoing conduct by defendants that wrongfully targeted plaintiffs. To be sure, on the *merits*, defendants will have the opportunity to show they were doing nothing more than attempting in good faith to enforce a lawfully enacted ordinance, but that is not a matter that can be resolved at the pleading stage.[2]

Plaintiffs' challenge to the constitutionality of the revised ordinance, however, presents a different issue. Neither in the complaint nor in the briefing in opposition to this motion to dismiss do plaintiffs identify any defect on the face of the ordinance that would render it unconstitutional.[3] Plaintiffs seem to be arguing that, under the revised ordinance, they do not stand on equal footing with the City's concessionaire, Club Ed, but they have not articulated any reason why the City cannot enter into concession agreements, or why the City would be precluded from offering benefits to such concessionaires not on offer to others.

Plaintiffs also appear to be suggesting that there could be circumstances under which the new ordinance might have the effect of precluding them from conducting their business at all.

---

[2] Defendants cite *Bealmer v. So. Cal. Edison Co, Ltd.*, 22 Cal. 2d 337 (1943) for the proposition that a conviction is conclusive evidence of probable cause to prosecute, even if the conviction is reversed on appeal. From this, defendants argue that Crowell's initial conviction for violating the prior ordinance thereby bars plaintiffs' claims. Even assuming *Bealmer* would preclude a claim based solely on the citation issued to Crowell, the complaint alleges a broader range of potentially actionable conduct.

[3] Plaintiffs do offer an argument that the ordinance could be construed to apply to an almost endless number of factual scenarios and that it is therefore vague and overbroad. Plaintiffs' proffered reading of the ordinance is overly strained, however, and they have failed to show the ordinance is ambiguous or overreaching.

4

Specifically, plaintiffs suggest that Club Ed can effectively preclude others from offering surfing lessons if, by virtue of the number of Club Ed students at the beach, no additional surfing students are permitted. Even assuming such an effect would be actionable, however, plaintiffs have not alleged such circumstances have in fact come to pass. At the hearing, plaintiffs candidly acknowledged that their attack on the revised ordinance arguably is premature.

Whether the question is one of prematurity or otherwise, defendants are correct that plaintiffs have failed to allege a cognizable challenge to the validity of the revised ordinance. Accordingly, to the extent that any of the first three numbered claims for relief purport to challenge the revised ordinance, those claims are dismissed. This dismissal is without prejudice to any future challenge plaintiffs may bring to the revised ordinance in this or in a separate action, but no leave to amend is granted at this juncture. In the event plaintiffs wish to plead a basis for challenging the amended ordinance in this action, they must file a motion for leave to amend. Except to the extent set forth above, defendants' motion to dismiss the first three claims for relief is denied.

At the hearing. plaintiffs disclaimed any intent to pursue the fourth, fifth, and sixth claims for relief set out in the first amended complaint. Accordingly, those claims are hereby dismissed. Finally, the individual defendants argue that they are entitled to qualified immunity, even assuming they violated plaintiffs' constitutional rights. That argument, however, is also based on defendants' characterization of the facts as involving nothing more than a legitimate attempt to enforce duly-enacted ordinances. As noted above, the accuracy of that characterization is not something that can be determined at the pleading stage.

5

V.  CONCLUSION

The motion to dismiss is granted to the extent set forth above, and is otherwise denied.

IT IS SO ORDERED.

Dated: January 17, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
C 07-02523 RS

6

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Jeffrey Edward Barnes    szieber@abc-law.com

Rebecca Connolly    Rebecca.Connolly@grunskylaw.com, Alice.Wilkerson@grunskylaw.com

George J. Kovacevich    szieber@abc-law.com

Kate Wells    lioness@got.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/17/08**                                   **Richard W. Wieking, Clerk**

                                                **By:    Chambers**

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
C 07-02523 RS

7