George J. Kovacevich, SBN 48125
Barbara H. Choi, SBN 156088
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
333 Church Street
Santa Cruz, California 95060
Telephone: (831) 423-8383
Facsimile: (831) 423-9401

Attorneys for Defendants
CITY OF SANTA CRUZ, JOHN ALEXIOU,
DANNETTEE SHOEMAKER AND CAROL SCURICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL; ALIJAH K. CROWELL; DAVID M. AVARY;<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER JOHN ALEXIOU; DANETTEE SHOEMAKER; CAROL SCURICH; ED GUZMAN, CLUB ED, a California Corporation; and DOES ONE THROUGH TEN,<br><br>　　　　　　Defendants. | CASE NO. **C07-02523-RS**<br><br>**DEFENDANTS, CITY OF SANTA CRUZ, JOHN ALEXIOU, DANNETTEE SHOEMAKER, AND CAROL SCURICH'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants, City of Santa Cruz ("City"), Officer John Alexiou ("Alexiou"), Dannettee Shoemaker ("Shoemaker"), and Carol Scurich ("Scurich") (collectively "City Defendants") by and through their attorney of record, answer the First Amended Complaint in the above-entitled action filed on October 5, 2007 ("Complaint") as follows:

　　　　1.　　City Defendants admit that Plaintiffs are bringing this action under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988), and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Defendants deny that Plaintiffs are bringing this action under the Sherman Act, California Business & Professions Code section

1    17200, et seq., Article X of the California State Constitution, and California's common law of
2    unfair competition due to the dismissal of these claims. City Defendants further admit this court
3    has jurisdiction over the federal causes of action alleged pursuant to 42 U.S.C. Section 1983, but
4    deny jurisdiction over the other claims. Except as otherwise admitted, City Defendants deny
5    each and every allegation contained in Paragraph 1 of the Complaint.

6       2.   City Defendants admit venue is proper in the Northern District of California, San
7    Jose Division.

8       3.   City Defendants are without knowledge or sufficient information as to form a
9    belief as to the truth of the allegations of Paragraph 3 and on this basis deny these allegations.

10      4.   City Defendants admit the City is a local public entity situated in the State of
11   California and organized under a city charter and the laws of the State of California. Except as
12   otherwise admitted, City Defendants deny each and every allegation contained in Paragraph 4 of
13   the Complaint.

14      5.   City Defendants admit that the individually named City Defendants were
15   employed with the City, acted within the course and scope of their employment with the City.
16   City Defendants admit they are charged with enforcing City laws. City Defendants deny
17   Alexiou, Shoemaker, and Scurich were acting outside of the course and scope of their
18   employment in regards to all allegations in the Complaint. City Defendants are without
19   sufficient knowledge or information as to form a belief as to the truth of the remainder of the
20   allegations contained in Paragraph 5 of the Complaint, and on this basis deny the remaining
21   allegations.

22      6.   City Defendants admit Ed Guzman ("Guzman") owns and operates a surf school
23   in Santa Cruz. City Defendants is without sufficient knowledge or sufficient information as to
24   form a belief as to the truth of the allegation that Guzman's surf school is incorporated under the
25   name of Club Ed, and on this basis deny this allegation. City Defendants deny each and every
26   other allegation contained in Paragraph 6 of the Complaint. Moreover, plaintiffs have dismissed
27   Ed Guzman and Club Ed as defendants in this action, and on that basis, except as otherwise
28   admitted, City Defendants deny the allegations in this Paragraph.

1          7.     City Defendants are without sufficient knowledge or information as to form a
2  belief as to the truth of the allegations regarding the DOE Defendants contained in Paragraph 7
3  of the Complaint, and on this basis deny these allegations.

4          8.     City Defendants admit plaintiffs were teaching surfing lessons at Cowell's Beach
5  and that plaintiffs Crowell and Greiner were issued citations for teaching surfing lessons without
6  a permit.  City Defendants are without sufficient knowledge or information as to form a belief as
7  to the truth of the allegations that "[p]laintiffs at all time were properly licensed by the CITY and
8  in all other ways in compliance with the law to carry out the aforementioned business," and on
9  that basis deny these allegations.  Except as otherwise admitted, City Defendants deny the
10 remainder of the allegations contained in Paragraph 8 of the Complaint.

11         9.     City Defendants admit that the City has a license agreement with Club Ed to teach
12 surfing lessons at Cowell's Beach. City Defendants are without sufficient knowledge or
13 information as to form a belief as to the truth of the allegation that Club Ed directly competes
14 with the plaintiffs' business.  Except as otherwise admitted, City Defendants deny the remainder
15 of the allegations in Paragraph 9 of the Complaint.

