1 | Kate Wells, SBN 107051
2600 Fresno Street
2 | Santa Cruz, California 95062
Telephone: (831) 479-4475
3 | Facsimile: (831) 479-4476
Email: lioness@got.net
4
5 | David K. Meyberg, SBN 236636
223 Walnut Avenue, Suite D
Santa Cruz, California 95060
6 | Telephone: (831) 469-4509
Facsimile: (831) 469-4509
7 | Email: david_meyberg@hotmail.com

8 | Attorney for Plaintiffs
DYLAN GREINER, individually and dba SANTA CRUZ
9 | SURF SCHOOL, ELIJAH K. CROWELL, DAVID M. AVARY

10

11 | George J. Kovacevich, SBN 48125
Barbara H. Choi, SBN 156088
12 | **ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
13 | 333 Church Street
Santa Cruz, California 95060
14 | Telephone: (831) 423-8383
Facsimile: (831) 423-9401
15 | Email: bchoi@abc-law.com

16 | Attorneys for Defendants
CITY OF SANTA CRUZ, JOHN ALEXIOU,
17 | DANNETTEE SHOEMAKER AND CAROL SCURICH

18

19 | UNITED STATES DISTRICT COURT

20 | NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN GREINER, individually and dba SANTA CRUZ SURF SCHOOL; ALIJAH K. CROWELL; DAVID M. AVARY;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER JOHN ALEXIOU; DANETTEE SHOEMAKER; CAROL SCURICH; and DOES ONE THROUGH TEN,<br><br>Defendants. | E-FILED CASE<br>CASE NO. **C07-02523-RS**<br><br>JOINT CASE MANAGEMENT CONFERENCE<br><br>Case Management Conference<br><br>Date: March 19, 2008<br>Time: 2:30 p.m.<br>Courtroom 4, 5th Floor |

Joint Case Management Conference Statement                                                                 Page 1

Plaintiffs Dylan Greiner, individually and dba Santa Cruz Surf School, Elijah K. Crowell, David M. Avary, and Defendants City of Santa Cruz, John Alexiou, Dannettee Shoemaker, and Carol Scurich, parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order, and request the Court to adopt it as its Case Management Order in this case. Counsel of record for Plaintiffs and Defendants, held their Rule 26(f) meet and confer to jointly prepare this statement.

**I.     Jurisdiction and Service.**

The parties agree that the federal court has jurisdiction over this action brought under 42 U.S.C. § 1983, and that venue is proper. All parties have been served.

**II.    Description of the Case.**

**1.     Brief Chronology of the Facts:**

Plaintiffs filed this civil rights action alleging that the City of Santa Cruz and its employees (collectively, the "City Defendants") harassed plaintiffs Dylan Greiner, Elijah Crowell and David Avary when they were engaged in teaching surfing lessons at a public beach called Cowell's Beach in Santa Cruz. Plaintiffs contend this harassment is motivated by the City favoring the City's concessionaire, Club Ed, which competes with plaintiffs' surfing program, the Santa Cruz Surf School.

The City issued citations against Elijah Crowell (September, 2005) and also Dylan Greiner (April, 2006) for teaching surfing lessons at Cowell's Beach without a permit, pursuant to the City's ordinance. The traffic court referee found Elijah Crowell guilty of an infraction. Crowell appealed before the appellate panel of the Santa Cruz Superior Court. The Superior Court reversed and ruled in Crowell's favor. The City dismissed the citation charge against Greiner. Effective May, 2007, the City's amended ordinance clarifies the permit requirement to engage in commercial activity at its parks and beaches.

**2.     Principal Factual Issues in Dispute:**

a.   Whether the City harassed Plaintiffs.

b.   Whether the City's citations against Crowell and Greiner were motivated by an attempt to enforce the City's ordinance or motivated by ill-will

towards them.

    c.    Whether or not Plaintiffs were engaged in activity covered by the ordinance under which Plaintiffs were cited.

    d.    Whether or not the Plaintiffs suffered damages and if so, the extent of the damages.

## III. Legal Issues:

**Legal Contentions.**

**1a)** **Plaintiffs' Position on First Cause of Action for 1st Amendment Violation:**

Plaintiffs allege harassment by City Defendants in their issuing citations in an alleged retaliation for Plaintiffs engaging in political activity and exercising their freedom of speech and association.