16         10.    City Defendants admit that plaintiffs' counsel wrote a letter on or about
17 September 7, 2005, to which Scurich responded.  City Defendants further admit that plaintiffs'
18 counsel wrote a subsequent letter relating to SCMC Section 13.10.010.  City Defendants deny all
19 allegations regarding any alleged harassment and discrimination of plaintiffs.  Except as
20 otherwise admitted, City Defendants deny the remainder of the allegations in Paragraph 10 of the
21 Complaint.

22         11.    City Defendants are without sufficient knowledge or information as to form a
23 belief as to the truth of the allegations contained in Paragraph 11 of the Complaint relating to
24 Avary, and on this basis deny these allegations.  City Defendants deny all allegations relating to
25 an alleged harassment of plaintiffs, and further deny the remainder of the allegations in
26 Paragraph 11 of the Complaint.

27         12.    City Defendants deny the allegations in Paragraph 12 of the Complaint.
28         13.    City Defendants admit that John Alexiou, with the support of Scurich and

1  Shoemaker, issued a citation on September 22, 2005 against plaintiff Elijah Crowell for an
2  infraction violation of SCMC 13.10.010 for teaching surfing lessons without a permit. City
3  Defendants also admit that Alexiou issued a citation to plaintiff Dylan Greiner on or about April
4  11, 2006 for violation of the same ordinance. City Defendants are without sufficient knowledge
5  or information as to form a belief as to the truth of the allegations contained in Paragraph 13 of
6  the Complaint that Guzman and Alexiou are close friends who socialize both on the job and off
7  and on this basis deny these allegations. City Defendants deny the remainder of the allegations
8  in Paragraph 13 of the Complaint.

9      14.    City Defendants admit that the traffic commissioner found Crowell "guilty of
10 violating the previously cited municipal code section," as alleged in paragraph 14 of the
11 Complaint. City Defendants also admit that plaintiff Crowell appealed the ruling and on or about
12 August 17, 2006, the appellate panel reversed the lower court's decision. City Defendants
13 further admit that the City dismissed the case against plaintiff Greiner. City Defendants are
14 without sufficient knowledge or information as to form a belief as to the truth of the remaining
15 allegations and on this basis deny the remainder of the allegations in Paragraph 14 of the
16 Complaint.

17      15.    City Defendants deny the allegations in Paragraph 15 of the Complaint.

18      16.    City Defendants are without sufficient knowledge or information as to form a
19 belief as to the truth of the allegations contained in Paragraph 16 of the Complaint regarding
20 plaintiffs' counsel's written request on September 30, 2006, and that Greiner documented many
21 breaches of said agreement and reported at least one such breach to the Santa Cruz Police
22 Department, and on this basis deny these allegations. City Defendants deny the remainder of the
23 allegations in Paragraph 16 of the Complaint.

24      17.    City Defendants admit the allegations in Paragraph 17 of the Complaint, without
25 the added emphasis.

26      18.    City Defendants admit the specific permit requirements associated with teaching
27 surfing lessons at Cowell's Beach, as alleged in paragraph 18 of the Complaint. City Defendants
28 also admit that sometime after the enactment of the new ordinance, Greiner was issued a citation

1  for violating the ordinance. City Defendants deny the remainder of the allegations in Paragraph
2  18 of the Complaint.
3      19.    City Defendants are without sufficient knowledge or information as to form a
4  belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on this
5  basis deny these allegations.
6      20.    City Defendants deny the allegations in Paragraph 20 of the Complaint.
7      21.    City Defendants deny the allegations in Paragraph 21 of the Complaint.
8      22.    City Defendants deny the allegations in Paragraph 22 of the Complaint.
9      23.    City Defendants admit the allegations in Paragraph 23 of the Complaint.
10     24.    City Defendants incorporate herein the above responses in Paragraphs 1 through
11  23 in response to Paragraph 24 of the Complaint.
12     25.    City Defendants deny the allegations in Paragraph 25 of the Complaint.
13     26.    City Defendants deny the allegations in Paragraph 26 of the Complaint.
14     27.    City Defendants deny the allegations in Paragraph 27 of the Complaint.
15     28.    City Defendants deny the allegations in Paragraph 28 of the Complaint.
16     29.    City Defendants incorporate herein the above responses in Paragraphs 1 through
17  28 in response to Paragraph 29 of the Complaint.
18     30.    City Defendants deny the allegations in Paragraph 30 of the Complaint.
19     31.    City Defendants deny the allegations in Paragraph 31 of the Complaint.  Further,
20  this allegation is dismissed from the Complaint pursuant to the Court's Order on City
21  Defendants' Motion to Dismiss.
22     32.    City Defendants deny the allegations in Paragraph 32 of the Complaint.
23     33.    City Defendants incorporate herein the above responses in Paragraphs 1 through
24  32 in response to Paragraph 33 of the Complaint.
25     34.    City Defendants deny the allegations in Paragraph 34 of the Complaint.
26     35.    City Defendants deny the allegations in Paragraph 35 of the Complaint.
27     36.    City Defendants deny the allegations in Paragraph 36 of the Complaint.
28     37.    City Defendants do not answer the allegations in Paragraphs 37 through 47