**1b)** **City Defendants' Position on First Cause of Action:**

Their act of issuing citations was a legitimate attempt to enforce the City's ordinance and there was no retaliatory motive. Further, City Defendants dispute Plaintiffs' contention that Plaintiffs' were engaged in any protected First Amendment activity.

**2a)** **Plaintiffs' Position on Second Cause of Action for 4th Amendment Violation:**

Plaintiffs allege unlawful harassment and seizure due to citations. Plaintiffs allege that it is clear on the face of the ordinance that there was no legal basis or probable cause for the citations issued and the appellate court agreed with the plaintiffs. Under the holding in the seminal U.S. Supreme Court case of *Heck v. Humphrey,* 512 U.S. 477 (1994), the fact that a criminal defendant is initially found guilty by a trial court is not dispositive of the issue of whether or not there was probable cause for the arrest (or the citation herein). All that is necessary to challenge the issue of the existence of probable cause is that an appellate court has overturned the conviction. It is plaintiffs' position that the 1994 decision of the U.S. Supreme Court regarding an alleged violation of the U.S. Constitution supercedes and is controlling over the 1943 California Supreme Court case cited by defendants. Plaintiffs allege that this is especially true when the original trial court was presided over by a traffic referee and not a judge.

**2b)  City Defendants' Position on Second Cause of Action:**

City Defendants had probable cause to issue citations to enforce the City's ordinance and did not violate the 4th Amendment. The appellate panel's reversal does not demonstrate the lack of probable cause for issuing the citation. Rather, Crowell's original conviction is conclusive evidence of the existence of probable cause despite the later reversal on appeal. *Bealmer v. So. Cal. Edison Co. Ltd.*, 22 Cal. 2d 337, 340 (1943) ("conviction of a defendant is conclusive evidence . . . of the existence of probable cause for the prosecution, even though the conviction is reversed on appeal.").

**3a)  Plaintiffs' Position on Third Cause of Action for 5th/14th Amendment Violations:**

Plaintiffs allege violation of their substantive due process rights to pursue their occupation as a result of the City Defendants' alleged harassment. Since the ordinance under which Plaintiffs were cited does not relate to Plaintiffs' activity, Plaintiffs allege that the citations were issued for the purpose of interfering in Plaintiffs' lawful business in violation of Plaintiffs' right to pursue their occupation. Even assuming arguendo that City has the right to exercise its police powers, the ordinance under which Plaintiffs were cited does not apply to the conduct of the Plaintiffs as was found by the appellate court panel of judges and hence the City had not, at the time of the citations, adopted a regulation which applied to the Plaintiffs' conduct. Plaintiffs deny that the City defendants are entitled to qualified immunity and nevertheless, such immunity does not extend to the City.

**3b)  City Defendants' Position on Third Cause of Action:**

City Defendants contend their conduct was proper in enforcing the City's ordinance. The City is empowered by state law to exercise its police power to license for revenue and regulation, with limited exceptions, every kind of lawful business in the City. Cal. Gov't Code § 37101(a); Cal. Bus & Prof. Code § 16000. The City may also adopt regulations designed to promote public health and safety. Cal. Const. Art. XI, § 7. A municipality's ability to regulate vendors was recognized as an aspect of municipal police power and is justified to the extent that it bears a reasonable relationship to public health, safety, morals, welfare and convenience. *See New*

*Orleans v. Dukes,* 427 U.S. 297 (1976).

The City Defendants also contend that the individual City Defendants are entitled to qualified immunity from Plaintiffs' alleged constitutional claims, since they were enforcing the City's ordinance, the law that was enacted by the City Council.

### IV. Motions.

Plaintiffs voluntarily dismissed defendants Club Ed and Ed Guzman from the First Amended Complaint.

City Defendants filed a motion to dismiss to Plaintiffs' First Amended Complaint. This Court granted the City Defendants' motion with respect to Plaintiffs' constitutional challenge to the validity of the revised ordinance. Plaintiffs voluntarily agreed to dismiss all the state law claims. Only the first three federal legal claims remain, as identified above.

City Defendants anticipate filing a motion for summary judgment on the remaining federal law claims.