1 relating to the Fourth through Sixth Claims for Relief, since such allegations have been
2 dismissed by the Court's Order on the City Defendants' Motion to Dismiss.
3       38.    City Defendants incorporate herein the above responses in Paragraphs 1 through
4 37 in response to Paragraph 48 of the Complaint.
5       39.    City Defendants deny the allegations in Paragraph 49 of the Complaint.
6       40.    City Defendants deny the allegations in Paragraph 50 of the Complaint.
7       41.    City Defendants are without sufficient knowledge or information as to form a
8 belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and on this
9 basis deny these allegations.
10       42.    City Defendants deny all of the allegations in the Prayer for Relief.  Further,
11 Plaintiffs cannot seek "a judgment declaring SCMU 13.10.010 to be unconstitutional as violative
12 of plaintiffs' constitutional, common law and statutory rights," as inconsistent with the Court's
13 Order on City Defendants' Motion to Dismiss.
14       43.    City Defendants deny each and every other allegation of the Complaint, except
15 those expressly admitted.

### FIRST AND SEPARATE AFFIRMATIVE DEFENSE

17       44.    City Defendants allege that the Complaint fails to state a cause of action upon
18 which relief can be granted.

### SECOND AND SEPARATE AFFIRMATIVE DEFNSE

20       45.    City Defendants allege that plaintiffs' damages, if any, were caused in whole or in
21 party by plaintiffs and/or by parties other than City Defendants, and that any such liability of
22 plaintiffs and/or other third parties comparatively reduces or eliminates the percentage of
23 liability, if any, of the City Defendants.

### THIRD AND SEPARATE AFFIRMATIVE DEFENSE

25       46.    City Defendants allege that any and all acts or omissions of City Defendants or of
26 their employees and/or agents were reasonable and in good faith, and not in violation of any
27 constitutional rights of plaintiffs at all relevant times.
28 ///

FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

47. City Defendants allege that any and all acts or omissions of City Defendants or of their employees and/or agents were in good faith, without any intent to deprive plaintiffs of constitutional rights or other injury, and Defendants Alexiou, Shoemaker, and Scurich are entitled to absolute and qualified immunity pursuant to Federal law.

FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

48. City Defendants allege that they are not liable on any causes of action already dismissed by plaintiffs and/or by the Court.

SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

49. City Defendants allege that they are not liable for plaintiffs' alleged civil rights violations as plaintiffs were not aggrieved by any unconstitutional custom, policy, or practice.

SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

50. City Defendants allege that plaintiffs' claims are barred for failure to exhaust their administrative remedies.

EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

51. City Defendants allege that plaintiffs failed to mitigate their alleged damages, if any.

NINTH AND SEPARATE AFFIRMATIVE DEFENSE

52. City Defendants allege that plaintiffs are not entitled to declaratory and/or injunctive relief as plaintiffs seek an adequate remedy at law.

TENTH AND SEPARATE AFFIRMATIVE DEFENSE

53. City Defendants allege that the sole and/or proximate cause of plaintiffs' purported damages as stated in the Complaint, was due to the negligent and/or intentional conduct of plaintiffs.

ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

54. City Defendants allege that plaintiffs had actual and/or constructive knowledge of the City's rejection of Santa Cruz Surf School's bid for a concession contract.

///

TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE

55. City Defendants allege that there is no proximate causation to link the alleged injuries complained of by plaintiffs with any actions on the part of the City Defendants, if any, as alleged in the Complaint. As such, City Defendants are not liable for the purported injuries complained of.

THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

56. City Defendants allege that plaintiffs' claims are barred by collateral estoppel and/or res judicata.

FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

57. City Defendants allege that plaintiffs' claims are barred by the doctrine of laches and/or unclean hands.

FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

58. City Defendants allege that the complaint is stated in conclusory terms and therefore City Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, City Defendants hereby reserve their collective and individual rights to add additional affirmative defenses if and to the extent such affirmative defenses are applicable.

WHEREFORE, City Defendants pray that:

    1. Plaintiffs take nothing by reason of their complaint;

    ii. That City Defendants be awarded their costs of suit; and

    iii. That City Defendants be awarded all reasonable attorneys' fees pursuant to 42 U.S.C. section 1988, and for such other and further relief as the Court may deem proper.

Dated: February 1 2008

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

By: _____/S/_____
Barbara H. Choi
Attorneys for Defendants
CITY OF SANTA CRUZ, JOHN ALEXIOU, DANNETTEE SHOEMAKER AND CAROL SCURICH