### V. Amendment of Pleadings.

The parties do not anticipate any further amendment of the pleadings.

### VI. Evidence Preservation.

The parties are in good faith preserving evidence relevant to the issues in this case.

### VII Disclosures.

Plaintiffs have not yet provided their initial disclosures but anticipate compliance with this requirement by the date of the case management conference.

City Defendants have fully and timely complied with the initial disclosure requirements of Federal Rule of Civil Procedure, Rule 26.

### VIII. Discovery.

The parties have not yet conducted discovery. The parties anticipate written discovery requests and depositions.

The parties propose the following discovery plan:

1. No changes at this time to limitations provided in the applicable rules, except as provided herein.

      2.       Expert disclosure by September 15, 2008.

      3.       Regular discovery completed by September 30, 2008.

      4.       Expert depositions completed by October 24, 2008.

**IX.   Class Actions.**

Not applicable.

**X.   Related Cases.**

None.

**XI.   Relief.**

Plaintiff suffered loss of business and attorney's fees and damages to his reputation. Calculation of damages is ongoing. Plaintiffs will provide a final figure when it is available.

**XII.   Settlement and ADR.**

The parties anticipate the need, and will request the court, for a settlement conference when a sufficient amount of discovery is completed to make such a conference worth the court's and the parties' time.

**XIII.   Consent to Magistrate Judge for All Purposes.**

The parties have consented to a magistrate judge for all purposes.

**XIV.   Other References.**

Not applicable.

**XV.   Narrowing of Issues.**

Not applicable.

**XVI.   Expedited Schedule.**

Not applicable.

**XVII.   Scheduling.**

The parties propose the following schedule -

| Date | Event |
|---|---|
| September 15, 2008 | Disclose Experts |
| September 30, 2008 | Discovery cutoff |
| October 24, 2008 | Discovery cutoff for experts |
| December 17, 2008 | Deadline for filing dispositive motions |
| January 28, 2009 | Deadline for hearing of dispositive motions |
| March 18, 2009 | Preliminary pretrial conference |

| | |
|---|---|
| April 22, 2009 | Meet and Confer deadline to prepare joint final pretrial conference statement and coordinated submission of trial exhibits |
| May 20, 2009 | Filing joint final pretrial conference statement and proposed order; lodging exhibits; filing in limine motions |
| June 3, 2009 | Opposition to motions in limine due |
| June 17, 2009 | Final Pretrial Conference |
| July 8, 2009 | Trial Date |

## XVIII.  Trial.

Plaintiff requests a jury trial and expects the duration of the trial to be about 3-4 days.

## XIX.  Disclosure of Non-party Interested Entities or Persons.

None of the parties have yet filed the "Certification of Interested Entities or Persons" in accordance with Civil Local Rule 3-16. Nevertheless, the parties certify that they are informed and believe that no non-party entities or persons have any financial or other interest in this proceeding other than that of the named parties to this action.

## XX.  Other Matters Facilitating Case Efficiency.

Not applicable.


Respectfully submitted,


LAW OFFICE OF KATE WELLS


Dated: March 12, 2008       By:  _____/s/_____
                                 KATE WELLS
                                 Attorney for Plaintiffs DYLAN GREINER, ELIJAH
                                 K. CROWELL, DAVID M. AVARY



ATCHISON, BARISONE, CONDOTTI & KOVACEVICH


Dated: March 12, 2008       By:  _____/s/_____
                                 BARBARA H. CHOI
                                 Attorneys for Defendants
                                 CITY OF SANTA CRUZ, JOHN
                                 ALEXIOU, DANNETTEE SHOEMAKER,
                                 CAROL SCURICH

## **ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court, as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders as follows:

Dated: _____        _____
                                       HONORABLE RICHARD SEEBORG
                                       UNITED STATES MAGISTRATE JUDGE

### SIGNATURE CERTIFICATION

I, Barbara H. Choi, hereby attest that the original signature of Kate Wells is affixed to the original of this document and that said original document is located in the Offices of Atchison, Barisone, Condotti & Kovacevich, 333 Church Street, Santa Cruz, CA 95060.

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated: March 12, 2008        By: _____/s/_____
                                  BARBARA H. CHOI